UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>　　　　　　　Defendant. | Case No.: 17cv1375-DMS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S RESPONSE TO QUALCOMM'S REQUEST FOR PRODUCTION NO. 133 (THIRD SET)**<br><br>**[ECF No. 220]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on June 19, 2018. (ECF No. 220). The Joint Motion presents Qualcomm's motion to compel a further response from Apple to a single Request for Production ("RFP") relating to products not yet released into commerce.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in

evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

Qualcomm's RFP No. 133 (Third Set) requests Apple to produce all documents and communications regarding uplink carrier aggregation in the accused products. The dispute pertains to documents regarding this functionality in products not yet released. Qualcomm asserts that any testing of this functionality may infringe a patent-in-suit. Apple counters

that the products remain in the design and testing phase and that these unreleased products are not alleged to be infringing. Apple contends that it has produced substantial discovery regarding future products.

The Court finds Apple's arguments persuasive that these products are not sufficiently developed for discovery of this nature to be appropriate and are not properly alleged as infringing. Apple's objection to further production is SUSTAINED.

## CONCLUSION

Qualcomm's motion to compel a further response to its RFP No. 133, Third Set, as presented in this Joint Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:   June 27, 2018

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge