UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>                    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>                    Defendant. | Case No.:  17cv1375-DMS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING QUALCOMM'S RESPONSES AND OBJECTIONS TO APPLE'S THIRD SET OF REQUESTS FOR PRODUCTION (48-56) AND INTERROGATORIES (9-11)**<br><br>**[ECF No. 260]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on July 19, 2018. (ECF No. 260).  The Joint Motion presents Apple's motion to compel further responses from Qualcomm to nine Requests for Production ("RFP") and three Interrogatories relating to Qualcomm's Gobi UNDP chips and devices.

# **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the

17cv1375-DMS-MDD

part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

In their briefs, the parties did not address independently each Interrogatory and RFP at issue. The parties present this dispute as a single problem: Whether Qualcomm's responses are sufficient in describing and producing documents regarding the implementation and sale of modems and products using a "flashless boot protocol." Qualcomm argues that it has and is continuing to produce information consistent with its understanding of Apple's requests. Apple complains that Qualcomm's responses and production fail to identify the specific "Gobi 1000 and Gobi 2000" products that implemented the relevant boot protocol. (ECF No. 260-1 at 5).

A consistent theme in the various disputes between these parties in this case and in other cases between these parties assigned to this Court, is the service of dramatically overbroad RFPs and Interrogatories which, when finally narrowed through the meet and confer process, or during a discovery hearing, end up bearing little resemblance to the original. Here, Apple now appears to be asking a rather straightforward question and Qualcomm asserts that it is answering that question. The Court cannot discern whether there is a real dispute here or this is just another example of lawyers behaving badly. It continues to boggle the mind that if a party wants a specific question answered and certain documents produced, counsel bury

that in complex and overbroad requests. On the other hand, simple answers often are preceded by boilerplate objections and promises to produce relevant, non-privileged information. Oftentimes, like here, it is not apparent whether the question, as now posed, has been answered and responsive documents produced.

These parties need to sharpen their practice if they desire solid direction and rulings from the Court. The Court is not convinced that the parties effectively have communicated their needs and limitations to each other. Nor have the parties provided to the Court clear arguments regarding each disputed discovery request. It is not obvious, based upon a review of the actual Interrogatories and RFPs that there really is just one question extant. For example, Interrogatory 9 relates to devices sold or offered for sale in the U. S. prior to March 10, 2010. This certainly seems to fit within the single question that the parties claim is at the heart of this dispute. But, Interrogatory 11 asks for the identities of three persons at Qualcomm most knowledgeable about the boot procedure. It seems that Interrogatory 11 can be answered regardless of the answer to Interrogatory 9, but the parties lumped everything together. The parties need to return to the conference table.

## **CONCLUSION**

Apple's motion to compel, as presented in this Joint Motion, is **DENIED WITHOUT PREJUDICE.** The parties are instructed to meet and confer

//

//

//

//

//

again and may bring a new joint motion within 2 weeks of this Order. If a new joint motion is filed, the parties must clearly state their positions regarding each Interrogatory and RFP that remains in dispute.

**IT IS SO ORDERED.**

Dated: August 22, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge

17cv1375-DMS-MDD