HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Frank J. Albert, SBN 247741, albert@fr.com
Joanna M. Fuller, SBN 266406, jfuller@fr.com
Robert M. Yeh, SBN 286018, ryeh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, appearing *pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, appearing *pro hac vice*, degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W. Suite 1000
Washington, D.C. 20024
Phone: 202-783-5070 / Fax: 202-783-2331

Mark D. Selwyn, SBN 244180, mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: 650-858-6000 / Fax: 650-858-6100

[Additional counsel listed in signature block on last page.]

Attorneys for *Defendant/Counterclaim-Plaintiff APPLE INC.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| QUALCOMM INCORPORATED, | Case No. 3:17-CV-1375-DMS-MDD |
|---|---|
| Plaintiff, | **APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS DAUBERT MOTION TO EXCLUDE TESTIMONY OF DRS. PRINCE, KENNEDY, BROGIOLI, AND KELLEY** |
| v. | |
| APPLE INCORPORATED, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | **FILED UNDER SEAL** |

Case No. 3:17-CV-1375-DMS-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

## TABLE OF CONTENTS

I.    BACKGROUND ................................................................................. 1

   A.   Qualcomm's Damages Expert Reports ..................................... 2

      1.   The '490, '558, and '936 Patents.................................... 2

      2.   The '949 Patent.............................................................. 4

      3.   ███████████████████████ .................................. 5

   B.   Dr. Brogioli's Opinions............................................................ 6

      1.   ████████████████████████████ .................. 6

      2.   █████████████████████████████████████ 6

      3.   ████████████████████████████ .................. 7

   C.   Dr. Kelley's Opinions.............................................................. 8

II.   LEGAL STANDARDS ....................................................................... 9

III.  ARGUMENT...................................................................................... 9

   A.   The Court Should Exclude Dr. Prince's Survey Results........................... 9

      1.   The Survey Results Are Not Tied to the Claims........................... 9

      2.   The Survey Results Are Not Apportioned................................... 12

   B.   The Court Should Exclude Dr. Kennedy's Opinions............................. 14

      1.   ████████████████████████████
           ████████████████ ................................................ 15

      2.   The Court Should Exclude Dr. Kennedy's
           Opinions that Rely on the Prince Survey Results ....................... 17

      3.   ████████████████████████████
           ████████████ ........................................................... 17

   C.   The Court Should Exclude Dr. Brogioli's Opinions............................. 18

      1.   Dr. Brogioli's Opinions Are Irrelevant and Not
           Helpful....................................................................................... 19

      2.   Dr. Brogioli's Opinions Are Not Proper Expert
           Testimony................................................................................... 20

ActiveUS 170715085v.1

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

D.     The Court Should Exclude Dr. Kelley's "Power Savings" Opinions ......................................................................... 22

IV.    CONCLUSION ...................................................................... 23

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Biscotti Inc. v. Microsoft Corp.*,
No. 2:13-CV-01015-JRG-RSP, 2017 WL 2536962 (E.D. Tex. May 18,
2017) ........................................................................................................ 16

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys.*,
809 F.3d 1295 (Fed. Cir. 2015) ........................................................... 14

*Competitive Edge, Inc. v. Staples, Inc.*,
763 F. Supp. 2d 997 (N.D. Ill. 2010) .................................................. 17

*Daubert v. Merrell Dow Pharm. Inc.*,
43 F.3d 1311 (9th Cir. 1995) ............................................................... 20

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ......................................................... 9, 10, 19, 20

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
879 F.3d 1299 (Fed. Cir. 2018) ........................................................... 12

*Fractus, S.A. v. Samsung*,
No. 6:09-CV-203-LED-JDL, 2011 WL 7563820 ............................... 9, 10, 11

*Good Tech. Corp. v. Mobileiron, Inc.*,
No. 5:12-CV-05826-PSG, 2015 WL 4090431 (N.D. Cal. July 5, 2015) ................... 16

*Limelight Networks, Inc. v. XO Comm'ns, LLC*,
No. 3:15-CV-720-JAG, 2018 WL 678245 (E.D. Va. Feb. 2, 2018) ..................... 5, 16

*NetAirus Techs., LLC v. Apple, Inc.*,
No. LACV1003257, 2013 WL 12322092 (C.D. Cal. Oct. 23, 2013) ................. 10, 11

*In re Novatel Wireless Sec. Litig.*,
No. 08-cv-1689-AJB (RBB), 2011 WL 5827198 (S.D. Cal. Nov. 17,
2011) ........................................................................................................ 20

*Numatics, Inc. v. Balluff, Inc.*,
66 F. Supp. 3d 934 (E.D. Mich. 2014) ................................................. 16

*Oracle Am., v. Google Inc.*,
No. C 10-3561, 2012 WL 850705 (N.D. Cal. Mar. 13, 2012) ..................... 13

iii

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

*Politte v. United States*,
    No. 07CV1950 AJB WVG, 2011 WL 2149917 (S.D. Cal. June 1, 2011) ............ 19, 20

*Riles v. Shell Expl. & Prod. Co.*,
    298 F.3d 1302 (Fed. Cir. 2002) ........................................................................ 12

*Shalaby v. Irwin Industrial Toll Co.*,
    No. 07-cv-2107-MMA (BLM), 2009 WL 7452756 (S.D. Cal. July 28,
    2009) ........................................................................................................ 19, 20

*TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*,
    No. 15-cv-2370 ................................................................................................ 13

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ........................................................................ 15

*Virnetx, Inc. v. Cisco Sys., Inc.*,
    767 F.3d 1308 (Fed. Cir. 2014) ........................................................................ 15

*Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*,
    No. 10-cv-10578, 2016 WL 5956325 (E.D. Mich. Oct. 14, 2016) .............................. 13

**Other Authorities**

Fed. R. Evid. 702 ............................................................................................. 9, 19, 20

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Apple respectfully requests that the Court exclude the opinions of Qualcomm's experts Drs. Jeffrey Prince, Patrick Kennedy, Michael Brogioli, and Arthur Kelley, which are unmoored from the facts, circumstances, and asserted claims of this litigation.  Dr. Kennedy's opinions rely on a flawed survey, an unrealistic analysis of how Apple and Qualcomm would have split the incremental profits allegedly attributable to the asserted patents, and an unreliable estimate of the cost of adding a flash memory component to the accused products.  Dr. Prince's opinions relate to that flawed survey, which neither is tied to the patented technology nor does it apportion between the patented and unpatented features.  Dr. Brogioli's opinions merely summarize documents on topics regarding which he has no specialized knowledge and are not tied to the claims and defenses in this case.  And Dr. Kelley's opinions lack a nexus to the '558 patent's claimed invention, and instead compare power savings from two prior art techniques.  These opinions are unreliable, irrelevant, and should be excluded.

## I.     BACKGROUND

In this litigation, Qualcomm now accuses Apple of infringing four patents:

**U.S. Patent No. 8,698,558**: The '558 patent relates to an alleged improvement to prior art envelope tracking ("ET") technology.  The prior art also taught an "average power tracking" ("APT") approach, which is different from the allegedly inventive '558 approach to envelope tracking.[1] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**U.S. Patent No. 8,633,936**: The '936 patent generally relates to "mixed-precision" processor architectures, and specifically to the use of a separate instruction to

---

[1] **APT** generates a power amplifier supply voltage based on a signal indicating the largest amplitude of the envelope of the power amplifier output signal in different time intervals. ('558 patent at 4:10-16).  **ET** generates a power amplifier supply voltage based on an envelope signal indicative of the envelope of the power amplifier output signal. (*Id.* at 4:21:26.)

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

convert the precision of graphics data in such a processor. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████     ██████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████

**U.S. Patent No. 9,535,490**:  The '490 patent relates to the timing of uplink and downlink data transmissions over the bus connecting the modem processor and application processor. ████████████████████████████████

████████████████████████████████████████████████████

**U.S. Patent No. 8,838,949**:  The '949 patent relates to a particular way for performing "flashless boot," which involves "booting up a secondary processor that does not have its own non-volatile memory to store the system image."  (Dkt. 1 [Complaint] at 13.) ████████████████████████████████████████

████████████████████████████████████

### A.    Qualcomm's Damages Expert Reports

Qualcomm's damages expert, Dr. Kennedy, has opined on the reasonable royalty that he believes Qualcomm should receive for the four asserted patents.

### 1.    The '490, '558, and '936 Patents

Dr. Kennedy begins with the '490, '558, and '936 patents (collectively, "Component Power Patents"), which Qualcomm contends result in power savings at the component level.  Dr. Kennedy sought to "████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[2] ██████████████████████████████████████████████████

████████████████████████████████████████████████

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Dr. Kennedy relied completely on the results of Dr. Prince's conjoint survey to determine these "price premiums."

Dr. Prince's survey was ostensibly intended to measure

3

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1    ██████████████████████████████████████

2    ████

3    ███████████████████████████████████

4    ██████████████████████████████████████

5    ██████████████████████████████████████

6    ████ ███████████████████████████████

7    ████████████████████████████

8   

9    ████████████████████████████████████

10

11

12

13    ██████████████████

14    ### 2. The '949 Patent

15    Dr. Kennedy took a different approach for the '949 patent. ████████████

16    ██████████████████████████████████████

17    ██████████████████████████████████████

18    ██████████████████████████████████████

19    █████████████████ ███████████████████

20    ██████████████████████████████████████

21    ████████████████████████ ███████████████

22    █████████████████████████████████

23    ██████████████████████████████████

24    ██████████████████████████████████████

25    ██████████████████████████████████████

26    ██████████████████████████████████████

27    ██████████████████████████████████████

28

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

**3.     Dr. Kennedy's Fifty-Fifty Profit Split**

He did so by applying the Rubinstein model, an economics model that "essentially stands for the idea that the more patient party in a negotiation will fare better than the less patient party." *Limelight Networks, Inc. v. XO Commc'ns, LLC*, No. 3:15-CV-720-JAG, 2018 WL 678245, at *3 (E.D. Va. Feb. 2, 2018).

5

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

**B.     Dr. Brogioli's Opinions**

Qualcomm submitted Dr. Brogioli's "rebuttal" expert report on October 9, 2018. The report purports to show ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

**1.**     ████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████  ███████  ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████  █████████████

████████

**2.**     █████████████████████████

███ ████ █████ █████ █████ ██ █████ ████ ██ █

████████████████████  █████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

6

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

**3.**

---

[3] A log file is a file that details the activities that occur on a system as it runs software and can be used for debugging.

7

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1

2

3

**C.**     **Dr. Kelley's Opinions**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1 ████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████

## II.    LEGAL STANDARDS

"[T]rial judges [have] the responsibility of acting as gatekeepers to exclude unreliable expert testimony."  Fed. R. Evid. 702, Comm. Notes on Rules, 2000 Amend.; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993).  As the party tendering the expert, Qualcomm bears the burden of persuasion on the reliability of its experts' opinions.  *Daubert*, 509 U.S. at 592 n.10.

## III.   ARGUMENT

### A.    The Court Should Exclude Dr. Prince's Survey Results

Dr. Prince's survey is not tied to the facts of the case, and so should be excluded.  ***First***, ████████████████████████████████████████████ ████████████████████████████████████████████ ██ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██ ████████████████████████████████████████████████████████ ███████████████████████████████████  ***Second***, ██████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████

Because either of these flaws alone is sufficient to render the survey results unreliable, the Court should step in as gatekeeper and strike the results.

#### 1.    The Survey Results Are Not Tied to the Claims

The Prince survey is unreliable because the survey questions are not tied to the asserted claims.  To quantify how much respondents value a patented feature, a survey should focus on that specific feature, and not other, much broader features.  Otherwise,

9

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

the survey will sweep in patented and unpatented features, covering far more than the claimed invention at issue.  For example, in *Fractus, S.A. v. Samsung*, the plaintiff's survey "attempt[ed] to quantify the estimated value of consumer preference for internal antennas in cell phones."  No. 6:09-CV-203-LED-JDL, 2011 WL 7563820, at *1 (E.D. Tex. Apr. 29, 2011).  However, because the claims did not cover all internal cell phone antennas, but merely a particular internal antenna design, the court held that the questions were "not tied to the alleged advantageous technical characteristics of the patents-in-suit," and must be excluded so as not to "confuse[] the issues" for the jury. *Id.*  The court reasoned "the surveys do not measure how consumers value the purported advantages" of the patented inventions, but "merely measure[d] the perceived consumer value of cell phones with any internal antennas."  *Id.*; *see also NetAirus Techs., LLC v. Apple, Inc.*, No. LACV1003257, 2013 WL 12322092, at *3-4 (C.D. Cal. Oct. 23, 2013) (excluding survey questions about the value of an iPhone with Wi-Fi capability because these questions were "significantly broader than the claimed invention," involving "functionality far beyond the asserted claims," which related to email over Wi-Fi).

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY



As in *Fractus*, "the surveys do not measure how consumers value the purported advantages" of the patented inventions. 2011 WL 7563820, at *1; *see also NetAirus*, 2013 WL 12322092, at *3-4.

11

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1 ██████████████████████████████████████████████████████████████

2 ████   ████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████████

5 ██████████  Because the survey attempts to value features far broader than the asserted

6 claims, the Court should exclude the results.

## 2.    The Survey Results Are Not Apportioned

8      Dr. Prince's survey results are also unreliable because they do not provide a basis

9 for valuing improved battery life as compared to other unpatented features.  ████████

10 ██████████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████████

12 ██████████████   ██████████████████████████████████████████████

13 ████████████████████████████   ████████████████████████████████

14 ██████████████████████████████████████████████████████████████

15 ██████████████████████████████████████████████████████████████

16 ██████████████████████████████████████████████████████████████

17 ████████████████████████████████████████████  *Riles v. Shell Expl. & Prod.*

18 *Co.*, 298 F.3d 1302, 1311 (Fed. Cir. 2002); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299,

19 1311 (Fed. Cir. 2018) ("Further apportionment was required to reflect the value of the

20 patented technology compared to the value of the unpatented elements.").

21 ██████████████████████████████████████████████████████████████

22 ████████████████████████████████████████████████████   ████████

23 ██████████████████████████████████████████████████████████████

24 ████████████████   ████████████████████████████████████████████

25 ██████████████████████████████████████████████████████████████

26 ―――――――――――――――――――

27 [5] ████████████████████████████████████████████████████████████

28 ████████████████████████████████████

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Survey results that do not properly account for unpatented features should be excluded.  In one case, the damages expert based his royalty opinions on a "willingness-to-pay" survey that purportedly determined "the value conferred on a 4G handset by improved battery life" and "faster data speeds"—benefits the plaintiff's technical expert had attributed to the LTE standard. *TCL Commc'ns Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. 15-cv-2370 JVS(DFMx), 2018 WL 4488286, at *28 (C.D. Cal. Sept. 14, 2018).  As the court noted, "[r]esearch shows that singling out features without simultaneously considering other features tends to greatly overstate the importance of the focal feature, as compared to its impact in actual purchase decisions." *Id.* at *29. Thus, the court found that "any attempt to gauge feature value by asking questions about willingness to pay for specific features is unreliable." *Id.*; *see also Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No. 10-cv-10578, 2016 WL 5956325, at *5, *15-16 (E.D. Mich. Oct. 14, 2016) (striking survey because "[w]hatever the economic or mathematical soundness of [the patentee's damages expert's] calculation, it fails to demonstrate apportionment as required under Federal Circuit law"); *Oracle Am., v. Google Inc.*, No. C 10-3561, 2012 WL 850705, at *10 (N.D. Cal. Mar. 13, 2012) (striking survey that excluded "important product features, such as battery life, WiFi, weight, and cellular network, all of which were not covered by the patented functionalities," instead testing "an arguably unimportant feature, voice dialing").

13

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY



*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("[Q]ualitative testimony that an invention is valuable—without being anchored to a quantitative market valuation—are insufficiently reliable."). Dr. Prince's survey results are not a proxy for apportionment. The Court should strike these results.

**B.    The Court Should Exclude Dr. Kennedy's Opinions**

14

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1. ██████████████████████████████████████
██████████████████████████████████████

Dr. Kennedy's purported hypothetical negotiation relies on an improper ████████
████████████████████████████████████████████████████
████████████████████████████████████████████████ The
Federal Circuit has rejected similar models as "an inappropriate 'rule of thumb,'"
admissible only if the expert can "establish[] that the premises of the theorem actually
apply to the facts of the case at hand." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1332-
33 (Fed. Cir. 2014) (vacating a damages award because the patentee's expert relied on the
Nash Bargaining Solution to begin the hypothetical negotiations with a 50-50 split of
incremental profit).  Similarly, the Federal Circuit has rejected the 25% rule, under which
the hypothetical negotiations start with 25% of the profits associated with an allegedly
infringing product, because the rule "fails to tie a reasonable royalty base to the facts of
the case at issue" and does not differentiate "between different industries, technologies,
or parties." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011).

████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████  █████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████  ████████████████  ████████████████████

15

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1 ██████████████████████████████████████████████

2 ██████████████████████████████████████████████

3 ██████████████████████████████████████████████

4 ████████████████████████████████████

5       Courts have rejected the application of economic theorems that are divorced from

6 the facts of a case.  In *Limelight*, the court excluded expert testimony that applied the

7 Rubinstein model—██████████████████████████████—based on the

8 companies' relative WACCs—a████████████████████████  *See*

9 2018 WL 678245, at *3.  As the court explained, "using WACC as a proxy for patience

10 in the Rubinstein model does not consider the actual stakes in the hypothetical

11 negotiation or even the specific patents negotiated."  *Id.*  Further:

12      [The expert's[7]] model would split the gains in the same way for a

13      fundamental patent at the core of a company's technology and for a piece

14      of technology that the company might consider not at all valuable.  Indeed,

15      the model would split any negotiation between the parties in the same way,

16      no matter the stakes.

17 *Id.*  In short, the court held that using WACCs in this way has "no relationship to the

18 patents in this case and cannot reliably show how the parties would negotiate over these

19 patents."  *Id.*; *see also Biscotti Inc. v. Microsoft Corp.*, No. 2:13-CV-01015-JRG-RSP, 2017 WL

20 2536962, at *5 (E.D. Tex. May 18, 2017) (excluding 40/60 split as "entirely conclusory,"

21 despite expert's argument that split reflected weighted average cost of capital); *Good Tech.*

22 *Corp. v. Mobileiron, Inc.*, No. 5:12-CV-05826-PSG, 2015 WL 4090431, at *7 (N.D. Cal. July

23 5, 2015) (excluding opinion where expert "fail[ed] to tie the 50/50 split to the specifics

24 of this case or to explain why such a split would be reasonable—other than to invoke a

25 boilerplate assertion about the relative bargaining powers of the parties"); *Numatics, Inc.*

26 *v. Balluff, Inc.*, 66 F. Supp. 3d 934, 960 (E.D. Mich. 2014) (rejecting 50/50 split not tied

27

28      [7] Dr. Prowse, the expert in *Limelight*, is Apple's damages expert in this case.

16

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

to facts of the case). ██████████████████████████████

████████████████████████████████████████████

### 2. The Court Should Exclude Dr. Kennedy's Opinions that Rely on the Prince Survey Results

Because the Prince survey results are unreliable and should be excluded, *see supra* Section III.A, the Court should also exclude Dr. Kennedy's opinions relating to the Component Power Patents, which rely on that survey. *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1007 (N.D. Ill. 2010).

### 3. ████████████████████████████████

██████████████████████████████████

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY



### C.     The Court Should Exclude Dr. Brogioli's Opinions[8]

Dr. Brogioli's opinions should be excluded because they are (i) irrelevant, and (ii) improper expert opinions.  This Court has correctly recognized that the relevance of discovery underlying Dr. Brogioli's opinions is "tenuous, at best" and that the subject matter of his opinions is a "side show."  (Dkt. 319 at 5; Dkt. 426 (overruling Qualcomm's objections to the same).)   This same rationale strongly supports Apple's motion. Moreover, in the related 1065 Investigation,[9] the Administrative Law Judge ("ALJ") excluded Dr. Brogioli's similar opinions, finding *inter alia* that "[h]is testimony is not helpful" because it "comprises summaries of documents produc[ed] in this investigation, followed by his opinions as to what the documents mean" and "[t]here is no indication

---

[8]  Apple has separately moved to strike Dr. Brogioli's rebuttal expert report on procedural grounds.  (Dkt. 409.)

[9]  U.S. International Trade Commission ("ITC") Investigation No. 337-TA-1065.

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1  that Dr. Brogioli has specialized knowledge concerning the topic of his testimony."  (Ex.

2  Q [1065 Order No. 42] at 4.)  Dr. Brogioli's opinions here fail for the same reasons.[10]

### 1. Dr. Brogioli's Opinions Are Irrelevant and Not Helpful

4  "Rule 702 [] requires that the evidence or testimony assist the trier of fact to

5  understand the evidence or to determine a fact in issue.  This condition goes primarily to

6  relevance.  **Expert testimony which does not relate to any issue in the case is not**

7  **relevant and, ergo, non-helpful**."  *Daubert*, 509 U.S. at 591 (citations omitted); *see also*

8  *Shalaby v. Irwin Industrial Toll Co.*, No. 07-cv-2107-MMA (BLM), 2009 WL 7452756, at

9  *10 (S.D. Cal. July 28, 2009) ("Relevancy requires opinions that would assist the trier of

10  fact in reaching a conclusion necessary to the case.").  Expert opinions that are "irrelevant

11  to the causes of action pled" should be excluded.  *See Politte v. United States*, No. 07CV1950

12  AJB WVG, 2011 WL 2149917, at *1 (S.D. Cal. June 1, 2011).

13  Dr. Brogioli's opinions should be excluded because they are not relevant to any

14  issue in this case.  Dr. Brogioli purports to tie his opinions to two issues: ███████

15  ████████████████████████████████████████

16  ████████████████████████████████████████

17  ███████████████    ████████████████████████

18  █████████████   ███████████████████████████

19  █████████████████████████████

20    ████████████████████████████████████

21  ████████████████████████████████████████

22  ████████████████████████████████████████

23  ████████████████████████████████████████

24  ████████████████████████████   ██████████

25  ████████████  Dr. Brogioli's failure to tie his opinions to the claims or defenses at issue

---

26  [10] In a subsequent ITC matter concerning unrelated patents (Investigation No. 337-TA-

27  1093), Dr. Brogioli was permitted to testify.  Unlike in this case, however, Dr. Brogioli

28  claimed that his opinions were relevant to statutory public interest factors unique to the ITC.

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

1  in this case is fatal.  *Shalaby*, 2009 WL 7452756, at *11 (excluding expert opinion as not

2  "sufficiently linked to the facts of [the] case"); *Politte*, 2011 WL 2149917, at *1 (excluding

3  expert opinion because not tied to actions pled).

4    Assertions made by Apple's attorneys in the CMS nearly eleven months ago also

5  do not open the door to a lengthy technical expert report that is irrelevant to the parties'

6  claims and defenses.  As the Ninth Circuit has cautioned, "scientific expert testimony

7  carries special dangers to the fact-finding process because it can be both powerful and

8  quite misleading because of the difficulty in evaluating it" and should be excluded unless

9  the judge is "convinced that it speaks clearly and directly to an issue in dispute in the

10  case, and that it will not mislead the jury."  *Daubert v. Merrell Dow Pharm. Inc.*, 43 F.3d

11  1311, 1321 n. 17 (9th Cir. 1995).  Here, where Dr. Brogioli's opinions do not speak clearly

12  to the issues in the case and instead focus on complicated technical arguments with

13  inflammatory innuendo (*i.e.*, ███████████████████████████████████████

14  ███, they are likely to mislead the jury and should be excluded.

15    **2.    Dr. Brogioli's Opinions Are Not Proper Expert Testimony**

16    Dr. Brogioli's opinions should be stricken for the second, independent reason that

17  they are not proper expert testimony.  Fed. R. Evid. 702(a); *Daubert*, 509 U.S. at 597.  As

18  the ALJ noted in the 1065 Investigation, simply summarizing documents and providing

19  "opinions as to what those documents mean," as Dr. Brogioli has done, is "not helpful."

20  (Ex. Q [1065 Order No. 42] at 4-5.)  Courts in this District have similarly excluded expert

21  testimony where "no specialized or technical knowhow is required to read and draw

22  conclusions from the internal documents and testimony cited."  *In re Novatel Wireless Sec.*

23  *Litig.*, No. 08-cv-1689-AJB (RBB), 2011 WL 5827198, at *4 (S.D. Cal. Nov. 17, 2011).

24  ████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████

27  ████████████████████████████████   ███████████████████████████

28

20

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Dr. Brogioli has done nothing more than recite the contents of these documents and form baseless opinions about them.

21

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

### D.   The Court Should Exclude Dr. Kelley's "Power Savings" Opinions

Dr. Kelley's methodology for attributing power savings to the claimed '558 invention is unreliable for two reasons.

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Because Dr. Kelley's attribution of power savings to the '558 patent rests on two fundamentally flawed numbers, it should be excluded.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the opinions of Drs. Prince, Kennedy, Brogioli, and Kelley.

23

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Dated:  November 27, 2018          Respectfully submitted,

By:  /s/ Robert M. Yeh

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Frank Albert, SBN 247741, albert@fr.com
Joanna M. Fuller, SBN 266406, jfuller@fr.com
Robert M. Yeh, SBN 286018, ryeh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Katherine D. Prescott, SBN 215496,
prescott@fr.com
Betty H. Chen, SBN 24056720,
betty.chen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone: 650-839-5070 / Fax: 650-839-5071

Ruffin B. Cordell, DC Bar No. 445801,
*appearing pro hac vice,* cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421,
*appearing pro hac vice,* degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, D.C.  20024
Phone:  202-783-5070 / Fax:  202-783-2331

Mark D. Selwyn, SBN 244180,
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND
DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: 650-858-6000 / Fax: 650-858-6100

24

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

William F. Lee, MA Bar No. 291960, appearing *pro hac vice*, william.lee@wilmerhale.com
Joseph J. Mueller, MA Bar No. 647567, appearing *pro hac vice*, joseph.mueller@wilmerhale.com
Timothy Syrett, MA Bar No. 663676, appearing *pro hac vice*, timothy.syrett@wilmerhale.com
Sarah B. Petty, appearing *pro hac vice*, sarah.petty@wilmerhale.com
Louis W. Tompros, appearing *pro hac vice*, louis.tompros@wilmerhale.com
Bradley M. Baglien, appearing *pro hac vice*, bradley.baglien@wilmerhale.com
Dominic E. Massa, appearing *pro hac vice*, dominic.massa@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

Nina S. Tallon, DC Bar No. 479481, *appearing pro hac vice*, nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Matthew Leary, appearing *pro hac vice*, matthew.leary@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Phone: 720-274-3135 / Fax: 720-274-3133

William A. Isaacson, DC Bar No. 414788, *appearing pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520, *appearing pro hac vice*, kdunn@bsfllp.com
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue, N.W.

25

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Washington, DC 20005
Phone: 202-237-2727 / Fax: 202-237-6131

Benjamin C. Elacqua, TX SBN 24055443
*appearing pro hac vice,* elacqua@fr.com
John P. Brinkman, TX SBN 24068091
*appearing pro hac vice,* brinkman@fr.com
Tony Nguyen, TX SBN 24083565
*appearing pro hac vice,* nguyen@fr.com
FISH & RICHARDSON P.C.
One Houston Center, 28th Floor
1221 McKinney
Houston, TX 77010
Phone: 713-654-5300 / Fax: 713-652-0109

Brian P. Boyd, GA SBN 553190,
*appearing pro hac vice,* bboyd@fr.com
Christopher O. Green,
*appearing pro hac vice,* cgreen@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, 21st Floor
Atlanta, GA 30309
Phone:  404-892-5005 / Fax:  404-892-5002

Phillip W. Goter, appearing pro hac vice,
goter@fr.com
FISH & RICHARDSON P.C.
60 South Sixth Street, 3200 RCB Plaza
Minneapolis, MN 55402
Phone:  612-335-5070 / Fax:  612-288-9696

Joshua H. Lerner, SBN 220755,
jlerner@durietangri.com
Ragesh K. Tangri, SBN 159477,
rtangri@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Phone: 415-362-6666 / Fax: 415-236-6300

Henry Huttinger, SBN 312843,
hhuttinger@durietangri.com

26

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Peter S. Horn, SBN 321358,
phorn@durietangri.com
DURIE TANGRI LLP
530 Molino Street, Suite 111
Los Angeles, CA 90013
Phone: 213-514-5518 / Fax: 415-236-6300


Attorneys for *Defendant/Counterclaim-Plaintiff APPLE INC.*

27

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 27, 2018 via electronic mail pursuant to Fed. R. Civ. Proc. 5(b) to all counsel of record in this action:

Karen P. Hewitt / kphewitt@jonesday.com
Randall E. Kay / rekay@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178
**Service email:** Qualcomm-JonesDay-SDCal1375@jonesday.com

David A. Nelson / davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
**Service email:** qequalcommapple@quinnemanuel.com

Evan R. Chesler / echesler@cravath.com
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
**Service email:** Service-CSM-QC-Apple-CM@cravath.com

Mark D. Selwyn
Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

William F. Lee

Case No. 3:17-CV-01375-JAH-MDD

HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY

Joseph J. Mueller
Timothy Syrett
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Nina S. Tallon
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

**Service email:** WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com


Executed on November 27, 2018, at San Diego, California.


*/s/ Robert M. Yeh*
Robert M. Yeh

Case No. 3:17-CV-01375-JAH-MDD