UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>    Defendant. | Case No.: 17cv1375 DMS(MDD)<br><br>**ORDER DENYING QUALCOMM'S MOTION FOR RECONSIDERATION** |
| APPLE INCORPORATED,<br><br>    Counter Claimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>    Counter Defendant. | |

This case comes before the Court on Qualcomm's motion for reconsideration of the Court's September 18, 2018 Markman Order. Specifically, Qualcomm moves the Court to reconsider its finding that claim 7 of the '558 Patent is invalid as indefinite. Apple filed an opposition to the motion, and Qualcomm filed a reply.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,

or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Here, Qualcomm argues the Court's finding of indefiniteness was clearly erroneous.  Qualcomm specifically takes issue with the Court's reliance on *Multilayer Stretch Cling Film Holding, Inc. v. Berry Plastics Corp.*, 831 F.3d 1350 (Fed. Cir. 2016), in coming to that conclusion.  The Court agrees with Qualcomm that the claims in this case are not drafted in the same form as the claims at issue in *Multilayer Stretch*, *i.e.*, the claims here do not recite the "consisting of" language and are not written in Markush form.  However, the general concepts surrounding the relationship of independent and dependent claims still apply here.  Those concepts require a claim in dependent form to "contain a reference to a claim previously set forth *and then specify a further limitation of the subject matter claimed*." 35 U.S.C. § 112 ¶ 4 (emphasis added).

Qualcomm asserts claim 7 meets this requirement, but the Court is not persuaded.  And the analogy it sets out in its brief appears to be inapt.  According to Qualcomm,

> A simple analogy for claim 6 is a wireless device that is operative to call China. … The analog for claim 7 would be a wireless device that is operative to call China and also operative to call Japan.  In order to infringe claim 6, the device must only be operative to call China, whereas for claim 7, it must be operative to call both China and Japan.

(Mem. of P. & A. in Supp. of Mot. at 2.)  Here, however, claim 7 does not provide a second, additional limitation on claim 6.  Unlike the analogy set out above, it does not require that the supply generator be operative to generate the second supply voltage based on the envelope signal and the boosted supply voltage *and* the first supply voltage.  Rather, it states the supply generator "is operative to generate the second supply voltage based on the envelope signal and *either* the boosted supply voltage *or* the first supply voltage."  The "operative to" language may provide more flexibility than the "consisting of" language found in *Multilayer Stretch*, but it does not allow for noncompliance with § 112 ¶ 4.

Qualcomm has not shown that the Court committed "clear error" in finding claim 7 of the '558 Patent indefinite. Accordingly, Qualcomm's motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: December 17, 2018

Hon. Dana M. Sabraw
United States District Judge