UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>              Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>              Defendant. | Case No.: 17cv1375-DMS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING DOCUMENTS PRODUCED AFTER THE CLOSE OF FACT DISCOVERY AND PORTIONS OF THE REBUTTAL EXPERT REPORT OF STEPHEN PROWSE**<br><br>**[ECF No. 454]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on November 13, 2018. (ECF No. 454). The Joint Motion presents Qualcomm's motion to strike certain documents and the portions of the rebuttal expert report of Stephen Prowse relying on those documents. The documents consist of three letters regarding potential

1

settlement terms. Apple did not disclose these documents during fact discovery, despite at least one Request for Production requiring such disclosure, and the documents were used by Mr. Prowse in forming an opinion regarding damages.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

Without awaiting a discovery request, a party must disclose, among other things, "a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(ii). A party also must disclose, without a discovery request:

> a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). A party also must supplement or correct its disclosures in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect. Fed. R. Civ. P. 26(e).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response

must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

<u>Failure to Disclose (Rule 26(a))</u>

There seems little doubt that the letters should have been disclosed either under Rule 26(a)(1)(A)(ii) or (iii). They *were* used to support a claim for damages by Apple. Apple's assertion that because Qualcomm also had the letters in its possession obviated its disclosure obligations is unavailing. The issue is whether Apple intended to rely on the letters to support its claims or defenses or in support of its damage computations. A party does not get a free pass on its disclosure obligations because the opposing party also has the documents. The question is a party's intent to rely on the documents. The Court finds that Apple was required to disclose these letters under Rule 26(a) once it decided to rely on them.

3

17cv1375-DMS-MDD

It may be that Apple did not intend initially to rely on these letters so its failure to disclose the letters in its original disclosures is justified. But, once Apple provided the letters to Mr. Prowse for him to consider in creating his opinions regarding damages, the duty to supplement under Rule 26(e) kicked in. The letters were not produced until Apple served Mr. Prowse's rebuttal expert report.

Failure to Produce (Rule 34))

Apple refused to produce these letters in response to Qualcomm's Request for Production No. 51 which called for all communications and documents concerning negotiations for licenses or settlements regarding the accused functionalities. (ECF No. 454 at 4). Apple objected at the time, and persists in its objection today that it was under no obligation to produce documents already in Qualcomm's possession. That objection is frivolous unless supported by a claim of undue burden. There often is evidentiary value in having an opposing party produce a document that the requesting party already has. The value is not in what the document necessary says, but in the fact that the opposing party has it. That objection is OVERRULED.

There is also a dispute regarding a purported agreement between the parties regarding the relevance of documents reflecting negotiations for portfolio licenses. That there is a dispute over the agreement suggests that there was no meeting of the minds. The Court is no position to determine the scope of that purported agreement and its effect on this dispute.

Regardless, Apple refused to produce any documents potentially covered by Fed. R. Ev. 408 which renders inadmissible communications regarding compromise to prove or disprove the validity or amount of a disputed claim or to impeach. This objection also is frivolous – Rule 408 governs admissibility,

not discovery.

The duty to supplement provided at Rule 26(e), Fed. R. Civ. P., also applies to responses to requests for production.

Sanctions

Having failed to supplement its initial disclosures and its response to Request for Production No. 51, the Court must consider sanctions against Apple. Fed. R. Civ. P. 37(c)(1) requires the Court to consider sanctions unless the failure to supplement was "substantially justified or is harmless." Apple offers nothing in support of substantial justification other than it did not know that its rebuttal expert would rely on the letters. Having provided the letters to the expert, Apple's argument is disingenuous and unavailing.

The question of harmlessness is more challenging. Qualcomm asserts it is prejudiced because it now has no opportunity to propound follow-on discovery requests, take fact deposition testimony on the documents or have them considered by its own experts. (ECF No. 454 at 11). Apple responds that there is no prejudice because Qualcomm has and has had the documents all along, putting this case in a different light than in cases where the documents previously were unknown. (*Id.* at 15-16).

The Court finds that the failure to disclose is not harmless. To the extent that Mr. Prowse refers to or relies on these letters in his rebuttal expert report, those references and opinions are stricken.

**IT IS SO ORDERED.**

Dated: January 3, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge