# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>         Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>         Defendant.<br><br>APPLE INCORPORATED,<br><br>         Counter Claimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>         Counter Defendant. | Case No.: 17cv1375 DMS(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>**[Docket Nos. 463, 467, 501, 505, 515, 519]** |

  This case comes before the Court on the parties' motions to file under seal certain documents associated with their *Daubert* motions. Specifically, the parties request that all of their briefs be filed under seal, and that certain exhibits in support of the briefs also be filed under seal.

  "Courts have long recognized 'a general right to inspect and copy public records and documents, including judicial records and documents.'" *Rieckborn v. Velti PLC*, No. 13-

1

cv-03889-WHO, 2014 WL 4964313, at *1 (N.D. Cal. Oct. 3, 2014) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). However, "[t]his right is not absolute. To balance the competing interests of the public's right of access against litigants' need for confidentiality, a party seeking to file under seal materials related to dispositive motions must provide 'compelling reasons' to do so." *Id.* (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). Under this standard, "a party seeking to seal materials must 'articulate compelling reasons supported by specific factual findings,' providing the court with 'articulable facts' identifying the particular interests favoring secrecy and showing how those interests outweigh the 'strong presumption' favoring disclosure." *Id.* (quoting *Kamakana*, 447 F.3d at 1178-81). "In general, compelling reasons sufficient to justify sealing exist when the materials 'might have become a vehicle for improper purposes, such as ... to gratify private spite, promote public scandal, ... or release trade secrets.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "'The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

Here, the parties have provided compelling reasons for filing under seal the exhibits submitted in support of their briefs. Accordingly, the Court grants the parties' motion to file the exhibits under seal.

However, the parties have not provided compelling reasons for filing the briefs themselves under seal. Although there may be portions of the briefs that deserve to be filed under seal, the briefs, in their entirety, do not warrant that treatment. Accordingly, the parties' motions to file the briefs under seal is denied. Because there is information in the briefs that may be entitled to sealing, the Court will temporarily file these documents in redacted form to allow the parties a further opportunity to demonstrate there are "compelling reasons" for portions of these documents to remain under seal. If the parties wish to make that showing, they shall file supplemental briefs to that effect on or before

**January 25, 2019**. If the parties fail to file supplemental briefs by that date, the unredacted versions of these documents will be filed and made available to the public.

**IT IS SO ORDERED**.

Dated: January 18, 2019

Hon. Dana M. Sabraw
United States District Judge