UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>　　　　　　　　　　　Defendant. | Case No.: 17cv1375 DMS(MDD)<br><br>**ORDER DENYING APPLE'S MOTIONS TO STRIKE PORTIONS OF THE EXPERT REPORT OF DR. MARTIN RINARD** |
| APPLE INCORPORATED,<br><br>　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>　　　　　　　　　Counter Defendant. | |

　　　This case comes before the Court on Apple's motions to strike portions of the report of Qualcomm expert Dr. Martin Rinard. Apple asserts that in his opening report, Dr. Rinard set forth an infringement theory for the '949 Patent that was not disclosed in Qualcomm's infringement contentions or discovery responses. Qualcomm responds that Dr. Rinard's theory is simply a rebuttal to Apple's noninfringement position, and that it should not be stricken.

Apple relies on Patent Local Rule 3.6 as the basis for its motion. (Reply in Supp. of Mot. at 8 n.7.) This Rule states:

> As a matter of right, a party asserting infringement may serve Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions:
>
> …
>
> 2. Upon a timely motion showing good cause.

Patent Local Rule 3.6.a.2. Although Apple does not explicitly say so, it appears to argue here that the infringement theory set forth in Dr. Rinard's opening report is a de facto amendment to Qualcomm's infringement contentions for which Qualcomm has failed to demonstrate good cause.

Clearly, Qualcomm did not move to amend its infringement contentions, either explicitly or through Dr. Rinard's opening report. Thus, it is unclear whether Patent Local Rule 3.6 applies to the present motion. Even it did, Apple would have to show it suffered undue prejudice by virtue of Qualcomm's proposed amendment. Apple has not made that showing here. Rather, Apple had an opportunity to depose Dr. Rinard about this infringement theory, and Apple's expert had an opportunity to prepare a rebuttal report. Given these facts, and the extensive litigation these parties have engaged in over the '949 Patent, Apple has not demonstrated "undue prejudice" sufficient to strike any portions of Dr. Rinard's report. Accordingly, Apple's motion is denied.

**IT IS SO ORDERED**.

Dated: February 5, 2019

Hon. Dana M. Sabraw
United States District Judge