UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>                              Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>                              Defendant.<br><br>APPLE INCORPORATED,<br><br>                              Counter Claimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>                              Counter Defendant. | Case No.: 17cv1375 DMS(MDD)<br><br>**ORDER:**<br><br>**GRANTING IN PART AND DENYING IN PART APPLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING (1) PATENT EXHAUSTION, (2) NONINFRINGEMENT OF U.S. PATENT NO. 8,698,558 AND (3) PRE-SUIT DAMAGES; AND**<br><br>**GRANTING IN PART AND DENYING IN PART QUALCOMM'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[REDACTED]** |

    This case comes before the Court on the parties' motions for summary judgment. Apple moves for summary judgment on the issues of patent exhaustion, noninfringement

of the '558 Patent and pre-suit damages, while Qualcomm moves for summary judgment that two prior art references do not anticipate the '949 Patent. For the reasons set out below, Apple's motion is granted in part and denied in part, and Qualcomm's motion is granted in part and denied in part.

# I.

# APPLE'S MOTION

Apple moves for summary judgment that products made by Pegatron do not infringe ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ because of a license between Qualcomm and Pegatron. Apple also moves for summary judgment of noninfringement on the '558 Patent, and for summary judgment on the issue of pre-suit damages.

**A.    Patent Exhaustion**

"The doctrine of patent exhaustion limits a patentee's right to control what others can do with an article embodying or containing an invention." *Bowman v. Monsanto Co.*, 569 U.S. 278, 283 (2013). It provides that "[t]he authorized sale of an article that substantially embodies a patent exhausts the patent holder's rights and prevents the patent holder from invoking patent law to control postsale use of the article." *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 638 (2008). "'Substantial embodiment' is established if (1) the only reasonable and intended use of the article is to practice the allegedly exhausted patent; and (2) the article embodies the essential or inventive features of the allegedly exhausted patent." *JVC Kenwood Corp. v. Nero, Inc.*, 797 F.3d 1039, 1046 (Fed. Cir. 2015). "The rationale underlying the doctrine rests upon the theory that an unconditional sale of a patented device exhausts the patentee's right to control the purchaser's use of that item thereafter because the patentee has bargained for and received full value for the goods." *Keurig, Inc. v. Sturm Foods, Inc.*, 732 F.3d 1370, 1373 (Fed. Cir. 2013). "Patent exhaustion is an affirmative defense to a claim of patent infringement, and like other issues in which there are no disputed factual questions, may be properly decided by summary judgment." *Id.* (citations omitted).

///

As the party asserting patent exhaustion, Apple bears the burden of proving the elements of that defense. As stated above, one of those elements is substantial embodiment, and to prove that element, Apple must show "there is no reasonable non-infringing use." *Minebea Co., Ltd. v. Papst*, 444 F.Supp.2d 68, 162 (D.D.C. 2006). *See also Cascades Computer Innovation, LLC v. Samsung Elecs. Co. Ltd.*, 70 F.Supp.3d 863, 868-89 (N.D. Ill. 2014) (citing *Keurig*, 732 F.3d at 1373) (same). Apple failed to meet that burden here. Indeed, its motion does not even mention, much less discuss, whether this element is met. Instead, Apple focuses on the authorization element, which appears to be undisputed. That this element is undisputed, however, is not enough. Apple must still show the "substantial embodiment" element is met, and it has failed to do so. Accordingly, Apple's request for summary judgment on this issue is denied.

**B.    Noninfringement**

Next, Apple moves for summary judgment of noninfringement of the '558 Patent. Specifically, Apple argues there are no genuine issues of material fact that ▮▮▮▮ ▮▮▮▮ of the accused products does not literally infringe the "offset current" limitation of independent claim 15 and dependent claim 19, and that ▮▮▮▮ of the accused products does not infringe claim 15 or 19 under the doctrine of equivalents.[1]

1.    ▮▮▮▮▮▮▮▮▮▮

The parties agree the "Offset Adjust" block is one structure that is accused of satisfying the "offset current" limitation of claim 15, and that Qualcomm alleges ▮▮ ▮▮▮▮▮▮ literally infringes this limitation. Apple argues there is no evidence to support this allegation, and therefore it is entitled to summary judgment of no infringement.

---

[1] Apple also moves for summary judgment of noninfringement of claim 7 based on the Court's finding that claim is invalid as indefinite. As Qualcomm points out, however, the invalidity finding renders any claim of infringement of claim 7 moot. Accordingly, Apple's request for summary judgment of noninfringement of claim 7 is denied as moot.

1   In support of its argument, Apple relies on the testimony of Qualcomm's technical
2   expert on the '558 Patent, Arthur W. Kelley, Ph.D.  During his deposition, Dr. Kelley was
3   asked, ███████████████████████████████████████████████████████████████
4   ███████████████████████ (Decl. of Zachary Flood in Supp. of Qualcomm's Opp'n to Mot.
5   for Partial Summ. J., Ex. I at 83:2-3.)  Dr. Kelley's response was:

6   ████████████████████████████████████████████████████████████████████████
7   ████████████████████████████████████████████████████████████████████████
8   ████████████████████████████████████████████████████████████████████████
9   ██████████████████████████████

10  (*Id.* at 6-12) (emphasis added).  On its face, this testimony supports Apple's argument.
11  Qualcomm argues, however, that "operative to" does not mean "operative to," but
12  rather means "capable of" or "able to," and applying that definition, there is, at a minimum,
13  a genuine issue of material fact about whether ███████████████████ meets the "offset
14  current" limitation.  However, Qualcomm did not submit "operative to" for construction
15  by the Court.  Absent further construction, the term is accorded its plain and ordinary
16  meaning, and that would not include "capable of" or "able to."  That other courts may have
17  construed "operative to" as "able to" or consistent with "capable to" does not mean the
18  term should be construed that way in this case.  In this case, the claim describes a switcher
19  that "comprises a summer *operative to* sum the input current and an offset current and
20  provide a summed current," (emphasis added), and there is no dispute ████████████
21  █████ does not satisfy that limitation.[2]
22  / / /
23  / / /

---

[2] Qualcomm's reliance on the testimony of Apple's expert Alyssa Apsel, Ph.D. does not change this conclusion as she did not state ████████████████████ was "operative to" anything, much less "operative to sum the input current and an offset current and provide a summed current[.]"  (*See* Flood Decl., Ex. J at 158.)

2.   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

The only other structure alleged to satisfy the "offset current" limitation in claims 15 and 19 is ▬▬▬▬▬▬▬▬▬. Qualcomm concedes this structure does not literally infringe the "offset current" limitation, but asserts it does infringe under the doctrine of equivalents. Apple argues Qualcomm is not entitled to a range of equivalents for this limitation due to prosecution history estoppel, therefore Apple is entitled to summary judgment of no infringement.

To support this argument, Apple relies on case law stating "that canceling a broader independent claim and replacing it with a dependent claim rewritten into independent form [is] a 'clear surrender of the broader subject matter' that presumptively bar[s] application of the doctrine of equivalents." *Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1143 (Fed. Cir. 2004) (quoting *Deering Precision Instruments, L.L.C. v. Vector Distribution Systems, Inc.*, 347 F.3d 1314, 1325 (Fed. Cir. 2003)). Qualcomm disputes that the facts of this case warrant application of the presumption. Specifically, it argues the presumption applies only "when the dependent claim includes an additional claim limitation not found in the cancelled independent claim …[,]" *id.* at 1141, and that the facts of this case do not fit that scenario. However, the Court disagrees. The prosecution history clearly reflects that in response to an office action, Qualcomm canceled independent claim 20 and replaced it with dependent claim 22 rewritten into independent form, which ultimately issued as claim 15 of the '558 Patent. (Decl. of Robert Yeh in Supp. of Apple's Mot., Ex. J at QCAppleITC-00000910-11, QCAppleITC-00000984.) This evidence also clearly reflects that dependent claim 22 included additional claim limitations not found in independent claim 20, *i.e.*, the elements of the switcher. (*Id.*) Thus, contrary to Qualcomm's argument, the presumption applies to this case.

Qualcomm argues, nonetheless, that there is an exception to this presumption where "the rationale underlying the amendment may bear no more than a tangential relation to the equivalent in question[.]" *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 535 U.S. 722, 740-41 (2002). This exception is "very narrow." *Honeywell*, 523 F.3d at

1315 (citing *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 480 F.3d 1335, 1342 (Fed. Cir. 2007)).  To invoke it, the patentee "must prove by a preponderance of the evidence that, based on the prosecution history, the 'objectively apparent reason for the narrowing amendment' was only tangentially related to the equivalent." *Integrated Tech. Corp. v. Rudolph Techs., Inc.*, 734 F.3d 1352, 1358 (Fed. Cir. 2013) (quoting *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 344 F.3d 1359, 1369 (Fed. Cir. 2003)).  "Silence does not overcome the presumption." *Honeywell*, 523 F.3d at 1316.

Here, Qualcomm has not met its burden to show the exception applies.  Although Qualcomm asserts the prosecution history "confirms that the 'offset current' element was 'merely tangential' to the prosecution[,]" (Qualcomm's Resp. in Opp'n to Apple's Mot. at 18), the prosecution history itself does not demonstrate the "the reason for the narrowing amendment was peripheral, or not directly relevant, to the alleged equivalent." *Festo*, 344 F.3d at 1369.  Rather, the prosecution history reveals that Qualcomm rewrote dependent claim 22 into independent form, which added the "offset current" limitation to the claimed invention.

Qualcomm argues there is no "meaningful difference" between the "offset" limitation in original independent claim 20 and the "offset current" limitation in original dependent claim 22.  (Qualcomm's Resp. in Opp'n to Apple's Mot. at 19.)  However, there is nothing in the prosecution history to support this argument, and it is the prosecution history that determines whether the exception applies.  Qualcomm's assertion that "offset" and "offset current" describe the same limitation even though the terms are distinct does not show the reason for the amendment was "only tangentially related to the equivalent." *Integrated Tech.*, 734 F.3d at 1358.  Rather, because the alleged equivalent focuses on the "offset current" limitation, which was part of the amendment, "the amendment bore a direct, not merely tangential, relation to the equivalent." *Honeywell*, 523 F.3d at 1316.  Accordingly, Qualcomm is not entitled to a range of equivalents for the "offset current" limitation, and without that, Apple is entitled to summary judgment of no infringement of claims 15 and 19 of the '558 Patent.

### C.     Pre-suit Damages

The final issue raised in Apple's motion is whether Qualcomm is entitled to recover pre-suit damages. Apple argues Qualcomm is not entitled to recover these damages because it failed to comply with the patent marking statute and failed to provide actual notice prior to filing this case. Qualcomm responds that Apple is not entitled to summary judgment on this issue because Apple disputes whether Qualcomm's products practice the patents in suit.[3]

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017), *cert. denied*, ___ U.S. ___, 139 S.Ct. 143 (2018). This statute sets out a limitation on damages; it is "not an affirmative defense." *Id.* at 1366 (citing *Motorola, Inc. v. United States*, 729 F.2d 765, 770 (Fed. Cir. 1984)). Thus, although "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287[,] … the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.* at 1368.

Qualcomm has not met that burden here. Indeed, Qualcomm does not dispute that Apple has met its burden of identifying the Qualcomm products that allegedly practice the patented invention. Instead, Qualcomm argues Apple has not met its burden "to show the applicability of the patent marking statute." (Qualcomm's Resp. in Opp'n to Apple's Mot. at 10.) But that is not Apple's burden. As stated by the Federal Circuit in *Arctic Cat*, "[t]he patentee bears the burden of pleading and proving he complied with § 287(a)'s marking requirement." 876 F.3d at 1366 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). Qualcomm has not presented any evidence to that effect here, and thus it has

---

[3] Qualcomm does not appear to dispute that it did not provide actual notice to Apple prior to filing this case.

not met its burden. Accordingly, Apple is entitled to summary judgment on the issue of pre-suit damages.

## II.

## QUALCOMM'S MOTION

Turning to Qualcomm's motion, Qualcomm moves for summary judgment that two prior art references, the CELL reference and Blackfin, do not anticipate the asserted claims of the '949 Patent. Apple responds that there are genuine issues of material fact that preclude summary judgment for Qualcomm.

"Anticipation under 35 U.S.C. § 102 means lack of novelty, and is a question of fact." *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). Determining whether a claim is anticipated involves two steps: (1) construing the claims, and (2) comparing the properly construed claims to the prior art. *In re Cruciferous Sprout Litigation*, 301 F.3d 1343, 1346 (Fed. Cir. 2002) (citations omitted). "To anticipate, every element and limitation of the claimed invention must be found in a single prior art reference, arranged as in the claim." *Brown*, 265 F.3d at 1351 (citations omitted).

Here, Qualcomm argues it is entitled to summary judgment that the CELL reference does not anticipate the asserted claims of the '949 Patent because the per loader/per binary parameters and/or segment list, which are alleged to satisfy the "image header" limitation of claim 1 of the '949 Patent, are not "part of" the executable software image. Apple responds that the parties' agreed upon construction of "image header" does not require that it be "part of" the executable software image." Rather, it requires only that the "image header" be "associated with" the executable software image.

According to the parties' Joint Claim Construction Worksheet, the parties agreed that "image header" would be construed as "a header *associated with* the entire image that specifies where the data segments are to be placed in the system memory." (ECF No. 195-2 at 9) (emphasis added). Although Qualcomm accuses Apple of proposing a new claim construction in defending against Qualcomm's motion, (Qualcomm's Reply in Supp. of Mot. at 4), it is Qualcomm that is proposing a new construction here, not Apple. The

parties agreed the "image header" need only be "associated with" the executable software image, not that it be "part of" the image. If the parties wish to amend their previous agreement or submit this term for construction by the Court, they are free to do so, but given the parties' current agreement, Qualcomm is not entitled to summary judgment that the CELL reference does not anticipate the asserted claims of the '949 Patent.

The parties' agreed upon construction of "image header" also factors into the analysis of the Blackfin reference, but on a different issue. Here, Qualcomm argues Blackfin does not anticipate because the executable software image Apple relies on includes only one data segment whereas the asserted claims require more than one data segment. In support of this argument, Qualcomm now relies on the parties' agreed upon construction of "image header," which requires "data segments," while Apple attempts to retreat from that construction. Again, the parties agreed upon the construction of "image header," and according to that agreement, it requires "data segments," plural. As stated above, if the parties wish to amend their previous agreement and submit this term for construction, they are free to do so. As previously agreed, however, the term "image header" requires more than one data segment. Because the alleged "image header" described in Blackfin contains only one data segment, Qualcomm is entitled to summary judgment that Blackfin does not anticipate the asserted claims of the '949 Patent.

### III.
### CONCLUSION

For the reasons set out above, Apple's motion for summary judgment is granted in part and denied in part. Specifically, Apple's motion on patent exhaustion is denied and its motion on noninfringement and pre-suit damages is granted. Qualcomm's motion is

/ / /
/ / /
/ / /
/ / /

1  also granted in part and denied in part.  Specifically, the Court denies the motion as to the
2  CELL reference and grants the motion as to Blackfin.
3       **IT IS SO ORDERED**.
4  Dated:  February 4, 2019

*[signature]*
Hon. Dana M. Sabraw
United States District Judge