UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>      Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>      Defendant. | Case No.: 17cv1375-DMS-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S FIFTH SET OF REQUESTS FOR PRODUCTION AND SEVENTH SET OF INTERROGATORIES**<br><br>**[ECF No. 568]** |

## BACKGROUND

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on January 31, 2019. (ECF No. 568). The Joint Motion presents Apple's motion to compel Qualcomm to respond further to Request for Production No. 266 from its Fifth Set of Requests of Production and Interrogatory No. 47 from its Seventh Set of Interrogatories.

//

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

An interrogatory may relate to any matter that may be inquired of

under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

## DISCUSSION

1. Request for Production No. 266

Apple requests that Qualcomm produce documents reflecting the negotiation, terms, and payment provisions of any license agreement related to the Accused Qualcomm Products. (ECF No. 568 at 2).[1] Qualcomm claims that there is no dispute as it has agreed to produce responsive documents and is working expeditiously to do so. (ECF No. 569-1 at 3). Apple asserts that this is not good enough – Qualcomm has refused to provide a date certain to complete this discovery. (ECF No. 568-1 at 3). Qualcomm's excuse for not providing a date certain to complete this discovery is because of "possible third-party notice and consent obligations." (ECF No. 569-1 at 3). This is just not good enough.

Fed. R. Civ. P. 34(b)(2)(B) states that "production must … be completed no later than the time for inspection stated in the request **or another reasonable time specified in the response.**" (emphasis added). The burden was on Qualcomm to provide a reasonable time within which it would produce responsive records. It did not do so. Consequently, the Court

---

[1] The Court will refer to pagination supplied by CM/ECF rather than original page numbering throughout.

1  **ORDERS** Qualcomm substantially to complete its production no later than
2  14 days from the date of this Order or show cause why it cannot.  The parties,
3  however, are empowered to agree to different date.

2.   Interrogatory No. 47

In this complex Interrogatory, Apple first asks Qualcomm to identify and describe in detail any alternatives to the functionality claimed in the Asserted Apple Patents and practiced by the Accused Qualcomm Functionalities.  This part is easy enough and Qualcomm claims to have responded to it both by disclosing the functionality of its relevant products and by reference to prior art which it has incorporated into the relevant functionalities.  Even as to this part, Apple cries foul regarding the extent of the detail provided.  Qualcomm asserts that Apple's complaints amount to a premature request for expert discovery regarding non-infringement.  The Court agrees. So, as to the first part of the Interrogatory, the Court finds that no further response is required.

The Interrogatory also asks Qualcomm to identify and describe in detail alternatives that Qualcomm asserts are non-infringing that Qualcomm has not implemented and the reasons for those decisions.  Apple has not convinced the Court that information regarding non-infringing alternatives not implemented by Qualcomm is relevant to any claim and defense in this case.  And, whether or not a particular design is infringing or not, is a matter for expert testimony.  No further response is required.

//
//
//
//
//

# CONCLUSION

As presented in this Joint Motion, Apple's motion to compel further responses is **GRANTED** regarding Request for Production No. 266 (Fifth Set) and **DENIED** as to Interrogatory No. 47 (Seventh Set).

**IT IS SO ORDERED.**

Dated: February 13, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge