UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE INCORPORATED,<br><br>　　　　　　　　　　　Defendant.<br><br>APPLE INCORPORATED,<br><br>　　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>QUALCOMM INCORPORATED,<br><br>　　　　　　　　　　　Counter Defendant. | Case No.: 17cv1375 DMS-MDD<br><br>**AMENDED CASE MANAGEMENT ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A PATENT CASE**<br>**[ECF NO. 537]** |

　　　On January 18, 2019, the parties filed a Joint Motion to Modify Case Management Order. (ECF No. 537). The Court finds good cause to grant joint motion, accordingly, IT IS HEREBY ORDERED:

　　　1.　　All fact discovery shall be completed by all parties on or before **February 15, 2019**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off

1

date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure, and any motions and the resolution of any discovery disputes.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Civil Local Rule 26.1(a).  Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the court.

  2. On or before **February 15, 2019**, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before **February 20, 2019**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

  3. Each expert designated by a party shall prepare a written report to be provided to all other parties no later than **February 22, 2019**, containing information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).  Except as provided below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37.

  4. Any party, through any designated expert, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e)(2), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **March 22, 2019**.

  5. Expert discovery shall be completed by all parties on or before **April 5, 2019**.

6.      All other dispositive motions, including those addressing Daubert issues, shall be FILED on or before **April 12, 2019**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.

7.      Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

8.      Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

9.      Counsel shall submit their Memoranda of Law or Contentions of Fact on or before **May 17, 2019**.

10.     All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **May 17, 2019**.  Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

11.     Pursuant to Local Civil Rule 16.1(f)(4), on or before **May 24, 2019**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Local Rule 16.1(f)(6)(c), and containing the following:

    a.      A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b.      A list of the causes of action to be tried, referenced to the Complaint.

1   For each cause of action, the order shall succinctly list the elements of the claim, damages
2   and any defenses.  A cause of action in the Complaint which is not listed shall be dismissed
3   with prejudice.
4        c.   A list, in alphabetical order, of:
5             i.   Each witness counsel actually expect to call at trial with a brief
6         statement, not exceeding four sentences, of the substance of the
7         witnesses' testimony.
8           ii.   Each expert witness counsel actually expect to call at trial with a
9         brief statement, not exceeding four sentences, of the substance of
10        the expert witnesses' testimony.
11         iii.  Additional witnesses, including experts, counsel do not expect to
12        call at this time but reserve the right to call at trial along with a
13        brief statement, not exceeding four sentences, of the substance of
14        the witnesses' testimony.
15        d.   A list of:
16           i.   All exhibits that counsel actually expect to offer at trial with a
17        one-sentence description of the exhibit.  All exhibits are to be
18        identified numerically, plaintiff starting with "1" and defendant
19        beginning with an agreed upon numerical designation.
20           ii.  All other exhibits that counsel do not expect to offer at this time
21        but reserve the right to offer if necessary at trial with a one-
22        sentence description of the exhibit.
23   e.   A statement of all facts to which the parties stipulate.  This statement
24   shall be on a separate page and will be read to and provided to the jury.
25   f.   A list of all deposition transcripts by page and line, or videotape
26   depositions by section, that will be offered at trial.
27   g.   Counsel will note any objections they have to any other parties' Fed. R.
28   Civ. P. 26 (a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. Judge Sabraw will entertain any questions concerning the conduct of the trial at the pretrial conference.

27. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f)(6)(a). On or before **May 31, 2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

28. The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with Judge Sabraw's chambers on or before **June 7, 2019**, and shall be in the form prescribed in and in compliance with Local Rule 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

29. The final pretrial conference shall be held before Judge Sabraw, United States District Court Judge, on **June 14, 2019** at **10:30 a.m.**, during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions. The trial is scheduled to commence on **July 15, 2019**, at **9:00 a.m.**

30. The dates and times set forth herein will not be modified except for good cause shown.

31. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: February 13, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge