1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED, | Case No. 3:17-cv-1375-DMS-MDD |
| Plaintiff, | **[PROPOSED] JOINT JURY INSTRUCTIONS**[1] |
| v. | |
| APPLE INC., | Trial Date:   March 4, 2019 |
| Defendant. | |
| | Judge:  Hon. Dana M. Sabraw |
| AND RELATED COUNTERCLAIMS | |

---

[1]    The parties agree that the submission of an instruction in these proposals is not a concession that any issue belongs to the jury.  The parties are continuing to negotiate these proposed instructions and reserve the right to modify them further in accordance with their negotiations and with the Court's directives in this regard.

ActiveUS 172038046v.1

1
2
3
4
5
## **PRELIMINARY INSTRUCTIONS**
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PRELIMINARY INSTRUCTION NO. 1[2]

## DUTY OF JURY

Members of the jury: you are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

---

[2] Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 1.3 (modified).

## PRELIMINARY INSTRUCTION NO. 2[3]

### OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Apple Inc. ("Apple") has infringed the claims of the asserted patents. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, Apple may infringe the asserted patents by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product or by using a method meeting all the requirements of a claim of the asserted patents. Apple may also indirectly infringe the asserted patents by contributing to infringement by another entity, or by inducing another person or entity to infringe. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the asserted patents are invalid. A patent may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. For a claim to be invalid because it is not new, Apple must show, by clear and convincing evidence, that all of the elements of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

---

[3]   Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) – Preliminary Instruction A.4 (modified).

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. You will need to consider a number of questions in deciding whether the invention(s) claimed in the asserted patents are obvious. I will provide you detailed instructions on these questions at the conclusion of the case.

If you decide that any claim of the asserted patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Qualcomm Incorporated ("Qualcomm") to compensate it for the infringement. A damages award should put Qualcomm in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what Qualcomm would have received had it been paid a reasonable royalty. I will instruct you later on the meaning of a reasonable royalty. The damages you award are meant to compensate Qualcomm and not to punish Apple. You may not include in your award any additional amount as a fine or penalty, above what is necessary to compensate Qualcomm for the infringement, in order to punish Apple. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

## PRELIMINARY INSTRUCTION NO. 4[4]

### NO TRANSCRIPT AVAILABLE TO JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

---

[4]     Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 1.17.

-5-

### PRELIMINARY INSTRUCTION NO. 6[5]

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as

---

[5]   Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 1.15.

consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

# PRELIMINARY INSTRUCTION NO. 7[6]

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

---

[6]   Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 1.16.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTIONS AT THE CLOSE OF EVIDENCE</u>**

-9-

# **FINAL INSTRUCTION NO. 8**[7]

## **DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

It is your duty to find the facts from all the evidence in the case. You will apply the law, as I give it to you, to those facts. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

---

[7]    Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 1.4.

1

2

### FINAL INSTRUCTION NO. 9[8]

### CONDUCT OF THE JURY

3    Because you must base your verdict only on the evidence received in the case

4 and on these instructions, I remind you that you must not be exposed to any other

5 information about the case or to the issues it involves.  Except for discussing the case

6 with your fellow jurors during your deliberations:

7    Do not communicate with anyone in any way and do not let anyone else

8 communicate with you in any way about the merits of the case or anything to do with it.

9 This includes discussing the case in person, in writing, by phone or electronic means,

10 via email, via text messaging, or any internet chat room, blog, website or application,

11 including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn,

12 Snapchat, or any other forms of social media.  This applies to communicating with your

13 family members, your employer, the media or press, and the people involved in the

14 trial.  If you are asked or approached in any way about your jury service or anything

15 about this case, you must respond that you have been ordered not to discuss the matter

16 and to report the contact to the court.

17    Do not read, watch, or listen to any news or media accounts or commentary

18 about the case or anything to do with it, although I have no information that there will

19 be news reports about this case; do not do any research, such as consulting dictionaries,

20 searching the Internet, or using other reference materials; and do not make any

21 investigation or in any other way try to learn about the case on your own.  Do not visit

22 or view any place discussed in this case, and do not use Internet programs or other

23 devices to search for or view any place discussed during the trial.  Also, do not do any

24 research about this case, the law, or the people involved—including the parties, the

25 witnesses or the lawyers—until you have been excused as jurors.  If you happen to read

26

27    [8]    Manual of Model Civil Jury Instructions for the District Courts of the Ninth
Circuit (Jan. 2019) – Instruction 3.2.

28

-11-

or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 10**[9]

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of various witnesses were taken prior to this trial. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.[10]

---

[9] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 2.4.

[10] The Parties reserve the right to modify or propose additional instruction clarifying the use of testimony from trials, hearings before the ITC, and witness statements, should it be necessary.

The Parties conditionally offer this instruction, for use in the event that deposition testimony is offered in lieu of live testimony. The Parties agree that this instruction is otherwise unnecessary.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FINAL INSTRUCTION NO. 11[11]

### USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.[12]

---

[11]   Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 2.11.

[12]   The Parties conditionally offer this instruction, for use in the event that responses to interrogatory requests are introduced at trial.  The Parties agree that this instruction is otherwise unnecessary.

# FINAL INSTRUCTION NO. 12[13]

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[13] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 2.14; *United States v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (citing *United States v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984)).

# FINAL INSTRUCTION NO. 13[14]

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

[14]     Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 2.15.

## FINAL INSTRUCTION NO. 15[15]

### THE ROLE OF THE CLAIMS OF A PATENT

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

---

[15] Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) at § B.2.1.

**FINAL INSTRUCTION NO. 16**[16]

**HOW A CLAIM DEFINES WHAT IT COVERS**

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device or a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent. Each claim may be narrower or broader than another claim by setting forth more or fewer requirements. The coverage of a patent is assessed claim-by-claim. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the meaning of the words in the claims and the requirements these words impose.

By understanding the meaning of the words in a claim and by understanding that the words in a claim set forth the requirements that a product or process must meet in order to be covered by that claim, you will be able to understand the scope of coverage for each claim. Once you understand what each claim covers, then you are prepared to decide the issues that you will be asked to decide, such as infringement and invalidity.

---

[16]   Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) at § B.2.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>FINAL INSTRUCTION NO. 18</u>**[17]

**INDEPENDENT AND DEPENDENT CLAIMS**

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claim 19 of the '936 Patent, claim 1 of the '949 Patent, and claim 31 of the '490 Patent are each independent claims.

Claims 25 and 27 of the '936 patent, and claims 2 and 8 of the '949 patent are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers. A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim.

---

[17]    Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) at § B.2.2a. (Modified to identify independent and dependent claims.)

# FINAL INSTRUCTION NO. 21[18]

## INFRINGEMENT - GENERALLY

I will now instruct you as to the rules you must follow when deciding whether Qualcomm has proven that Apple infringed any of the claims of the asserted patents.

Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling the claimed invention within the United States during the term of the patent. Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent. Here, Qualcomm alleges that Apple's iPhone 8, iPhone 8 Plus, and iPhone X containing an Intel baseband chipset infringe claims 19, 25, and 27 of the '936 patent; that Apple's iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, and iPhone X containing an Intel baseband chipset infringe claim 31 of the '490 patent; and that Apple's iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, and iPhone X containing an Intel baseband chipset infringe claims 1, 2, and 8 of the '949 patent.

A claim of a patent may be infringed directly or indirectly. As explained further in the following Instructions, direct infringement results if the accused product is covered by at least one claim of the patent. Indirect infringement results if the defendant induces another to infringe a claim of a patent or contributes to the infringement of a claim of a patent by another.

---

[18]    American Intellectual Property Law Association' Model Patent Jury Instructions (2018) at § V.3.0.

**FINAL INSTRUCTION NO. 26**[19]

**INDIRECT INFRINGEMENT – ACTIVE INDUCEMENT**

In addition, Qualcomm argues that Apple has actively induced another to infringe the Asserted Claims of the '936 patent, '949 patent, or '490 patent. In order for Apple to have induced infringement, Apple must have induced another to directly infringe claim 19, 25, or 27 of the '936 patent, claim 1, 2 or 8 of the '949 patent, or claim 31 of the '490 patent; if there is no direct infringement by anyone, there can be no induced infringement. As with direct infringement, you must determine induced infringement on a claim-by-claim basis.

In order to be liable for inducing infringement, Apple must:

(1) have intentionally taken action that actually induced direct infringement;

(2) have been aware of the asserted patents; and

(3) have known that the acts it was causing would infringe the asserted patents.

Apple may be considered to have known that the acts it was causing would infringe if it subjectively believed there was a high probability that the direct infringer's product or method was patented and nevertheless deliberately took steps to avoid learning that fact, in other words, willfully blinded itself to the infringing nature of the direct infringer's acts.

---

[19]     Model Patent Jury Instructions for the Northern District of California (Dec. 2018) – Instruction 3.7 (modified); 35 U.S.C. § 271(b); *Commil USA, LLC v. Cisco Systems, Inc.*, 135 S.Ct. 1920, 19 8-31 (2015); *Global-Tech Appliances, Inc. et. al. v. SEB S.A.*, 563 U.S. 754, 769-770 (2011).

-21-

1
2

# FINAL INSTRUCTION NO. 27[20]

## CONTRIBUTORY INFRINGEMENT

3       In addition to alleging direct infringement, Qualcomm also contends that Apple

4   has indirectly infringed the '949 patent, '936 patent, and '490 patent. Qualcomm argues

5   that Apple has contributed to the infringement of the asserted claims of the '936 patent,

6   '949 patent, or '490 patent by another.  Contributory infringement may arise when

7   someone supplies something that is used to infringe one or more of the patent claims.

8   As with direct infringement, you must determine contributory infringement on a claim-

9   by-claim basis.

10       In order for there to be contributory infringement by Apple, someone other than

11   Apple must directly infringe claim 19, 25, or 27 of the '936 patent, claim 1, 2 or 8 of

12   the '949 patent, or claim 31 of the '490 patent; if there is no direct infringement by

13   anyone, there can be no contributory infringement.

14       If you find someone has directly infringed the claim 19, 25, or 27 of the '936

15   patent, claim 1, 2 or 8 of the '949 patent, or claim 31 of the '490 patent, then

16   contributory infringement exists if:

17       (1) Apple supplied an important component of the infringing part of the product;

18       (2) The component is not a common component suitable for non-infringing use;

19           and

20
21
22

---

[20]       Model Patent Jury Instructions for the Northern District of California (Dec.
2018) – Instruction 3.6 (modified); 35 U.S.C. § 271(c); *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476 (1964)*; PharmaStem Therapeutics, Inc. v. ViaCell, Inc. et. al.,* 491 F.3d 1342, 1356- 58 (Fed. Cir. 2007)*;; DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1303 (Fed. Cir. 2006)*; Mentor H/S, Inc. v. Med. Device Alliance, Inc.,* 244 F.3d 1365 (Fed. Cir. 2001)*; Hewlett-Packard Co. v. Bausch & Lomb, Inc.,* 909 F.2d 1464, 1469 (Fed. Cir. 1990)*; Preemption Devices, Inc. v. Minn. Mining & Mfr. Co.,* 803 F.2d 1170, 1174 (Fed. Cir. 1986).

-22-

(3) Apple supplied the component with the knowledge of the asserted patents and knowledge that the component was especially made or adapted for use in an infringing manner.

A "common component suitable for non-infringing use" is a component that has uses other than as a component of the patented product, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.

-23-

1

2

**FINAL INSTRUCTION NO. 30**[21]

**ANTICIPATION**

3    A patent claim is invalid if the claimed invention is not new. For the claim to be

4  invalid because it is not new, all of its requirements must have existed in a single device

5  or method that predates the claimed invention, or must have been described in a single

6  previous publication or patent that predates the claimed invention. In patent law, these

7  previous devices, methods, publications or patents are called "prior art references." If a

8  patent claim is not new, we say it is "anticipated" by a prior art reference.

9    The description in the written reference does not have to be in the same words as

10  the claim, but all of the requirements of the claim must be there, either stated or

11  necessarily implied, so that someone of ordinary skill in the field of the asserted patents

12  looking at that one reference would be able to make and use the claimed invention.

13    In determining whether a single item of prior art anticipates a patent claim, you

14  may consider not only what is expressly disclosed in that item of prior art but also what

15  is inherently present or disclosed in it or inherently results from its use. Prior art

16  inherently anticipates a patent claim if the missing requirement or feature would

17  necessarily be present in the prior art.

18

---

19    [21]  Model Patent Jury Instructions for the Northern District of California (Dec.

20  2018) – Instruction 4.3a1 (modified); 35 U.S.C. § 102(a), (c), (e), (f) and (g); *Flex-Rest, LLC v. Steelcase, Inc.,* 455 F.3d 1351, 1358- 60 (Fed. Cir. 2006); *Invitrogen Corp. v.*

21  *Biocrest Mfg., L.P.,* 424 F.3d 1374, 1379-82 (Fed. Cir. 2005); *Apotex U.S.A., Inc. v.*

22  *Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001); *Mycogen Plant Science, Inc. v. Monsanto Co.*, 243 F.3d 1316, 1330 (Fed. Cir. 2001); *Ecolochem, Inc. v. S. Cal. Edison*

23  *Co.*, 227 F.3d 1361, 1367-70 (Fed. Cir. 2000); *Singh v. Brake*, 222 F.3d 1362, 1366-70

24  (Fed. Cir. 2000); *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1349 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1576-78 (Fed. Cir. 1997);

25  *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 78 F.3d 540, 545 (Fed. Cir. 1996); *In re*

26  *Bartfeld*, 925 F.2d 1450 (Fed. Cir. 1985); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772

27  F.2d 1570, 1574 (Fed. Cir. 1985); *American Stock Exch., LLC v. Mopies*, 250 F. Supp. 2d 323 (S.D.N.Y. 2003); *In re Wyer*, 655 F.2d 221, 226 (C.C.P.A. 1981).

28

Here is a list of the ways that Apple can show that a patent claim was not new:

- if the claimed invention was already publicly known or publicly used by others in the United States before the conception date of the asserted patent;

- if the claimed invention was already patented or described in a printed publication anywhere in the world before the conception date of the asserted patent (a reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find); or

- if the claimed invention was already made by someone else in the United States before the conception date of the asserted patent, if that other person had not abandoned the invention or kept it secret.

# FINAL INSTRUCTION NO. 32[22]

## STATUTORY BARS

A patent claim is invalid if the patent application was not filed within the time required by law. This is called a "statutory bar." For a patent claim to be invalid by a statutory bar, all of its requirements must have been present in one prior art reference dated more than one year before the patent application was filed. Apple contends that the '936 patent is subject to a statutory bar.  Qualcomm disputes this contention.  Here is a list of ways Apple can show that Qualcomm lost the right to patent claims 19, 25, and 27 of the '936 patent:

- if the claimed invention was already patented or described in a printed publication anywhere in the world before April 21, 2007 for the '936 patent (a reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find);

- if the claimed invention was already being used in the United States before April 21, 2007 for the '936 patent and that use was not primarily an experimental use (a) controlled by the inventor, and (b) to test whether the invention worked for its intended purpose; or

---

[22]   Model Patent Jury Instructions for the Northern District of California (Dec. 2018) – Instruction 4.3a2 (modified); 35 U.S.C. § 102(b) and (d); *Pfaff v. Wells Elec. Inc.*, 525 U.S. 55 (1998); *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1382-83 (Fed. Cir. 2005); *Schering Corp. v. Geneva Pharms.,* 339 F.2d 1273 (Fed Cir. 2003); *Helifix Ltd. v. Blok-Lok, Ltd.*, 208 F.3d 1339, 1346 (Fed. Cir. 2000); *Abbot Labs. v. Geneva Pharms., Inc.*, 182 F.3d 1315, 1318 (Fed. Cir. 1999); *Finnigan Corp. v. Int'l Trade Comm'n*, 180 F.3d 1354 (Fed. Cir. 1999); *J.A. LaPorte, Inc. v. Norfolk Dredging Co.*, 787 F.2d 1577, 1581 (Fed. Cir. 1986); *In re Hall*, 781 F.2d 897, 898-99 (Fed. Cir. 1986); *D.L. Auld Co. v. Chroma Graphics Corp.*, 714 F.2d 1144, 1150 (Fed. Cir. 1983); *Metallizing Eng'g Co. v. Kenyon Bearing & Auto Parts Co.*, 153 F.2d 516 2d Cir. 1946).

-26-

- if a device or method using the claimed invention was sold or offered for sale in the United States, and that claimed invention was ready for patenting, before April 21, 2007 for the '936 patent.

For claim 19, 25, or 27 of the '936 patent to be invalid because of a statutory bar, all the claimed requirements must have been either (1) disclosed in a single prior art reference, (2) implicitly disclosed in a reference to one skilled in the field, or (3) must have been present in the reference, whether or not that was understood at the time. The disclosure in a reference does not have to be in the same words as the claim, but all the requirements must be there, either described in enough detail or necessarily implied, to enable someone of ordinary skill in the field of the asserted patent looking at the reference to make and use the claimed invention.

# FINAL INSTRUCTION NO. 34[23]

## LEVEL OF ORDINARY SKILL

In deciding what the level of ordinary skill in the field of invention is, you should consider all the evidence introduced at trial, including but not limited to: (1) the levels of education and experience of the inventor and other persons actively working in the field; (2) the types of problems encountered in the field; (3) prior art solutions to those problems; (4) rapidity with which innovations are made; and (5) the sophistication of the technology.

---

[23]   Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) at § B.4.3c(i).

-28-

1
2

**FINAL INSTRUCTION NO. 37**[24]

**DAMAGES - INTRODUCTION**

3      I will now instruct you about the measure of damages.  By instructing you on

4  damages, I am not suggesting which party should win this case, on any issue.  If you

5  find that Apple infringed claim 1, 2, or 8 of the '949 patent, claim 19, 25, or 27 of the

6  '936 patent, or claim 31 of the '490 patent, you must then determine the amount of

7  money damages to be awarded to Qualcomm to compensate it for that infringement.

8      The damages you award must be adequate to compensate Qualcomm for the

9  infringement.  They are not meant to punish an infringer.  If you find infringement,

10  Qualcomm is entitled to recover no less than a reasonable royalty for each infringing

11  sale.

12      Qualcomm has the burden to establish the amount of its damages by a

13  preponderance of the evidence.  In other words, you should award only those damages

14  that Qualcomm more likely than not suffered.  While Qualcomm is not required to

15  prove the amount of its damages with mathematical precision, it must prove them with

16  reasonable certainty.  You may not award damages that are speculative, damages that

17  are only possible, or damages that are based on guesswork.

18      In this case, Qualcomm seeks a reasonable royalty.  A reasonable royalty is

19  defined as the money amount Qualcomm and Apple would have agreed upon as a fee

20  for use of the invention at the time prior to when infringement began.

21
22
23
24
25

26  [24]    Federal Circuit Bar Association Model Patent Jury Instructions (July 2016) at §
27  B.6.1.   Modified to remove paragraph regarding RAND encumbered patents, and
    identify the relevant parties.
28

# FINAL INSTRUCTION NO. 42[25]

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

---

[25]   Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 3.3.

[PROPOSED] JOINT JURY INSTRUCTIONS
Case No. 3:17-cv-1375-DMS-MDD

# FINAL INSTRUCTION NO. 43[26]

## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

---

[26] Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 3.5.

# FINAL INSTRUCTION NO. 45[27]

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

---

[27]     Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (Jan. 2019) – Instruction 3.1.

# FINAL INSTRUCTION NO. 46[28]

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits that are admitted into evidence;

3.      Any facts to which the lawyers have agreed; and

4.      Any facts that I have instructed you to accept as proved.

---

[28]      Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 1.9.

# FINAL INSTRUCTION NO. 47[29]

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

---

[29]   Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 1.10.

-34-

## FINAL INSTRUCTION NO. 49[30]

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you must take into account:

1. The opportunity and ability of the witness to see or hear or know the thing testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case, if any;

5. The witness's bias or prejudice, if any;

6. Whether other evidence contradicted the witness's testimony;

7. The reasonableness of the witness's testimony in light of all the evidence; and

8. Any other factors that bear on believability.

Sometimes a witness may see something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the

---

[30]   Ninth Circuit Manual of Model Civil Jury Instructions (2017 Edition, Updated Sept. 2018) at § 1.14.

-35-

1   other hand, if you think the witness testified untruthfully about some things but told the

2   truth about others, you may accept the part you think is true and ignore the rest.

3       The weight of the evidence as to a fact does not necessarily depend on the

4   number of witnesses who testify.  What is important is how believable the witnesses

5   were, and how much weight you think their testimony deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FINAL INSTRUCTION NO. 50[31]

### EXPERT OPINION

You have heard testimony for Qualcomm from [COURT TO PROVIDE NAMES OF WITNESSES WHO GAVE TESTIMONY AND WERE ACCEPTED AS EXPERTS] as well as testimony for Apple from [COURT TO PROVIDE NAMES OF WITNESSES WHO GAVE TESTIMONY AND WERE ACCEPTED AS EXPERTS] who testified to opinions and the reasons for his opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

---

[31]   Ninth Circuit Manual of Model Civil Jury Instructions (Jan. 2019) at § 2.13.  Modified to identify expert witnesses.  Modified to provide Court opportunity to name witnesses who gave testimony and were accepted as experts.

1

2   DATED:  March 1, 2019

3

4   By: /s/ Nina S. Tallon                          By: /s/ Michelle A. Clark

5   Nina S. Tallon, DC Bar No. 479481       QUINN EMANUEL URQUHART
    pro hac vice,                                   & SULLIVAN, LLP
6   nina.tallon@wilmerhale.com              David A. Nelson (pro hac vice)
7   WILMER CUTLER PICKERING HALE AND        (Ill. Bar No. 6209623)
    DORR LLP                                davenelson@quinnemanuel.com
8   1875 Pennsylvania Avenue NW             Stephen Swedlow (pro hac vice)
    Washington, DC 20006                    (Ill. Bar No. 6234550)
9   Phone: 202-663-6000 /                   stephenswedlow@quinnemanuel.com
10  Fax: 202-663-6363                       191 N. Wacker Dr., Suite 2700
                                            Chicago, Illinois 60606
11  Mark D. Selwyn, SBN 244180,             Telephone: (312) 705-7400
12  mark.selwyn@wilmerhale.com              Facsimile: (312) 705-7401
    WILMER CUTLER PICKERING HALE AND
13  DORR LLP                                Scott L. Watson (SBN 219147)
14  950 Page Mill Road                      scottwatson@quinnemanuel.com
    Palo Alto, CA 94304                     Joseph C. Sarles (SBN 254750)
15  Phone: 650-858-6000 /                   josephsarles@quinnemanuel.com
16  Fax: 650-858-6100                       Valerie A. Lozano (SBN 260020)
                                            valerielozano@quinnemanuel.com
17  William F. Lee, MA Bar No. 291960       Patrick T. Schmidt (SBN 274777)
18  pro hac vice,                           patrickschmidt@quinnemanuel.com
    william.lee@wilmerhale.com              865 South Figueroa Street, 10th Floor
19  Joseph J. Mueller, MA Bar No. 647567    Los Angeles, CA 90017
20  pro hac vice,                           Telephone: (213) 443-3000
    joseph.mueller@wilmerhale.com           Facsimile: (213) 443-3100
21  Timothy Syrett, MA Bar No. 663676
22  pro hac vice,                           Richard W. Erwine (pro hac vice)
    timothy.syrett@wilmerhale.com           (N.Y. Bar No. 2753929)
23  WILMER CUTLER PICKERING HALE AND        richarderwine@quinnemanuel.com
    DORR LLP                                Alexander Rudis (pro hac vice
24  60 State Street                         forthcoming)
25  Boston, MA 02109                        (N.Y. Bar No. 4232591)
26  Phone: 617-526-6000 /                   alexanderrudis@quinnemanuel.com
    Fax: 617-526-5000                       Patrick D. Curran (SBN 241630)
27                                          patrickcurran@quinnemanuel.com
28  Juanita R. Brooks, SBN 75934,           51 Madison Avenue, 22nd Floor

-38-

brooks@fr.com
Seth M. Sproul, SBN 217711,
sproul@fr.com
Frank Albert, SBN 247741,
albert@fr.com
Joanna M. Fuller, SBN 266406,
jfuller@fr.com
Robert M. Yeh, SBN 286018,
ryeh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 /
Fax: 858-678-5099

Katherine D. Prescott, SBN 215496
prescott@fr.com
Betty H. Chen, SBN 24056720
betty.chen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Phone: 650-839-5070 /
Fax: 650-839-5071

Ruffin B. Cordell, DC Bar No. 445801
*pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421
*pro hac vice*, degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W. Suite 1000
Washington, D.C. 20024
Phone: 202-783-5070 /
Fax: 202-783-2331

William A. Isaacson, DC
Bar No. 414788
*pro hac vice*, wisaacson@bsfllp.com
Karen L. Dunn, DC Bar No. 1002520
*pro hac vice*, kdunn@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
1401 New York Avenue, N.W.

New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michael D. Powell (SBN 202850)
mikepowell@quinnemanuel.com
Michelle Ann Clark (SBN 243777)
michelleclark@quinnemanuel.com
Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 857-6700

*Attorneys for Plaintiff and
Counterclaim Defendants*
QUALCOMM INCORPORATED
and QUALCOMM
TECHNOLOGIES, INC.

-39-

Washington, DC 20005
Phone: 202-237-2727 /
Fax: 202-237-6131

Benjamin C. Elacqua, TX
SBN 24055443
*pro hac vice*, elacqua@fr.com
John P. Brinkmann, TX
SBN 24068091
*pro hac vice*, brinkmann@fr.com
FISH & RICHARDSON P.C.
One Houston Center, 28th Floor
1221 McKinney
Houston, TX 77010
Phone: 713-654-5300 /
Fax: 713-652-0109

Brian P. Boyd, GA SBN 553190
*pro hac vice*, bboyd@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St., NE, 21ST Floor
Atlanta, GA 30309
Phone: 404-892-5005 /
Fax: 404-892-5002

*Attorneys for Defendant and Counter-Claim Plaintiff Apple Inc.*

-40-

1

2                            **CERTIFICATE OF SERVICE**

3         The undersigned hereby certifies that a true and correct copy of the above and

4    foregoing document has been served on March 1, 2019 to all counsel of record who

5    are deemed to have consented to electronic service via the Court's CM/ECF system

6    per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic

7    mail, facsimile and/or overnight delivery.

8         Executed on March 1, 2019 at San Diego, California.

9

10                             */s/ Michelle A. Clark*
                               _____
11                                 Michelle A. Clark

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28