David A. Nelson (*pro hac vice*)  
(Ill. Bar No. 6209623)  
davenelson@quinnemanuel.com  
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**  
500 West Madison St., Suite 2450  
Chicago, Illinois 60661  
Telephone: (312) 705-7400  
Facsimile: (312) 705-7401  

Scott L. Watson (SBN 219147)  
scottwatson@quinnemanuel.com  
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**  
865 South Figueroa Street, 10th Floor  
Los Angeles, CA 90017  
Telephone: (213) 443-3000  
Facsimile: (213) 443-3100  

Karen P. Hewitt (SBN 145309)  
kphewitt@jonesday.com  
Randall E. Kay (SBN 149369)  
rekay@jonesday.com  
**JONES DAY**  
4655 Executive Drive, Suite 1500  
San Diego, California 92121  
Telephone: (858) 314-1200  
Facsimile: (844) 345-3178  

*[Additional counsel identified on signature page]*

*Attorneys for Plaintiff and Counterclaim Defendants*  
QUALCOMM INCORPORATED  
AND  
QUALCOMM TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. 3:17-cv-1375-DMS-MDD <br><br> **QUALCOMM INCORPORATED'S BENCH MEMORANDUM IN SUPPORT OF THE ADMISSIBILITY OF PX066** <br><br> Trial Date: March 4, 2019 <br><br> Judge: Hon. Dana M. Sabraw |

**QUALCOMM INCORPORATED'S BENCH MEMORANDUM IN SUPPORT OF THE ADMISSIBILITY OF PX0066**

## I. PRELIMINARY STATEMENT

Plaintiffs' Trial Exhibit 066 (PX0066), the contemporaneous minutes of a February 5, 2010 telephonic meeting between Apple and Qualcomm employees, is admissible as a business record because it was created from Qualcomm's regularly maintained records and in the course of Qualcomm's regularly conducted activity. Under Fed. R. Evid. 803(6), it is admissible as a business record, and pursuant to the stipulations in the Joint Pretrial Order such documents do not require additional foundation or authentication. (Dkt. 608.)

## II. BACKGROUND

On February 3, 2010, Apple engineer S. Aon Mujtaba and other Apple employees requested a call with Qualcomm's "relevant Gobi protocol experts" to discuss "the image transfer protocol from the AP to the BB." PX0592 at 5 (Feb. 3, 2010 9:27 pm email). The request was relayed to Qualcomm's "resident Gobi 'image transfer protocol' experts," Billy Oostra and Claudia De Andrade, who, along with Qualcomm employee Ravi Soordelu, scheduled a call with Apple for 10 am on February 5, 2010. *Id*. at 2-3 (Feb. 4, 2010 10:35 am and 4:46 pm emails).

Mr. Soordelu emailed the Apple team with details of the scheduled call on February 5, 2010. PX0809 at 11 (Feb. 4, 2010 9:57 pm email). Before the call, Mr. Soordelu was asked by Jim Willkie of Qualcomm to take and "post minutes from this meeting." PX0812. Mr. Soordelu confirmed that he would, and at 7:19 pm on February 5, 2010, he sent Mr. Willkie, Mr. Oostra, Ms. De Andrade and others an email setting forth the topics discussed during the call a high level including "details on the protocol used in Gobi" and how "boot mechanism for Gobi" can be leveraged, among other things. *Id.* In addition to the email setting out "high level topics," Mr. Soordelu also created consistent, but more detailed, meeting minutes with the file name "2010_02_05_GobiDownloadcall.txt." PX0066.

## III. ARGUMENT

### A. Fed. R. Evid. 803(6) Legal Standard

Under Fed. R. Evid. 803(6), statements recording an act or event are admissible if "(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

### B. PX0066 Is Admissible as a Business Record

PX0066 is admissible under the business records exception to the hearsay rule because it was produced from Qualcomm's meeting records, which Qualcomm keeps in the ordinary course of business.

#### i. PX0066 Qualifies As A Business Record Under Fed. R. Evid. 803(6).

PX0066 meets each of the conditions of Fed. R. Evid. 803(6).  Both the title of the document (2010_02_05_GobiDownloadcall.txt) and the February 5, 2010 email Mr. Soordelu sent in response to being asked to take minutes during that day's call (PX0812) establish that it was created the same day as the meeting it memorializes, by a participant.  The meeting itself was part of Qualcomm's regularly-conducted and ongoing business activity, specifically its long-running collaboration and discussion with Apple employees regarding solutions to technical engineering challenges in smart phone software and hardware.  And as both testimony and other documents show, Mr. Soordelu's minutes were consistent with and a part of Qualcomm's regular practice at the time they were created.

Meeting minutes have been consistently deemed admissible under Fed. R. Evid. 803(6) because they, like other regular business records, contain an important indicia of trustworthiness: they are relied upon by their creator for business purposes and would not serve that purpose if they contained inaccuracies. *See generally* Advisory Committee Note to Fed. R. Evid. 803(6) (1972) ("The element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation."). Businesses rely on minutes to accurately record the contents of a meeting so that the topics that are discussed, the objectives that are agreed-upon, and the tasks that are assigned can all be completed and built upon. *See Allied Irish Banks, P.L.C. v. R2D2, L.L.C.*, No. CV088527RSWLFMOX, 2009 WL 10671184, at *5 (C.D. Cal. Mar. 11, 2009) (noting that once a document "qualifies as a business record, it is presumed to be reliable and trustworthy; the burden is on [the opponent] to produce admissible evidence establishing that the Loan Statement is untrustworthy.").

The contents of PX0066 demonstrate that it contains the indicia of reliability that justify admission of business records. Mr. Soordelu's minutes do not contain opinions, editorialization, or characterization of the meeting they record; they simply recount what was said. Those accounts include technical details (*e.g.*, "OEMSBL has support for download thru USB"), descriptions of current technology (*e.g.*, "Typically it takes 2 seconds for about 15 MB image"), and client requests for further development (*e.g.*, "Mav needs to completely boot out of DDR. Can we help ?"). None of these details, or any other part of the minutes, would be valuable to Qualcomm if they were inaccurate. They are accordingly admissible as business records, as numerous courts have previously held in admitting or affirming the admission of minutes. *See United States v. Freeman*, 585 F. App'x 516, 517 (9th Cir. 2014) (affirming admission of "draft minutes into evidence under the

business records hearsay exception"); *Ernst v. City of Chicago*, 837 F.3d 788, 805 (7th Cir. 2016) ("Meeting minutes properly fall within the business-records exception.") (citation omitted); *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 313-14 (2d Cir. 2008) (meeting minutes, including statements made by attendees from outside the company keeping the minutes, "plainly are admissible as a business record under Rule 803(6)").

PX0066 does not become hearsay based on the level of its detail.  A business record "is admissible to prove the matters it states, with or without reference to the underlying source material." *Allied Irish,* 2009 WL 10671184, at *5.  Accordingly, even meeting minutes that solely cover the high level topics of what was discussed are considered admissible.  PX0066, obviously, records significantly more detail than just the topics discussed, and it is admissible as a record of the memorialized contents of the February 5, 2010 meeting.

### ii. PX0066 Requires No Foundation Or Authentication Under The Joint Pretrial Order.

The Amended Proposed Joint Pretrial Order explicitly permits "that documents created by a party in the ordinary course of business may be admitted by that party or the opposing party without requiring fact testimony for the purpose of establishing authentication and foundation for the document." (Dkt. 608.)  PX0066 is a document created by Qualcomm in the ordinary course of business, and is thus admissible without fact testimony establishing authentication or foundation under the stipulations in the Pretrial Order.

### iii. Claudia De Andrade Is A Qualified Witnesses Under Fed. R. Evid. 803(6)(D).

Although PX0066 is covered by the stipulation discussed above, Ms. DeAndrade also constitutes a "qualified witness" with regard to this document for purposes of Fed. R. Evid. 803(6)(D)'s foundational requirements.  "When a witness is used to lay the foundation for admitting records under Rule 803(6), all that is required is that the witness be familiar with the record keeping system." *United*

*States v. Hathaway*, 798 F.2d 902, 906 (6th Cir. 1986) (collecting cases); *see also United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1990) ("The phrase '[an]other qualified witness' is broadly interpreted to require only that the witness understand the record-keeping system."); *United States v. Walt*, 117 F.3d 1427 (9th Cir. 1997) (Table); *United States v. Franco,* 874 F.2d 1136, 1139–40 (7th Cir. 1989).  It is not necessary to call the custodian of the records to lay a foundation for a business record; rather the business records exception "only requires 'someone with knowledge' about the record-keeping, not necessarily an employee of the business or someone with knowledge of how the reports were made or maintained." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 426 (9th Cir. 2018); *see also FDIC v. Staudinger*, 797 F.2d 908, 910 (10th Cir. 1986).

Additionally, the "sponsoring witness need not possess or even see the records in question before trial." *United States v. Turner,* 189 F.3d 712, 720 (8th Cir. 1999) (citing *United States v. Coohey,* 11 F.3d 97, 99–100 (8th Cir. 1993)); s*ee also United States v. Berry*, 732 F. App'x 127, 132 (3d Cir.), *cert. denied,* 139 S. Ct. 258 (2018) (holding that CFO could lay foundation because "he knows how the system works" and could testify that the records were "the type of purchase order that is created in the ordinary course of business on a daily basis.").

Claudia De Andrade, an employee of Qualcomm and participant in the February 5, 2010 call, is qualified to discuss Qualcomm's minute keeping procedures.  Ms. De Andrade testified in her deposition that Mr. Soordelu was "taking meeting notes" for the Gobi team.  *See* De Andrade Mar. 5, 2018 Dep. Tr. 82:20-83:1.  She will further testify that the document at issue, PX0066, was created on orders from Mr. Willkie of Qualcomm on an email chain that included Ms. De Andrade.  PX0812.  Thus, Ms. De Andrade has more than adequately shown her familiarity with Qualcomm's minutes keeping process and is a "qualified witness" to establish that Rule 803(6)'s foundational requirements have been met.  *See Ray*, 930 F.2d at 1370.

1   Finally, "the rule requires the 'testimony of the custodian or another qualified
2   witness[, which] allows proponents to introduce business records through
3   unorthodox foundation witnesses[.]" 30B Fed. Prac. & Proc. Evid. § 6863 (2018
4   ed.); *see also Chevron Corp. v. Donziger,* 974 F. Supp. 2d 362, 691 (S.D.N.Y.
5   2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016) ("neither a qualified witness nor a
6   certification is necessary to provide the foundation in all instances"). "In other
7   words, the key inquiry is whether the foundation witness is familiar with the
8   organization's record keeping practices, not his familiarity with any particular
9   record." *United States v. Pirk*, No. 1:15-CR-00142 EAW, 2018 WL 1521781, at *3
10  (W.D.N.Y. Mar. 28, 2018) (*citing* 30B Federal Practice and Procedure § 6863).

11  Here, the documents produced and other trial exhibits show a record of the
12  February 5, 2010 call that took place and what was discussed.  PX0592 shows that
13  Apple engineers requested a call with Gobi experts to discuss Gobi's "image
14  transfer protocol."  PX0809 shows that Mr. Soordelu sent an email to the Apple
15  team with details of the scheduled call.  The PX0812 email chain shows that Mr.
16  Soordelu was asked by Mr. Willkie to take and "post minutes from this meeting,"
17  that Mr. Soordelu agreed he would do so, and that he sent a subsequent email
18  recounting what was discussed.  Qualcomm regularly participates in calls with
19  Apple engineers and meeting minutes of those calls are regularly maintained.
20  Indeed, the records were kept for nearly eight years after they were recorded before
21  they were produced in this litigation in 2018, and there is no serious dispute as to the
22  contents and preservation of the documents.  Accordingly, PX0066 is admissible as
23  a business record.

    **iv.   Apple Cannot Show That PX0066 Indicates A Lack Of Trustworthiness**

24  Because PX0066 is a regular and contemporaneous business record, it is
25  admissible unless Apple can affirmatively establish that it is untrustworthy.  "[T]he
26  burden is on the opponent to show that the source of information or the method or
27
28

-6-

circumstances of preparation indicate a lack of trustworthiness. . . . It is appropriate to impose this burden on opponent, as the basic admissibility requirements are sufficient to establish a presumption that the record is reliable." Advisory Committee Note to Fed. R. Evid. 803(6) (2014). Apple has identified no contradictory documents that show any inaccuracy in the minutes Mr. Soordelu took, and even doing so would not render the minutes inadmissible hearsay. *See Freeman*, 585 F. App'x at 517. Because Qualcomm has carried its burden to establish the admissibility of PX0066 and Apple cannot carry its contrary burden, the minutes should be admitted as a business record.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that PX0066 be admitted into evidence.

DATED:  March 4, 2019                    Respectfully Submitted,

By */s/ Michelle Ann Clark*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Nathan A. Hamstra (*pro hac vice*)
(Ill. Bar No. 6286325)
nathanhamstra@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

|   |   |
|---|---|
| 1 | Scott L. Watson (SBN 219147) |
|   | scottwatson@quinnemanuel.com |
| 2 | Valerie A. Lozano (SBN 260020) |
|   | valerielozano@quinnemanuel.com |
| 3 | Patrick T. Schmidt (SBN 274777) |
|   | patrickschmidt@quinnemanuel.com |
| 4 | 865 South Figueroa Street, 10th Floor |
|   | Los Angeles, CA 90017 |
| 5 | Telephone: (213) 443-3000 |
|   | Facsimile: (213) 443-3100 |

Richard W. Erwine (*pro hac vice*)
(N.Y. Bar No. 2753929)
richarderwine@quinnemanuel.com
Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michelle A. Clark (SBN 243777)
michelleclark@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700


JONES DAY
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
John D. Kinton (SBN 203250)
jkinton@jonesday.com
Kelly V. O'Donnell (SBN 257266)
kodonnell@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Plaintiff and Counterclaim Defendants*
QUALCOMM INCORPORATED and
QUALCOMM TECHNOLOGIES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 4, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 4, 2019 at San Diego, California.

*/s/ Michelle Ann Clark*
Michelle Ann Clark