Nina S. Tallon, DC Bar No. 479481, *appearing pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Joseph J. Mueller, MA Bar No. 647567, *appearing pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

Juanita R. Brooks, SBN 75934
Seth M. Sproul, SBN 217711
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *appearing pro hac vice*
Lauren A. Degnan, DC Bar No. 452421, *appearing pro hac vice*
FISH & RICHARDSON P.C.
1000 Maine Avenue SW, Suite 1000
Washington, DC 20024
Phone: 202-783-5070 / Fax: 202-783-2331

[Additional counsel listed in signature block on last page.]

*Attorneys for Defendant/Counterclaim-Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-1375-DMS-MDD<br><br>**APPLE INC.'S OPPOSITION TO QUALCOMM'S "EX PARTE MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING APPLE'S REFUSAL TO PROVIDE ITS SOURCE CODE FOR INSPECTION"**<br><br>Judge: Hon. Mitchell D. Dembin |

## I.     INTRODUCTION

With trial underway, Qualcomm asks the Court to reopen discovery—which ended in October 2018—to allow Qualcomm to conduct a new inspection of Apple's source code.   During the ten months of fact and expert discovery, Qualcomm's attorneys and experts spent at least *sixty days* inspecting (and printing) the code.   The time for further inspections is over:   Qualcomm and its experts have disclosed the code on which they intend to rely, and trial has begun.   Further inspection of code on which Qualcomm and its experts have not relied is unnecessary for Qualcomm to prepare for trial.

Qualcomm's motion rests on the false premise that the parties have a dispute over "discovery"—they do not.   Discovery has been closed for months.   Apple made its code available throughout discovery, and Qualcomm repeatedly inspected (and printed) that code under the terms of the Protective Order.

Qualcomm has no need to inspect Apple's source code yet again to prepare for trial.   The parties' exhibit lists include all the Apple source code on which they may rely at trial—all of which Qualcomm possesses.

Qualcomm's untimely inspection would only serve to burden Apple by disrupting its trial preparation and creating disputes about injecting undisclosed expert opinions into the ongoing trial.

## II.     BACKGROUND

### A.     Procedural History

Fact discovery closed on July 27, 2018.   (Dkt. 228.)   Opening expert reports were served on September 18, 2018.  (Dkt. 311.)   The Court stated that, with a limited exception for rebuttal, "any party that fails to make [required] disclosures [in opening expert reports] shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed . . . at the time of trial."  (Dkt. 152 ¶ 16.)   Rebuttal reports were served on October 9, 2018, and expert discovery closed on October 19, 2018.

(Dkt. 311.)   Memoranda of Contentions of Fact and Law—including preliminary exhibit lists—were filed on January 8, 2019.  (Dkt. 510 at 1.)  Pretrial disclosures were served on January 25, 2019.  (*Id*.)  The Court stated that "[f]ailure to comply with these disclosure[] requirements could result in evidence preclusion or other sanctions[.]"  (Dkt. 152 ¶ 24.)  Trial began yesterday.  (*Id.* ¶ 29.)

## B.    Apple's Source Code Productions and Qualcomm's Inspections

Apple produced its source code by January 2018.  (Ex. A [12/15/17 Apple Email]; Ex. B [1/31/18 Apple Letter].)   Since Apple first made its source code available, Qualcomm's attorneys and experts have made roughly sixty separate inspection visits.  (Ex. C [1/26/18 QC Email]; Ex. D [3/8/18 QC Email]; Ex. E [5/3/18 QC Email]; Ex. F [7/12/18 QC Email]; Ex. G [8/3/18 QC Email].)  Over twenty of these were made between January and March 2018.  (Ex. C [1/26/18 QC Email]; Ex. D [3/8/18 QC Email].)   Qualcomm's '936 patent expert, Dr. Annavaram, made inspections over multiple days and weeks in February and March 2018, as well as in May 2018.  (Ex. D [3/8/18 QC Email]; Ex. E [5/3/18 QC Email].)  Inspections by Dr. Rinard, Qualcomm's current '949 patent expert, consumed nearly the first half of August 2018.  (Ex. G [8/3/18 QC Email].)  Qualcomm's counsel inspected the code on multiple days in January and February 2018, as well as in March and April 2018. (Ex. C [1/26/18 QC Email]; Ex. D [3/8/18 QC Email]; Ex. E [5/3/18 QC Email].) These inspections alone resulted in almost thirty print requests.  (Ex. H [2/22/18 QC Email]; Ex. I [2/27/18 QC Email]; Ex. J [3/3/18 QC Email]; Ex. K [3/15/18 QC Email]; Ex. E [5/3/18 QC Email].)  Finally, Qualcomm inspected compiler software in November 2018, December 2018, and January 2019; these inspections led to multiple print requests.  (Ex. L [12/22/18 QC Email]; Ex. M [1/10/19 QC Email]; Ex. N [1/14/19 QC Email].)

## III.   ARGUMENT

### A.   Qualcomm Had Ample Opportunity To Inspect And Print The Apple Source Code During Discovery.

With one minor exception, the entirety of Apple's source code was continuously available for almost ***eleven months***.[1]  That included nearly half a year before expert discovery closed in this matter.  Courts have found far shorter timespans sufficient to conduct a reasonable inspection.  *See, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 561 (E.D. Tex. 2005) (ordering plaintiff to supplement claim charts "with specific references to the source code within 30 days of Defendants depositing the code into escrow"); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 529 (E.D. Tex. 2005) (sixty days); *Digital Reg of Tex, LLC v. Adobe Sys. Inc.*, No. 12-01971, 2013 WL 3361241, at *4-5 (N.D. Cal. July 3, 2013) (two months to review); *REC Software USA, Inc. v. Bamboo Sols. Corp.*, No. 11-0554, 2012 WL 3545056, at *3 (W.D. Wash. Aug. 16, 2012) (three months was "ample time" to review code); *see also Advanced Software Design Corp. v. Fiserv, Inc.*, 641 F.3d 1368, 1381 (Fed. Cir. 2011) (four months to inspect code was "ample time to conduct discovery" (quotation omitted)); *Big Baboon Corp. v. Dell, Inc.*, 723 F. Supp. 2d 1224, 1230 (C.D. Cal. 2010) ("access to the source code for six months" was "a 'reasonable opportunity' to analyze it"); *Diagnostic Sys. Corp. v. Symantec Corp.*, No. 061211, 2009 WL 1607717, at *4 (C.D. Cal. June 5, 2009) ("Eleven months is more than [] reasonable[.]" (citing *Am. Video*, 359 F. Supp. 2d at 561)).

Until now, Qualcomm never suggested that it was "refused" access to the Apple source code.  Rather, since the code first became available, Qualcomm has made repeated inspection visits, often extending over the course of days or even weeks.  *See supra* § II.B.

---

[1]   Apple compiler software produced on November 16 and December 20, 2018 was available for Qualcomm to inspect for over two months. (Ex. L [12/22/18 QC Email].)

### B.    Qualcomm Is Fully Able To Prepare For Trial.

Qualcomm does not dispute that it had ample opportunity to inspect and print Apple source code during fact discovery.  Qualcomm cited the printouts in its expert reports.  (*See, e.g.*, Ex. O at pp. 67-69 [Annavaram Opening Rep.].)  Those printouts were included in Qualcomm's exhibit list.  (*E.g.*, Dkt. 555 at 25.)  Qualcomm thus already possesses the full universe of Apple source code that it needs to prepare for trial.  Indeed, the already-printed source code is the only code that Qualcomm can use at trial:  the window to add new source code exhibits to the trial record has long since closed.

None of Qualcomm's complaints has merit.  ***First***, Qualcomm argues that it "possesses only limited and isolated portions of the code."  (Mot. at 4.)  But these are the portions ***Qualcomm*** itself selected to print and include on its trial exhibit list.[2]  These are also the only portions of the code on which Qualcomm's experts rely.  ***Second***, Qualcomm argues that the printouts are "non-searchable."  (*Id.*)  But Qualcomm agreed to the bar on scanning printouts and never complained about it before[3]—and it applies equally to Qualcomm and third-party code.  Nonetheless, in compromise, Apple offered to make the printouts available for electronic review and searching—but Qualcomm rejected that proposal.  (*See id.* at 6 n.3.)  ***Third***, Qualcomm argues that it "has a current need to refresh its analysis and contextualize the currently printed source code."  (*Id*. at 6.)  Qualcomm fails to explain what analysis it needs to "refresh" and "contextualize" or why.  Any "analysis" Qualcomm intends to offer at trial must already be contained in expert reports and be based on source

---

[2]    Qualcomm, of course, agreed to the limits on printing set out in the Protective Order, which apply equally to Qualcomm and third-party code.

[3]    Qualcomm has now violated this provision—its March 4, 2019 disclosure of expert witness trial demonstratives included the contents of printed Apple source code that was improperly transcribed in electronic form.  (*See* Dkt. 154 § 8.3(o) (prohibiting party receiving source code from "mak[ing] electronic copies[] . . . from any paper copy of Source Code . . . for use in any manner.").)

1  code cited therein that was included on an exhibit list.  Qualcomm can thus fully
2  satisfy its "need to refresh" with the existing printouts and the expert reports.  Any
3  other so-called "context" is, by definition, outside the expert reports and trial record.

### C.    Qualcomm's Untimely Request Lacks Any Permissible Basis.

5      Qualcomm cites the inspection request and notice provisions of the Protective
6  Order to suggest that its request is timely.  (Mot. at 3 (citing Dkt. 154 §§ 8.2, 8.3(a).)
7  This is incorrect.  These provisions do not permit inspections to extend past the close
8  of expert discovery and after the potential trial record is already fixed.  Nor would it
9  make sense to do so.  The Protective Order is designed to "protect confidential
10  materials" (Dkt. 154 at 1), not to control the timing of discovery and pretrial
11  submissions.  Expert discovery is closed and the deadline for adding trial exhibits is
12  over; thus, Qualcomm's request is untimely.

13      Even if Qualcomm's request were timely—which it is not—Qualcomm has
14  failed to offer any permissible justification.  Qualcomm claims a need "to adequately
15  prepare for trial based on the current evidentiary record."  (Mot. at 6.)  But Qualcomm
16  can do so without a further source code inspection.  Qualcomm also insists that it "is
17  not seeking to create new evidence."  (*Id.*)   But this is not credible given that
18  Qualcomm will not agree to refrain from creating new printouts of source code files
19  that are not already in the record.  (Dkt. 611-2 at 1.)  Qualcomm likewise refuses to
20  abstain from using the Apple compiler software (Mot. at 6-7), which is used only to
21  create new source code files (Dkt. 611-2 at 1).[4]  Although Qualcomm "represents that
22  it does not intend to offer any new expert opinions based on further source code
23  review," it leaves open the potential to do so.  (Mot. at 6.)  Qualcomm even admits
24  that such a "risk" exists.  (*Id.*)

---

26  [4]   Qualcomm complains that the software was not produced during discovery (Mot.
27  at 6-7), but it was available for over two months, and Qualcomm made repeated
   inspections and print requests during that time.  *See supra* n.1.  Tellingly, Qualcomm
28  included some of those printouts on its exhibit list.  (Dkt. 555 at 96).

### D.      Allowing Qualcomm's Belated Request Would Prejudice Apple's Trial Preparation.

Qualcomm accuses Apple of "attempt[ing] to disrupt and prejudice Qualcomm's trial preparation" (Mot. at 6), but the opposite is the case. Qualcomm's belated inspection would disrupt Apple's trial preparation. Qualcomm sought to inspect Apple's source code on February 20, 2019—a week and a half before trial.[5] Thus, instead of moving quickly to address supposed gaps in its trial preparation, Qualcomm delayed its request until the eve of trial.

Further inspection of Apple's source code is likely to result in new evidence or expert opinions. This would prejudice Apple's trial preparation by forcing it to expend time and effort to respond. Apple would also be prejudiced by the inability to conduct further depositions. And if Qualcomm did attempt to inject new expert opinions into the record, it would disrupt the trial plan. As this Court has written:

> Nor can the Court find that the late submission of this report is harmless. ***It was served on the eve*** of the deposition of Dr. Crane and ***contained a completely new analysis, with different source code references***, than presented in Dr. Crane's initial report. If an expert can replace his initial opinions in response to criticisms in opposing expert rebuttal reports, ***the consequence is additional burden and cost for the parties and a docket that cannot be managed. This cannot be allowed.***

*Shinsedai Co. v. Nintendo Co.*, No. 11-2799, 2014 WL 11955595, at *2 (S.D. Cal. June 10, 2014) (emphasis added); *see also Cueto v. Overseas Shipholding Grp., Inc.*, No. 10-1243, 2012 WL 28357, at *2 (S.D. Cal. Jan. 4, 2012) ("Supplementation does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." (internal quotation marks omitted));

---

[5]  Notably, Qualcomm requested, but later canceled, an inspection by Dr. Annavaram on January 11 and 14, 2019.  (Ex. M [1/10/19 QC Email].)  This further undermines Qualcomm's alleged rationale of urgent trial preparation.

1   *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63 (9th Cir. 2014)

2   ("The theory of disclosure under the Federal Rules of Civil Procedure is to encourage

3   parties to try cases on the merits, not by surprise, and not by ambush.").

4   **IV.   CONCLUSION**

5        For the reasons stated above, Apple respectfully requests that the Court deny

6   Qualcomm's motion.

1    Dated: March 5, 2019        Respectfully submitted,

2

3                By:   *s/ Nina S. Tallon*
                        Nina S. Tallon, DC Bar No. 479481

4                         *pro hac vice*, nina.tallon@wilmerhale.com
                        WILMER CUTLER PICKERING HALE AND DORR LLP

5                         1875 Pennsylvania Avenue NW
                        Washington, DC 20006

6                         Phone: 202-663-6000 / Fax: 202-663-6363

7

8                         Mark D. Selwyn, SBN 244180,
                        mark.selwyn@wilmerhale.com

9                         WILMER CUTLER PICKERING HALE AND DORR LLP
                        950 Page Mill Road

10                        Palo Alto, CA 94304
                        Phone: 650-858-6000 / Fax: 650-858-6100

11

12                         William F. Lee, MA Bar No. 291960
                        *pro hac vice*, william.lee@wilmerhale.com

13                        Joseph J. Mueller, MA Bar No. 647567
                        *pro hac vice*, joseph.mueller@wilmerhale.com

14                        Timothy Syrett, MA Bar No. 663676
                        *pro hac vice*, timothy.syrett@wilmerhale.com

15                        WILMER CUTLER PICKERING HALE AND DORR LLP
                        60 State Street

16                        Boston, MA 02109
                        Phone: 617-526-6000 / Fax: 617-526-5000

17

18                        Juanita R. Brooks, SBN 75934, brooks@fr.com
                       Seth M. Sproul, SBN 217711, sproul@fr.com

19                        Joanna M. Fuller, SBN 266406, jfuller@fr.com
                       FISH & RICHARDSON P.C.

20                        12390 El Camino Real
                       San Diego, CA 92130

21                        Phone: 858-678-5070 / Fax: 858-678-5099

22

23                        Katherine D. Prescott, SBN 215496
                       prescott@fr.com

24                        Betty H. Chen, SBN 24056720
                       betty.chen@fr.com

25                        FISH & RICHARDSON P.C.
                       500 Arguello Street, Suite 500

26                        Redwood City, CA 94063
                       Phone: 650-839-5070 / Fax: 650-839-5071

27

28                        Ruffin B. Cordell, DC Bar No. 445801
                       *pro hac vice*, cordell@fr.com

1     Lauren A. Degnan, DC Bar No. 452421
2     *pro hac vice*, degnan@fr.com
      FISH & RICHARDSON P.C.
3     1000 Maine Avenue, S.W., Suite 1000
      Washington, DC 20024
4     Phone: 202-783-5070 / Fax: 202-783-2331

5     William A. Isaacson, DC Bar No. 414788
      *pro hac vice*, wisaacson@bsfllp.com
6     Karen L. Dunn, DC Bar No. 1002520
7     *pro hac vice*, kdunn@bsfllp.com
      BOIES, SCHILLER & FLEXNER LLP
8     1401 New York Avenue, N.W.
      Washington, DC 20005
9     Phone: 202-237-2727 / Fax: 202-237-6131

10    Benjamin C. Elacqua, TX SBN 24055443
11    *pro hac vice*, elacqua@fr.com
      John P. Brinkmann, TX SBN 24068091
12    *pro hac vice*, brinkmann@fr.com
      FISH & RICHARDSON P.C.
13    One Houston Center, 28th Floor
14    1221 McKinney
      Houston, TX 77010
15    Phone: 713-654-5300 / Fax: 713-652-0109

16    Brian P. Boyd, GA SBN 553190
17    *pro hac vice*, bboyd@fr.com
      FISH & RICHARDSON P.C.
18    1180 Peachtree St., NE, 21ST Floor
      Atlanta, GA 30309
19    Phone: 404-892-5005 / Fax: 404-892-5002

20    *Attorneys for Defendant/Counterclaim-Plaintiff*
21    *Apple Inc.*

22

23

24

25

26

27

28

                                    9       Case No. 3:17-CV-01375-DMS-MDD

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 5, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile, and/or overnight delivery.

Executed on March 5, 2019 at San Diego, California.


*/s/ Nina S. Tallon*