Nina S. Tallon, DC Bar No. 479481, *appearing pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Joseph J. Mueller, MA Bar No. 647567, *appearing pro hac vice*,
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

Juanita R. Brooks, SBN 75934, brooks@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070/ Fax: (858) 678-5099

Ruffin B. Cordell, DC Bar No. 445801, *pro hac vice*, cordell@fr.com
Lauren A. Degnan, DC Bar No. 452421, *pro hac vice*, degnan@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, Suite 1000
Washington, D.C.  20024
Phone:  202-783-5070 / Fax:  202-783-2331

[*Additional counsel identified on signature page*]

*Attorneys for Defendant/Counterclaim Plaintiff Apple Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-1375-DMS-MDD<br><br>**APPLE INC.'S RESPONSE TO QUALCOMM INCORPORATED'S BENCH MEMORANDUM REQUESTING CURATIVE INSTRUCTION (DKT. 649)**<br><br>TRIAL DATE: MARCH 4, 2019<br>JUDGE: HON. DANA SABRAW |

Case No. 3:17-CV-01375-DMS-MDD

## I. INTRODUCTION

The opening statement made by counsel for Apple Inc. ("Apple") accurately summarized the evidence that Apple expects will be presented at trial and contained no misstatements of law. The request by Qualcomm Incorporated ("Qualcomm") for a purportedly "curative" instruction should be denied.

## II. ARGUMENT

### A. Apple's Opening Statement Accurately Described The Accused Products And The Plain And Ordinary Meaning Of The "Compiler" Limitations.

Qualcomm argues that Apple "expressly invited" the jury to apply a legally incorrect construction of the "compiler" limitations of claim 19 of U.S. Patent No. 8,633,936 ("the '936 Patent"). (Dkt. 649 [Memo.] at 1.) Apple did no such thing. Neither party has requested that the Court construe the "compiler" limitations, and there is no dispute that these limitations should be given their plain and ordinary meaning. The parties simply disagree regarding the application of that meaning to the Apple devices Qualcomm accuses of infringement.

During Apple's opening statement, Apple's counsel stated that the jury should consider the claim language as written, and described how none of Apple's three compilers meets that claim language. Apple's long-disclosed position in this case, as stated in Apple's opening, is that the claim language reciting "a controller configured to receive a graphics instruction . . . wherein the graphics instruction is a first ***executable instruction*** generated by ***a compiler*** that ***compiles graphics application instructions***" requires just what it says—configuration to receive graphics instructions from a compiler that ***both*** compiles graphics applications instructions ***and*** generates executable instructions. (JX-1 ['936 Patent] cl. 19.[1]) Whether there is one, or more than one, claimed compiler in the accused products is not at issue. The issue

---

[1] Unless otherwise noted, all bold/italics emphases are added.

1   Case No. 3:17-CV-01375-DMS-MDD

is whether *any* of Apple's compilers meets **both** requirements of the claimed compiler. Not one of them does. Apple's opening statement focuses on this factual dispute. (Trial Tr. at 44:19-21 ("And the burden is upon Qualcomm to show you that our accused technology does every single thing the claim requires."); *id*. at 45:19-21 ("I'm just showing you to show you this claim is about a single compiler and everything that single compiler is required to do under the claim. We don't do that."); *id*. at 47:5-8 ("If you look at the claim, that what goes in here is the developer language [i.e., graphics application instructions] . . . but what has to come out here has got to be an executable instruction.").)

Thus, the cases Qualcomm cites for the proposition that the plain meaning of "a" includes "one or more" are beside the point. (*See* Memo. at 2-3 & n.1.) Instead, multiple cases establish that where a claim element has two requirements, that element is not met by two different components, each meeting only one of the requirements. In *In re Varma*, for example, the Federal Circuit considered a claim to a system "adapted to[] receive *a* statistical analysis *request* corresponding to two or more selected investments." 816 F.3d 1352, 1356 (Fed. Cir. 2016). The court noted that "the question is not whether there can be more than one request in a claim-covered system: there can." *Id*. at 1362-63. Instead, the court held "no matter how many requests there may be, no matter the variety of the requests the system may receive, the system must be adapted to receive a request that itself corresponds to at least two investments." *Id*. at 1363. The Federal Circuit offered an apt analogy to explain its reasoning: "For a dog owner to have 'a dog that rolls over and fetches sticks,' it does not suffice [to] have two dogs, each able to perform just one of the tasks." *Id*. *Varma*'s holding is directly relevant here, where Qualcomm's theory alleges Apple's three compilers only meet all claim requirements *in combination*—and none do so individually.

The Federal Circuit reached a similar result in *Enfish, LLC v. Microsoft Corp.*, where the claim limitation at issue was "***a logical table***" including "logical rows" and "logical columns."  822 F.3d 1327, 1340 (Fed. Cir. 2016).  The court determined that "the invention is directed to the arrangement of ***a single, logical table***" and, for that reason, held that "the 'at least one of said logical rows' and the 'corresponding one of said logical columns' must both be in the ***same*** logical table."  *Id*. at 1342.

District courts have reached similar conclusions.  In *Frac Shack Inc. v. Fuel Automation Station LLC*, the claim limitation at issue was "***a controller responsive to signals*** supplied from each sensor . . . , ***the controller*** being ***configured to provide control signals*** to open and close . . . valves."  No. 16-cv-02275, 2018 WL 5792613, at *3 (D. Colo. Nov. 5, 2018).  The court applied *Varma* and held that, while the claimed system may have multiple controllers, "[e]ach of these controllers must be able to ***both*** respond to multiple signals from sensors, ***and*** provide multiple signals to valves."  *Id*. at *5.  And in *Plano Encryption Techs., LLC v. Alkami, Inc.*, the court applied *Varma* and *Enfish* to hold that a claim reciting "***a storage medium*** having stored therein a plurality of programming instructions" was limited to a device in which "***one particular medium*** must store all of these instructions."  No. 2:16-cv-1032, 2017 WL 3654122, at *10 (E.D. Tex. Aug. 23, 2017).

Apple's opening statement tracks the language of claim 19 and the relevant law holding that where a claim element must meet two requirements, the claim element is not met by two different components, each meeting only one of the two requirements.  There was no legal error in the statements of Apple's counsel.

### B. The Decision In The Parallel ITC Investigation Confirms Apple's Position.

Apple's description in its opening of its three compilers and the reasons why its accused products do not infringe the '936 patent were no surprise to Qualcomm, and Qualcomm's decision to wait until after openings to assert that Apple's positions contravene established precedent appears tactical.  Apple took this same non-

infringement position in the parallel ITC investigation on the '936 patent.[2] Qualcomm has been fully aware of Apple's position since at least that hearing nine months ago. Qualcomm advanced the same infringement argument in the ITC as it does here—that the "compiler" requirement could be satisfied by a "multiple-stage" compiler or even multiple compilers acting one-after-another—and this argument was rejected by the ITC. Indeed, the ITC Administrative Law Judge adopted Apple's position, ruling:

> The evidence shows that the '936 Accused Products do not contain a "compiler" that **both** (1) compiles graphics application instructions **and** (2) generates a first executable instruction. The '936 Accused Products therefore do not satisfy this claim limitation. For this reason alone, the '936 Accused [Products] **do not infringe** claim 19 of the '936 Patent.

Inv. No. 337-TA-1065, Doc. ID No. 660155 [Public Version of Initial Determination] at 42. The full United States International Trade Commission has declined to review the Initial Determination on the '936 patent; accordingly, the ALJ's conclusion that Apple does not infringe the '936 patent is final.[3] *See* 83 Fed. Reg. 64875 [Notice of Commission] (Dec. 18, 2018) at 64876, 2018 WL 6605145 ("The Commission has determined not to review any of the ALJ's finding with respect to . . . the '936 patent."). To the extent Qualcomm believed that Apple's non-infringement position was legally improper, Qualcomm could have brought that argument to the Court's attention through summary judgment or a variety of other pre-trial mechanisms, rather

---

[2] Moreover, Apple has consistently taken this same position throughout this litigation, including in the Rebuttal Expert Report of Henry Fuchs, Ph.D. Regarding Non-Infringement of U.S. Patent No. 8,633,936 (¶¶ 234-264), and Apple Inc.'s Trial Brief (Dkt. 636 at 11-12).

[3] Indeed, Qualcomm raised these same arguments regarding the "compiler" limitations in its Petition For Review of the Initial Determination, and the full ITC again rejected them. *See* Inv. No. 337-TA-1065, Doc. ID No. 660203 [Public Version of Qualcomm's Petition For Review of the Initial Determination] at 40-41, 42-48.

than feigning surprise at Apple's opening statement and seeking an improper and inflammatory "curative" statement.

Dated: March 7, 2019                Respectfully submitted,

By: /s/ Nina S. Tallon
Nina S. Tallon, DC Bar No. 479481
pro hac vice, nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Mark D. Selwyn, SBN 244180,
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: 650-858-6000 / Fax: 650-858-6100

William F. Lee, MA Bar No. 291960
pro hac vice, william.lee@wilmerhale.com
Joseph J. Mueller, MA Bar No. 647567
pro hac vice, joseph.mueller@wilmerhale.com
Timothy Syrett, MA Bar No. 663676
pro hac vice, timothy.syrett@wilmerhale.com
Richard W. O'Neill, pro hac vice,
richard.o'neill@wilmerhale.com
Bradley M. Baglien, pro hac vice,
bradley.baglien@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

Juanita R. Brooks, SBN 75934, brooks@fr.com
Seth M. Sproul, SBN 217711, sproul@fr.com
Frank Albert, SBN 247741, albert@fr.com
Joanna M. Fuller, SBN 266406, jfuller@fr.com
Katherine D. Prescott, SBN 215496
prescott@fr.com
Betty H. Chen, SBN 24056720
betty.chen@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500

| | |
|---|---|
| 1 | Redwood City, CA 94063 |
| 2 | Phone: 650-839-5070 / Fax: 650-839-5071 |
| 3 | Ruffin B. Cordell, DC Bar No. 445801 |
| | *pro hac vice*, cordell@fr.com |
| 4 | Lauren A. Degnan, DC Bar No. 452421 |
| | *pro hac vice*, degnan@fr.com |
| 5 | FISH & RICHARDSON P.C. |
| 6 | 1000 Maine Avenue, S.W. Suite 1000 |
| | Washington, D.C. 20024 |
| 7 | Phone: 202-783-5070 / Fax: 202-783-2331 |
| 8 | William A. Isaacson, DC Bar No. 414788 |
| | *pro hac vice*, wisaacson@bsfllp.com |
| 9 | Karen L. Dunn, DC Bar No. 1002520 |
| 10 | *pro hac vice*, kdunn@bsfllp.com |
| | BOIES, SCHILLER & FLEXNER LLP |
| 11 | 1401 New York Avenue, N.W. |
| | Washington, DC 20005 |
| 12 | Phone: 202-237-2727 / Fax: 202-237-6131 |
| 13 | |
| | Benjamin C. Elacqua, TX SBN 24055443 |
| 14 | *pro hac vice*, elacqua@fr.com |
| | John P. Brinkmann, TX SBN 24068091 |
| 15 | *pro hac vice*, brinkmann@fr.com |
| | FISH & RICHARDSON P.C. |
| 16 | One Houston Center, 28th Floor |
| 17 | 1221 McKinney |
| | Houston, TX 77010 |
| 18 | Phone: 713-654-5300 / Fax: 713-652-0109 |
| 19 | Brian P. Boyd, GA SBN 553190 |
| | *pro hac vice*, bboyd@fr.com |
| 20 | FISH & RICHARDSON P.C. |
| 21 | 1180 Peachtree St., NE, 21ST Floor |
| | Atlanta, GA 30309 |
| 22 | Phone: 404-892-5005 / Fax: 404-892-5002 |
| 23 | *Attorneys for Apple Inc.* |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |