David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

*[Additional counsel identified on signature page]*

*Attorneys for Plaintiff and Counterclaim Defendants*
QUALCOMM INCORPORATED
AND
QUALCOMM TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:17-cv-1375-DMS-MDD<br><br>**QUALCOMM INCORPORATED'S BENCH MEMORANDUM OPPOSING APPLE INC.'S REQUEST FOR AN INSTRUCTION REGARDING MR. SIVA'S TESTIMONY**<br><br>Trial Date:   March 4, 2019<br><br>Judge:  Hon. Dana M. Sabraw |

## I. PRELIMINARY STATEMENT

On March 7, 2019, Apple's counsel Juanita Brooks tarred Qualcomm and Quinn Emanuel in open court with a highly inflammatory and utterly baseless accusation of "witness tampering" after its witness Mr. Siva informed Apple he would not voluntarily appear at trial. As the Court correctly noted, Apple had "no evidence of any kind to support that very serious allegation." Tr. 802:8-9. And Apple's accusation has now been shown to have been knowingly false: Mr. Siva's new attorney Matthew Warren has categorically denied Apple's accusation that he had any contact with Qualcomm in relation to Mr. Siva, stating in an email to all counsel that he had "not communicated regarding this matter in any way, directly or indirectly, with counsel for Qualcomm or any other representative of Qualcomm," and that he had told Apple's counsel exactly that before the start of court on March 7. Ex. A at 1.

The prejudice to Qualcomm from Apple's false accusation was instantaneous and incalculable. Within minutes of Apple's statements in open court, multiple publications had reported that "Brooks … accused Qualcomm's defense of witness tampering,"[1] and numerous publications republished the slander throughout the day.[2] After the jury was excused for the day, Ms. Brooks then had the audacity to repeat the accusations in open court, again with press present and again without a

---

[1] *Apple Dealt A Blow, Loses Star Witness In Qualcomm Trial*, Richard Nieva, *CNET*, Mar. 7, 2019, https://www.cnet.com/news/apple-dealt-a-blow-loses-star-witness-in-qualcomm-trial/.

[2] *See, e.g.*, *Apple Accuses Qualcomm Of Tampering With Star Witness In Patent Trial*, Malcolm Owen, *AppleInsider*, Mar. 7, 2019, https://appleinsider.com/articles/19/03/07/apples-star-witness-in-qualcomm-patent-trial-refuses-to-testify-without-subpoena; *Apple Loses Key Witness In Latest Qualcomm Battle, Accuses The Chipmaker Of Witness Tampering*, Michael Potuck, *9to5Mac*, Mar. 7, 2019, https://9to5mac.com/2019/03/07/apple-qualcomm-witness-tampering/.

shred of evidence, and to ask the Court for an instruction that would inform the jury that it was through no fault of Apple that Mr. Siva now would not appear voluntarily at trial as she had promised in opening.[3]

This Court should deny Apple's request for this or any other "curative" instruction on this matter. Curative instructions should be given only where an opposing party has engaged in misconduct warranting a "cure." *See Abbe v. City of San Diego*, No. 05cv1629 DMS (RBB), 2009 WL 10672948, at *1 (S. D. Cal. May 21, 2009). Here, Qualcomm and its counsel have engaged in no such misconduct. To the contrary, Qualcomm and its counsel are entirely innocent, and the only misconduct that warrants a "cure" here is Apple's. Qualcomm reserves all rights to move for sanctions against Apple and its counsel at the appropriate time—including but not limited to (1) monetary sanctions, (2) exclusion of the "inventorship" issue from evidence and from the jury's consideration, (3) Ms. Brooks' termination as counsel in this case, (4) a directed verdict for Qualcomm on infringement and invalidity, and/or (5) attorneys' fees. At a minimum, Qualcomm respectfully requests that the Court order Ms. Brooks and a corporate representative from Apple to state publicly in open court that their accusations of "witness tampering" against Qualcomm and Quinn Emanuel were false and that they unreservedly retract them and apologize for having made them.

In light of Apple's misconduct, it goes without saying that the Court should deny Apple's requested instruction. Apple's baseless allegations have already

---

[3] The full text of Apple's requested instruction as follows: "Ms. Brooks told you in opening that Mr. Arjuna Siva would come to court and testify live at this trial. At that point in time it was true. Due to personal events that have taken place, events completely outside of the control of Apple, Mr. Siva will no longer be coming live to trial. Therefore Apple will have to present the testimony of Mr. Siva through his deposition and through the testimony of Apple's expert, Dr. Lin, with whom Mr. Siva spoke. You are to give this testimony the same weight you would give it if Mr. Siva had testified live." R. 798:15-24.

prejudiced Qualcomm; there are no grounds to compound that prejudice through an instruction that would adopt and endorse Apple's position. Nor is there any possible legal basis for Apple's requested instruction, as explained below.

## II. BACKGROUND

Any issue Apple now faces regarding Mr. Siva's changed plans about his testimony is entirely the product of Apple's own strategic litigation choices. Apple deliberately chose not to subpoena Mr. Siva even though he was no longer employed by Apple and no longer within Apple's control as a witness. Apple then deliberately exploited that choice in its opening statement, seeking to bolster his credibility by asserting he would appear voluntarily based on personal umbrage, not compulsion by Apple:

> This is Arjuna Siva. As you can see here, I said he's a former Apple engineer, and he is. He's not with Apple anymore. He's with Google, one of our competitors. And **Mr. Siva is so upset about what happened here, he's willing to take time off from his work at Google, and he's going to come here to court** and he's going to take an oath and he's going to look you in the eye and tell you whose idea this really was, and the answer is it was his.

Tr. 64:21-65:3 (remarks of Apple counsel Ms. Brooks) (emphasis added).

On March 7, 2019, Apple informed the Court, during a public session and without any prior communication with Qualcomm, that Mr. Siva had retained new counsel Matthew Warren and had elected not to testify. Failing to acknowledge that Apple could have but failed to subpoena Mr. Siva, Ms. Brooks asserted that Mr. Siva had been "tampered with" and bluntly accused Qualcomm of "witness tampering," adducing no evidence but asserting that this was a fair inference from the fact that Mr. Warren had previously been a partner at Quinn Emanuel.[4]

Ms. Brooks pointedly omitted to note that there was an entirely different and innocent explanation for Mr. Warren's entry into the case to represent Mr. Siva. As

---

[4] As of the filing of this brief, Qualcomm does not have access to the transcript of the proceedings on the morning of March 7, 2019.

Apple has long been aware, Mr. Warren has repeatedly represented Google employees in connection with this litigation. To take just one example, in an April 4, 2018 First Supplemental Initial Disclosure in case no. 3:17-cv-2403, *Apple itself* identified Mr. Warren as counsel of record for five different named inventors of patents-in-suit, each of whom worked at Google. Ex. B at 5-7. Mr. Warren has also represented at least one witness that Apple deposed and subpoenaed during litigation between the parties to this case. Ex. C.

In the afternoon, Ms. Brooks reiterated her accusations, suggesting that it is "just an operative fact" that Mr. Siva had been tampered with[5] and continuing to imply responsibility on the part of Qualcomm and its counsel despite the Court's admonitions that "there is no evidence that Qualcomm or Quinn Emanuel was involved," Tr. 793:11-12, and that "it is a very serious [accusation], and there is not any evidence of it," Tr. 801:23-24. Ms. Brooks adduced no evidence but asserted that she could rely on "circumstantial evidence" based on "who had the motivation to … get [Mr. Siva] to change his testimony." Tr. 793:17-18, 22-23. She then requested a curative instruction. *See supra* n. 3.

Apple's accusations have now been proven false. According to an email Mr. Warren sent to Apple's counsel (copying Qualcomm's counsel) at 8:38 PM on March 7, 2019, Mr. Warren "told Mr. O'Neil of WilmerHale when [they] spoke this morning just after 8:00 a.m. PST, I have not spoken regarding this matter to any counsel for Qualcomm, or any other representative of Qualcomm." Ex. A at 1.

## III. ARGUMENT

---

[5] Tr. 802:19; *see also* Tr. 792:7-8 ("What has happened is somebody got to him. There is no doubt about it."); Tr. 792:13-14 ("We know why they got him."); Tr. 794:12 ("Somebody got to him."); Tr. 797:17 ("someone tampered with him"); Tr. 799:2-3 ("There is no doubt we have a case of witness tampering here."); Tr. 799:7 ("Someone has tampered with him."); Tr. 802:18-19 ("I do know he has been tampered with.").

### A. There Is No Basis For A Curative Instruction

The Court should deny Apple's request for a curative instruction. The standard role for curative instructions in our jury system is to correct an improper action by a party that might distort the evidence presented to the jury—attempted introduction of inadmissible evidence, improper arguments at closing, defiance of an order on a motion in limine and so forth. But here, Qualcomm did absolutely nothing improper warranting a "cure." To the contrary, as the Court noted, if "there is no witness tampering by Qualcomm or Quinn Emanuel, then it is not the plaintiff's fault," and no admonition to the jury would be appropriate. Tr. 795:22-796:3.

Moreover, Apple can show no prejudice warranting such an instruction. Apple has now purported to subpoena Mr. Siva, and has provided no basis to suppose that Mr. Siva will commit perjury if Apple elects to put him on the stand. Apple's complaint, then, is not an inability to fulfill its promise to the jury that Mr. Siva would testify truthfully, but instead an inability to elicit that he is doing so voluntarily. And any prejudice to Apple from that problem is entirely of Apple's own making. Apple deliberately chose not to subpoena Mr. Siva and deliberately chose to tell the jury that Mr. Siva's was eager to testify voluntarily, not because Apple made him do so.

Having sought to exploit its lack of control over Mr. Siva, and been surprised by Mr. Siva's apparent change of heart, Apple cannot now enlist the Court to save it from its own miscalculation. "Although this explanation amply justifies the tactical decision, it does not insulate [Apple] from the consequences of that choice." *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1068 (9th Cir. 2002); *see Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, No. C 09-2007 SBA, 2011 WL 2748334, at *3 (N.D. Cal. July 14, 2011) (court will not grant a motion "meant to relieve any litigant of the consequences of a strategic or tactical decision that later proves improvident"). "The proposed instruction [is] little more than a belated

1  attempt by Defendants to rectify the error of their own strategic decision." *Cotton*
2  *ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1020 (N.D. Cal. 2012)
3  (endorsing denial of a request for a curative instruction).

### B. Any Curative Instruction Would Prejudice Qualcomm

Qualcomm has already been severely prejudiced by Apple's inappropriate and unfounded accusations of witness tampering. *See supra* nn. 1&2. By advancing baseless claims in open court and in the presence of the media, Apple has created a significant risk that the empaneled jury will learn of those allegations and improperly credit them in this trial. Moreover, Apple has irreparably tainted the pool of potential future jurors in the Southern District of California who will shortly be called upon to resolve further disputes between the parties. *See generally, e.g.*, *Apple Inc. v. Qualcomm Inc.*, No. 3:17-cv-108 (S.D. Cal.).

Unsatisfied with having tarred Qualcomm in court and in the press, Apple now asks the Court to compound the prejudice to Qualcomm by weighing in in favor of Apple's witnesses before the jury. Any such instruction would be improper and prejudicial. Moreover, the proposed instruction would improperly enlist the Court in bolstering the testimony of Mr. Siva. The Court has not vouched for any witness or evidence during this trial and should not change that practice to bolster the credibility of testimony that Apple may elect to present, or to rehabilitate Ms. Brooks' own credibility with the jury. The Court should decline Apple's invitation to intrude upon the jury's role by commenting on Mr. Siva's testimony.

### IV. CONCLUSION

Apple's proposed instruction would not "cure" any unfair prejudice in this case, but instead would punish Qualcomm while rewarding Apple's unethical litigation tactics. For the reasons set forth above, Qualcomm respectfully requests that the Court decline to instruct the jury on how to consider Mr. Siva's testimony.

DATED: March 8, 2019                     Respectfully Submitted,


By */s/ David A. Nelson*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Nathan A. Hamstra (*pro hac vice*)
(Ill. Bar No. 6286325)
nathanhamstra@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
Valerie A. Lozano (SBN 260020)
valerielozano@quinnemanuel.com
Patrick T. Schmidt (SBN 274777)
patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Richard W. Erwine (*pro hac vice*)
(N.Y. Bar No. 2753929)
richarderwine@quinnemanuel.com
Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michelle A. Clark (SBN 243777)
michelleclark@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

| | |
|---|---|
| 1 | JONES DAY |
| 2 | Karen P. Hewitt (SBN 145309)<br>kphewitt@jonesday.com |
| 3 | Randall E. Kay (SBN 149369)<br>rekay@jonesday.com |
| 4 | John D. Kinton (SBN 203250)<br>jkinton@jonesday.com |
| 5 | Kelly V. O'Donnell (SBN 257266)<br>kodonnell@jonesday.com |
| 6 | 4655 Executive Drive, Suite 1500<br>San Diego, California 92121 |
| 7 | Telephone: (858) 314-1200<br>Facsimile: (858) 345-3178 |

*Attorneys for Plaintiff and Counterclaim Defendants QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES, INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 8, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 8, 2019 at San Diego, California.

*/s/ David A. Nelson*
David A. Nelson