# EXHIBIT C

**WARREN LEX** LLP

2261 MARKET STREET NO. 606  
SAN FRANCISCO CA 94114

TEL +1 (415) 895 2940  
FAX +1 (415) 895 2964

April 2, 2018

**By Electronic Mail**

Brian Livedalen  
Fish & Richardson  
The McPherson Building  
901 15th Street, NW, Suite 700  
Washington, D.C., 20005  
livedalen@fr.com

Re:  Certain Mobile Electronic Devices and Radio Frequency and Processing Components, No. 337-TA-1093 (I.T.C.)

Dear Mr. Livedalen:

I hope you had a pleasant weekend. I write to follow up on our discussions regarding your requests for depositions of my clients Mainak Biswas and Marc Levoy. I appreciate very much the courtesy you have extended in these discussions to me and more importantly to Messrs. Biswas and Levoy.

As we've discussed, you would like to depose Mr. Biswas about U.S. Patent No. 9,552,633 and related work, and Mr. Levoy regarding his work on the SynthCam application. You have told me that you face a discovery deadline within a month or so—I forget the exact date, but would appreciate a reminder—and would like to get these depositions done before then.

As I have explained to you on our calls, and as I'm sure you understand given the inconvenience and disruption of a deposition, Messrs. Biswas and Levoy wish to be deposed only once, and of course only for at most seven hours, by Qualcomm and Apple in both *Qualcomm Inc. v. Apple Inc.*, No. 17-2398 (S.D. California) and this investigation, as well as by the I.T.C. Staff in this investigation.

To achieve this goal, I explained, two things are necessary. First, Apple, Qualcomm and Staff must agree on a mechanism for dividing the deposition time so that, for example, Qualcomm does not take six of the seven hours, leaving Apple or Staff to seek another day of deposition because it only got one. I have no dog in the fight of exactly how you divide the seven hours; my only objective is to make sure that, after at most seven hours on the record, we all agree that each deposition is over. I asked you to talk to your opposite numbers about this, and I look forward to hearing how that conversation went.

Second, Apple and Qualcomm must agree that the depositions of Messrs. Biswas and Levoy will complete my clients' deposition obligations both this investigation and *Qualcomm Inc. v. Apple Inc.*, No. 17-2398 (S.D. California). Presumably that will involve a cross-use agreement but, again, I have no dog in the specifics of that fight. You indicated that Apple and Qualcomm are discussing an overall cross-use agreement between this investigation and that action, but that those conversations might not be complete by the time you wished to depose Messrs. Biswas and Levoy. As I responded on our call, the solution to

Brian Livedalen
April 2, 2018
Page 2

that is simple: Apple and Qualcomm should make a separate agreement, covering only Messrs. Biswas and Levoy, without prejudice to your more general discussions. I asked you to work on that issue as well with your opposite numbers at Apple, and I look forward to hearing how that went as well.

Finally, I asked you not to serve subpoenas on my clients until you had resolved these two issues, because the I.T.C.'s tight deadlines would require me to move to quash or for a protective order effectively immediately after receiving such a subpoena. Assuming that you wish to proceed with depositions of Messrs. Biswas and Levoy—and here is where I should repeat that they would prefer not to be deposed at all—I hope we can resolve these issues as soon as possible and proceed to schedule these depositions in an orderly fashion.

As I have only spoken to you so far, I would appreciate it if you could share this letter with the appropriate attorneys for Qualcomm and the I.T.C. Staff.

Thank you again for your time and courtesy in speaking to me, and for your consideration for Messrs. Biswas and Levoy as non-parties with no interest in either side of this litigation.

Best Regards,

Matt Warren