Nina S. Tallon, DC Bar No. 479481, *appearing pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Joseph J. Mueller, MA Bar No. 647567, *appearing pro hac vice*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Phone: 617-526-6000 / Fax: 617-526-5000

Juanita R. Brooks, SBN 75934
Seth M. Sproul, SBN 217711
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone:  858-678-5070 / Fax: 858-678-5099

Ruffin B. Cordell, DC Bar No. 445801, *appearing pro hac vice*
Lauren A. Degnan, DC Bar No. 452421, *appearing pro hac vice*
FISH & RICHARDSON P.C.
1000 Maine Avenue, Suite 1000
Washington, D.C.  20024
Phone:  202-783-5070 / Fax:  202-783-2331

[Additional counsel listed in signature block on last page.]

*Attorneys for Defendant/Counterclaim-Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>              Plaintiff,<br><br>       v.<br><br>APPLE INC.,<br><br>              Defendant.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:17-cv-1375-DMS-MDD<br><br>**APPLE'S MOTION TO STRIKE DR. RINARD'S UNDISCLOSED OPINION**<br><br>Date:<br>Time:<br>Courtroom: 13A<br>Judge: Hon. Dana M. Sabraw |

## I. INTRODUCTION

On March 6, 2019, during his second day of cross-examination, Qualcomm's expert Dr. Martin Rinard offered a never-before-disclosed and legally improper infringement opinion regarding the '949 patent. Specifically, Dr. Rinard opined that the words "***at least one*** data segment" in the "system memory" and "hardware buffer" limitation of claim 1 modify the claim's later "scatter loader controller" requirement "to scatter load ***each received*** data segment." Dr. Rinard claimed that under his reading, claim 1 could be met as long as ***just two*** received data segments are scatter loaded, even if other received data segments are not scatter loaded. This was an entirely new opinion that was not disclosed in Dr. Rinard's expert reports or during his direct examination (nor did Qualcomm ever raise this theory during *Markman* proceedings). It is also simply wrong: the "scatter loader controller" limitation expressly requires the scatter loader controller to be configured "to scatter load ***each received***" data segment. Under Dr. Rinard's new theory, a scatter loader controller could scatter load some, but not all received data segments—contrary to the express and unambiguous language of the claim.

Accordingly, Dr. Rinard's untimely and legally incorrect opinion should be stricken and the jury should be instructed to ignore it.

## II. FACTUAL BACKGROUND

Claim 1 of the '949 patent recites:

1.   A multi-processor system comprising:

a secondary processor comprising:

> ***system memory and a hardware buffer for receiving*** an image header and ***at least one data segment of an executable software image***, the image header and each data segment being received separately, and
>
> ***a scatter loader controller configured***:
>
> > to load the image header; and

> ***to scatter load each received data segment*** based at least in part on the loaded image header, directly from the hardware buffer to the system memory;
>
> a primary processor coupled with a memory, the memory storing the executable software image for the secondary processor; and
>
> an interface communicatively coupling the primary processor and the secondary processor, the executable software image being received by the secondary processor via the interface.

(Emphases added.)

Two different limitations are implicated by Dr. Rinard's new theory. First, the "system memory"/"hardware buffer" limitation requires the system memory and hardware buffer to receive an "image header" and "at least one data segment" of the "executable software image." Second, the "scatter loader controller" limitation requires that the scatter loader controller be configured to scatter load "***each received data segment***," regardless of how many are received.

During cross-examination, Dr. Rinard opined for the first time that the "at least one data segment" language in the system memory/hardware buffer limitation modifies the "each received data segment" language appearing later in the scatter-loader-controller limitation—such that claim 1 supposedly only requires scatter loading two data segments, and all other received data segments can be ignored. Specifically, he said:

> But that's not the first place it appears in the claim. The very first place it appears in the claim is where it says, above the highlighted part, above the very first highlighted part ***it says at least one data segment of an executable software image***.
>
> The way it works is, ***when you say at least one data segment that defines what the data segments are identified to be***. ***So what I identified as the at least one data segment*** in each of the—in each of the iPhones ***were four of those load segments***. That I talked about earlier. At that point ***that defines the scope***

*of the term data segment for the rest of the claim*.

> So when you see the image header and each data segment being received separately, those data segments that are being referred to now for the second time are the data segments, the load segments, that were identified as the at least one data segment.
>
> And down below where you say – where they say to scatter load each received data segment based at least on part of the – on the loaded image header, *those received data segments are, again, the data segments above the at least one data that I identified as the four load segments*, and not Segment 0 and not Segment 1, the A Plus and the 10.

(3/6 Tr. 398:16-399:17.)

Apple immediately moved to strike. (3/6 Tr. 399:22-400:1.) During re-direct, counsel for Qualcomm elicited additional testimony from Dr. Rinard regarding this new opinion, asking him to "explore that a little bit more"; at which point, Dr. Rinard again testified that "each data segment" in claim 1 "refers to … the at least one data segment" language, and therefore, not all received data segments need to be scatter loaded. (*Id.* 410:23-411:19, 411:25-412:5, 412:19-413:17.) Apple timely renewed its objection to this line of testimony. (*Id.* 411:20-24.)

On re-cross, counsel for Apple confirmed the scope of Dr. Rinard's new opinion: that claim 1 is supposedly met if *at least two data segments* are scatter loaded, regardless of whether other received data segments are not scatter loaded, and despite explicit claim language requiring the scatter loading of "*each* received data segment." (*Id.* 415:3-23.) Indeed, Dr. Rinard went so far as to claim that the "each received data segment" requirement of claim 1 would be satisfied even if just 2 out of 99 received data segments are scatter loaded (i.e., even if the other 97 others are not). (*Id.*)

Following Dr. Rinard's testimony, Apple asked Qualcomm to identify where in Dr. Rinard's report this opinion had been disclosed. Qualcomm eventually identified eight paragraphs (29, 518-23, and 584-85) in Dr. Rinard's opening report. (Ex. A [Qualcomm email] at 1.) As detailed below, however, none of those cited paragraphs discloses Dr. Rinard's new opinion, which is premised on a legally improper claim construction argument in any event.

### III. ARGUMENT

Dr. Rinard's new opinion—that the "at least one data segment" language means that claim 1 is satisfied if just two received data segments are scatter loaded, even if other received data segments are not scatter loaded—should be stricken as (1) undisclosed and (2) a legally wrong claim construction argument that would be improper for the jury to consider.

#### A. Dr. Rinard's New Opinion Should Be Stricken As Undisclosed.

Nowhere in his expert report did Dr. Rinard opine that the "*at least one* data segment" language in the system memory/hardware buffer limitation of claim 1 modifies the "*each received* data segment" language that appears later in the scatter loader controller limitation of the claim. Nor did he ever opine before trial that, as a result of this alleged modification, claim 1 supposedly only requires scatter loading just two received data segments, regardless of how many others the modem processor receives.

None of Qualcomm's citations to Dr. Rinard's opening report suggests otherwise.

*First*, in cited paragraphs 29 and 523, Dr. Rinard merely offered the generic opinion that, because claim 1 is a "comprising" claim, it "encompasses all the elements listed, but that other, additional unnamed elements may also be present." (Ex. B [Rinard Opening Rpt.] ¶ 29; *id.* ¶ 523 ("I understand that the asserted claims are comprising claims and that comprising claims are open ended and do not preclude additional elements and steps. Here NOTE Segments 0 and 1 are just such

additional elements and steps that are outside the scope of the accused system and, as such, are not relevant to whether the accused devices practice the asserted claims.").)

In other words, Dr. Rinard merely stated in these paragraphs that if things *other than data segments* are received (which is how he characterizes Segment 0 and 1 referenced in those paragraphs), that does not preclude the claim from being met. That is a *different opinion* than the one Apple has moved to strike—in which Dr. Rinard is arguing for the first time (and incorrectly) that even if Segment 0 is a received data segment, it does not need to be scatter loaded.

*Second*, cited paragraphs 518 to 523 again do not suggest that the "at least one" language changes the plain meaning of "each," or that claim 1 does not require scatter loading each received data segment. Instead, those paragraphs again merely contain Dr. Rinard's opinion that NOTE-type segments in Apple's accused products (such as Segment 0) *are not "data segments."* Indeed, these paragraphs appear under the heading: "Only LOAD Segments, Not NOTE Segments, are 'Data Segments.'" *Nothing* in those paragraphs alternatively argues that claim 1 still could be infringed if Segment 0 is found to be a data segment—based on the "at least one data segment" language or otherwise.

*Finally*, Qualcomm points to paragraph 585 in which Dr. Rinard opines that he disagreed with Apple's alleged "un-stated assumption that 'each *data* segment' means 'every *segment*." (Ex. B [Rinard Opening Rpt. ¶ 585] (emphasis added).) Once more, however, that paragraph is directed to Dr. Rinard's argument that Segment 0 is supposedly just a "segment," and not a "data segment" (and, thus, does not need to be scatter loaded within the meaning of claim 1). Dr. Rinard opines in paragraph 585 "that not all *segments* are loaded into a destination address indicated by the image header" and offers as an example the fact that "the image header segment(s) is clearly not scatter loaded based on a destination address within

1  the image header itself." (*Id.* (emphasis added).) But Dr. Rinard has never
2  suggested the image header is a ***data segment***, and nowhere in paragraph 585 does
3  Dr. Rinard opine that claim 1 does not require scatter loading ***each*** received ***data***
4  ***segment***, as he did for the first time during his trial testimony. In fact, Dr. Rinard is
5  clear elsewhere in his report that claim 1 "requires that the scatter loader controller
6  ***must*** scatter load ***each received data segment***." (Ex. B [Rinard Opening Rpt. ¶
7  578] (emphasis added).)

8  Given Qualcomm's failure to disclose Dr. Rinard's new opinion before trial,
9  the resulting prejudice to Apple is significant and inherent: "The purpose of the
10 expert disclosure rule is to provide opposing parties reasonable opportunity to
11 prepare for effective cross examination." *Rembrandt Vision Techs., L.P. v. Johnson*
12 *& Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381-82 (Fed. Cir. 2013) (affirming
13 exclusion of expert testimony for failure to comply with the disclosure requirements
14 of Fed. R. Civ. P. 26) (internal quotation marks omitted); *see Adobe Sys. Inc. v.*
15 *Wowza Media Sys.*, No. 11-CV-02243-JST, 2014 WL 709865, at *15 (N.D. Cal.
16 Feb. 23, 2014) ("[P]rejudice is inherent in the assertion of a new theory after
17 discovery has closed").

18 And given that Dr. Rinard asserted his new theory for the first time during
19 cross examination, the only way to cure the resulting prejudice is to strike Dr.
20 Rinard's new opinion and instruct the jury to ignore it. *See, e.g.*, *Morrison v.*
21 *Patrick*, No. 08-3032, 2011 WL 891796, at *17, 20 (E.D. Cal. Mar. 11, 2011)
22 (approving use of curative instruction telling jury to disregard improper expert
23 opinion); *Gaspard v. California*, No. 05-3313, 2006 WL 3251698, at *5 (Nov. 8,
24 2006) (same).

25      **B.   Dr. Rinard's New Opinion Should Be Stricken As Legally Wrong.**
26 Beyond its untimeliness, Dr. Rinard's new opinion should also be stricken on
27 *Daubert* grounds because it is wrong as a matter of law. There is nothing in the
28

claim language or specification to support the claim interpretation that Dr. Rinard presented to the jury—i.e., that "each" means "at least two," such that the jury can find infringement of claim 1 if only two received data segments are scatter loaded, even if others are not. Indeed, Dr. Rinard himself conceded at one point that the claim requires scatter loading "each received data segment," not just "each of the received data segments that [Dr. Rinard] identified." (3/5 Tr. 366:3-13.) The claim language states unambiguously the opposite of what Dr. Rinard suggests in his new opinion: "each received data segment" means exactly that—*each* received data segment—not "some" received data segments or "at least two" received data segments. Dr. Rinard cannot re-write the claim.

Nor can Dr. Rinard (or Qualcomm) circumvent the plain meaning of the word "each" simply because the word "comprising" appears earlier in the claim. To suggest that use of the word "comprising" means that only some, not all, of the received data segments need to be scatter loaded in accordance with the claims would improperly vitiate the express limitation that "*each* received data segment" be scatter loaded. *See Apple Inc. v. Samsung Elecs. Co.*, 695 F.3d 1370, (2012) (rejecting argument that use of "comprising" in a claim that required "a plurality of heuristic modules" where "*each* heuristic module" used a predetermined algorithm could be met despite "the addition of other modules that do not use different heuristic algorithms because such addition would impermissibly wipe out the express limitation that require[d] *every* module to have a unique heuristic algorithm" (emphases added)).

Because it would be improper to allow the jury to consider Dr. Rinard's legally incorrect opinion—which is directly contrary to the express and unambiguous language of the claim, and never proposed during *Markman*—it should be stricken as a matter of law and the jury should be instructed not to consider it. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.,* 449 F.3d 1209, 1224

n.2 (Fed. Cir. 2006) (affirming exclusion of expert opinion based on impermissible claim construction); *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, No. 12-329, 2014 WL 8096334, at *2 (C.D. Cal. Apr. 21, 2014) (granting motion to exclude expert's invalidity testimony where it relied on claim construction contrary to court's issued construction and inconsistent with the specification); *Therasense, Inc. v. Becton, Dickinson and Co.*, No. 04-02123, 2008 WL 2037732, at *5 (N.D. Cal. May 12, 2008) ("[T]he Court will override any incorrect statements of the law by the experts with curative instructions.").

## IV. CONCLUSION

For the reasons above, Apple respectfully requests that the Court (1) strike Dr. Rinard's undisclosed and legally incorrect opinion that claim 1 of the '949 patent requires scatter loading only two received data segments, and (2) issue an instruction for the jury to disregard that opinion.

Dated: March 9, 2019

Respectfully submitted,

By: /s/ *Nina S. Tallon*
Nina S. Tallon, DC Bar No. 479481
*pro hac vice*, nina.tallon@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Phone: 202-663-6000 / Fax: 202-663-6363

Mark D. Selwyn, SBN 244180,
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: 650-858-6000 / Fax: 650-858-6100

William F. Lee, MA Bar No. 291960
*pro hac vice*, william.lee@wilmerhale.com

|   |   |
|---|---|
| 1 | Joseph J. Mueller, MA Bar No. 647567 |
| 2 | *pro hac vice*, |
|   | joseph.mueller@wilmerhale.com |
| 3 | Timothy Syrett, MA Bar No. 663676 |
| 4 | *pro hac vice*, |
|   | timothy.syrett@wilmerhale.com |
| 5 | WILMER CUTLER PICKERING HALE AND |
| 6 | DORR LLP |
|   | 60 State Street |
| 7 | Boston, MA 02109 |
| 8 | Phone: 617-526-6000 / Fax: 617-526-5000 |
| 9 | Juanita R. Brooks, SBN 75934, |
| 10 | brooks@fr.com |
|   | Seth M. Sproul, SBN 217711, |
| 11 | sproul@fr.com |
| 12 | Joanna M. Fuller, SBN 266406, |
|   | jfuller@fr.com |
| 13 | FISH & RICHARDSON P.C. |
| 14 | 12390 El Camino Real |
|   | San Diego, CA 92130 |
| 15 | Phone: 858-678-5070 / Fax: 858-678-5099 |
| 16 |   |
| 17 | Katherine D. Prescott, SBN 215496 |
|   | prescott@fr.com |
| 18 | Betty H. Chen, SBN 24056720 |
| 19 | betty.chen@fr.com |
|   | FISH & RICHARDSON P.C. |
| 20 | 500 Arguello Street, Suite 500 |
| 21 | Redwood City, CA 94063 |
|   | Phone: 650-839-5070 / Fax: 650-839-5071 |
| 22 |   |
| 23 | Ruffin B. Cordell, DC Bar No. 445801 |
|   | *pro hac vice*, cordell@fr.com |
| 24 | Lauren A. Degnan, DC Bar No. 452421 |
| 25 | *pro hac vice*, degnan@fr.com |
|   | FISH & RICHARDSON P.C. |
| 26 | 1000 Maine Avenue, S.W. Suite 1000 |
| 27 | Washington, D.C. 20024 |
|   | Phone: 202-783-5070 / Fax: 202-783-2331 |
| 28 |   |

|   |   |
|---|---|
| 1 | William A. Isaacson, DC Bar No. 414788 |
| 2 | *pro hac vice*, wisaacson@bsfllp.com |
|   | Karen L. Dunn, DC Bar No. 1002520 |
| 3 | *pro hac vice*, kdunn@bsfllp.com |
| 4 | BOIES, SCHILLER & FLEXNER LLP |
|   | 1401 New York Avenue, N.W. |
| 5 | Washington, DC 20005 |
| 6 | Phone: 202-237-2727 / Fax: 202-237-6131 |
| 7 | Benjamin C. Elacqua, TX SBN 24055443 |
| 8 | *pro hac vice*, elacqua@fr.com |
|   | John P. Brinkmann, TX SBN 24068091 |
| 9 | *pro hac vice*, brinkmann@fr.com |
| 10 | FISH & RICHARDSON P.C. |
|   | One Houston Center, 28th Floor |
| 11 | 1221 McKinney |
| 12 | Houston, TX 77010 |
|   | Phone: 713-654-5300 / Fax: 713-652-0109 |
| 13 |   |
| 14 | Brian P. Boyd, GA SBN 553190 |
|   | *pro hac vice*, bboyd@fr.com |
| 15 | FISH & RICHARDSON P.C. |
| 16 | 1180 Peachtree St., NE, 21ST Floor |
|   | Atlanta, GA 30309 |
| 17 | Phone: 404-892-5005 / Fax: 404-892-5002 |
| 18 |   |
| 19 | *Attorneys for Apple Inc.* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 9, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 9, 2019 at Washington, DC.

*/s/ Nina S. Tallon*