David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (844) 345-3178

*[Additional counsel identified on signature page]*

*Attorneys for Plaintiff and Counterclaim Defendants*
QUALCOMM INCORPORATED
AND
QUALCOMM TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE INC.,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:17-cv-1375-DMS-MDD<br><br>**QUALCOMM INCORPORATED'S MOTION TO EXCLUDE APPLE'S FALSE ALLEGATIONS OF WITNESS TAMPERING AND RELATED ACCUSATIONS.**<br><br>Trial Date:　March 4, 2019<br><br>Judge:　Hon. Dana M. Sabraw |

03536-00034/10724538.6

## I. INTRODUCTION

On the morning of March 7, 2019, Defendant Apple Inc. ("Apple") falsely accused Qualcomm and its counsel (Quinn Emanuel) of tampering with a fact witness that Apple had hoped to have appear voluntarily on its behalf. As this Court repeatedly found, "there is not any evidence" to support Apple's allegations of witness tampering. (*See, e.g.*, 3/7/2019 Trial Tr. at 801:23-24.)

Indeed, Apple raised the allegations in open Court, without any prior effort to confer with Qualcomm's counsel,[1] knowing full well that they were baseless. As Qualcomm later learned, Apple had been contacted the morning of March 7, before trial commenced, and was told by Mr. Siva's new counsel (Mr. Matthew Warren) that he had no communications with Qualcomm or its counsel relating to this matter or his retention by Mr. Siva. Dkt. 661-2. Moreover, Mr. Warren has represented every other Google employee who is a relevant witness to the parties' litigations for more than a year, belying any basis for Apple's purported surprise that he would be engaged to represent Mr. Siva as well. Dkt. 661 at 3-4: Dkt. 661-3; Dkt. 661-4. Despite these undisputed contrary facts – and the absence of any actual evidence to support its allegation – Apple's counsel went on to explicitly allege witness tampering no less than ***twenty-four times*** over the course of two days. Such

---

[1] Apple stated to the Court that they first realized that Mr. Siva may not be coming as early as 9:40 p.m. on Wednesday, March 6, when he did not board his flight to San Diego, and no later than 6:48 a.m. the next morning, after which they spoke with Mr. Siva's then-attorney around 8 a.m. (3/7/2019 Trial Tr. at 603:20-604:8.) Counsel for the parties conferred at 10:00 p.m. on March 6 at Apple's behest to discuss evidentiary issues for the Court day and exchanged follow-up email discussions regarding evidentiary issues thereafter; the parties are also in frequent and immediate contact by email every day during trial on any number of issues and each arrived in Court prior to the start of recorded proceedings on March 7. Despite these opportunities, Apple elected not to raise the issue of Mr. Siva's change of counsel or Apple's concerns about "witness tampering" before presenting them from the podium and in open Court on Thursday, March 7.

allegations are highly prejudicial to Qualcomm and would indelibly taint any verdict if presented to the jury. For these reasons, Qualcomm requests an order[2] excluding:

- Any argument or insinuation by Apple that Mr. Siva has been "tampered with,[3]" "tainted," "spoliated," or otherwise compromised as a witness in this matter – whether by Qualcomm, its counsel, or anyone else.

- Any evidence or argument relating to Mr. Siva's alleged initial agreement to appear at trial voluntarily, his change or counsel, the timing or voluntariness of his trial testimony, or the circumstances leading thereto.[4]

- Any evidence or argument regarding the content of his conversations with Mr. Lin and/or Apple's counsel including but not limited to any allegations that Mr. Siva's future testimony is inconsistent with the alleged "off the record" conversations.[5]

## II. APPLE'S ALLEGATIONS OF WITNESS TAMPERING ARE SPURIOUS AND INFLAMMATORY (FRE 403).

After hearing arguments of counsel on March 7, this Court concluded "there is not any evidence" that Mr. Siva was "tampered" with. (3/7/2019 Trial Tr. at

---

[2] Apple has advised Qualcomm that it may not oppose certain portions of this motion but will not agree to all of the requested relief. *See* Clark Aff. & Ex. B.

[3] *See, e.g.*, 3/7/2019 Trial Tr. at 604:19-605:2, 609:25-610:7, 610:7-10, 611:25-612:2, 793:1-5, 794:22-23, 797:16-20, 797:25-798:3, 799:7, 802:11-12, 802:18-20, 803:6-8, 803:9-13, 803:17-19, 803:23-24 (alleging "witness tampering"); 605:3-11 (claiming Mr. Siva is "a tainted witness"); 605:15-22 ("Here we have a witness be spoliated"); 792:6-8, 794:8-13 ("Somebody got to him"); 793:13-24, 794:8-13 ("Who had the motivation to shut Mr. Siva up").

[4] *See, e.g.*, 3/7/2019 Trial Tr. at 603:20-604:8, 604:13-19, 609:14-20, 609:21-23, 609:25-610:7, 791:23-792:5, 792:10-11, 792:18-21, 793:25-794:3, 794:5-7, 797:16-20; 3/8/2019 Trial Tr. at 808:2-5.

[5] *See, e.g.*, 3/7/2019 Trial Tr. at 606:9-10 ("Dr. Lin can testify that Mr. Siva told him the following"), 798:20-22 (proposing that Apple "present the testimony of Mr. Siva … through the testimony of Apple's expert, Dr. Lin"); 802:15-17, 810:12-15 (discussing "what [Mr. Siva] said to Mr. Mueller, … what he said to Ms. Tallon").

801:22-24.) Since then, Apple has admitted that it has no evidence of witness tampering whatsoever. (3/8/2019 Trial Tr. at 809:24-810:5.) To the contrary, Mr. Siva's counsel (Matt Warren) sent an email to all parties, which has been submitted to the Court, that very clearly specifies that he had no communications with Qualcomm or its lawyers regarding his retention by Mr. Siva and that Apple's counsel was aware of that fact before ever raising this issue before the Court. Dkt. 661-2.

Despite Apple's admission that its wild accusations – repeated no less than twenty four times in open Court – were wholly speculative and unfounded, Apple still contends that it should be allowed to argue that Mr. Siva has been "tampered with" or "tainted" if Apple believes his testimony is inconsistent with the party-line position Apple's lawyers have previously presented to the witness. (3/8/3019 Trial Tr. at 810:11-15.) This position is baseless, inflammatory, and highly prejudicial. Fed. R. Civ. P. 401-403; *Shannon v. Koehler*, No. C 08–4059–MWB, 2011 WL 10483366, at *6 (N.D. Iowa Oct. 19, 2011) (excluding witness tampering allegations). It also misleadingly describes not just the facts surrounding Mr. Siva's change of counsel, but the contents of his prior testimony.

During his deposition as Apple's corporate designee pursuant to Fed. R. Civ. P. 30(b)(6), Mr. Siva testified that he had ***never read the '949 patent*** and that his understanding was based exclusively on the information supplied by Apple's lawyers. Ex. A (2/15/2018 A. Siva Dep. 159:12-19, 161:19-162:3). Indeed, during the deposition, Apple's counsel objected to questioning related to Mr. Siva's specific contributions to the '949 Patent on the basis that "he's never reviewed it." (*Id.*) Thus, even if Mr. Warren did tell Apple's counsel that he intended to "advise Mr. Siva not to answer any questions about whether he contributed anything to the '949 Patent," – an assertion that Apple has never backed up by producing any of its communications with Mr. Siva's counsel – this advice would not conflict with Mr. Siva's actual deposition testimony in any way. (*Compare* 3/7/2019 Trial Tr. at

604:19-605:2; 797:16-20 (falsely asserting that "This attorney is now saying, I am representing him and I am telling him to change his testimony.")) Instead, as this Court has already noted, the advice appears to be nothing more than "a principled legal opinion" from Mr. Siva's new counsel. (3/8/2019 Trial Tr. at 809:12-16.) Well-founded legal advice is not tantamount to "witness tampering," "tainting" or "spoliating" the witness, "shutting up" Mr. Siva, or any of the pejorative phrases introduced by Apple's counsel over the course of the two days of argument on this issue. *See United States v. Ahrensfield*, 09-3457 JP, 2010 WL 11619114, at *12 (D.N.M. Aug. 24, 2010) (legitimate provision of legal advice does not constitute witness tampering) (citing 18 U.S.C. § 1515(c)).

"Witness tampering" is a federal felony predicated on the requirement that a witness "was knowingly corrupted" or persuaded to "withhold" or "alter" material evidence. *See* 18 USC § 1512(b)(2)(A)-(B). Both the criminal nature of a "witness tampering" charge and the language of the charge itself are imbued with an inference of culpability. *See Shannon*, 2011 WL 10483366 at *1, 5-7 (rejecting accuser's "indefatigable campaign to vilify" by alleging witness tampering). Whether or not Apple expressly attributes the alleged "tampering" to Qualcomm or its counsel, statements to the jury suggesting that the witness's testimony has been manipulated or compromised are highly inflammatory and have no place in this trial. This is particularly true since, as this Court has found, the explanation consistent with all of the events surrounding Mr. Siva's decision to change counsel and his counsel's purported advice to limit Mr. Siva's voluntary participation at the trial is a "principled legal opinion" about Mr. Siva's best interests. *See id*. at *6 (excluding testimony relating to witness tampering that was "ambiguous at best"). Apple should be foreclosed from introducing any argument, allegation, or insinuation of witness tampering – or any other of its numerous derogatory

characterizations – in connection with Mr. Siva's decision to retain new counsel or his subsequent testimony.[6]

### III. THE COURT SHOULD EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE VOLUNTARINESS OF MR. SIVA'S TESTIMONY

On Friday, March 8, the Court suggested that in view of the ongoing ambiguity surrounding Mr. Siva's appearance – other than the Court's confidence "that Quinn Emanuel, you, Mr. Nelson, and the Trial Team certainly have nothing to do with that" – the parties not comment on the voluntariness of Mr. Siva's testimony. (3/8/2019 Trial Tr. at 1038:11-19) (citing FRE 403).  Qualcomm agreed as long as the rule is applied fairly and bilaterally.  The Court should ensure that Mr. Siva's testimony adheres to the factual disputes at issue in this trial by clarifying the limits on his examination.

While Apple argued during opening statements that Mr. Siva was to appear "voluntarily," it appears that Apple recently attempted to serve Mr. Siva with a subpoena by emailing it to his counsel.  While Apple contends that it has communicated with Mr. Siva's lawyers regarding service, Apple has not produced any of the communications.  The last communication involving Qualcomm specifically characterized the subpoena sent by email as "a courtesy copy."  Dkt. 661-2.  Thereafter, Apple stated to the Court that it had reached an agreement with Mr. Siva's new counsel to have Mr. Siva appear on Monday, March 11.  (3/8/2019 Trial Tr. at 807:21-808:5.)

---

[6] To the extent Mr. Siva contradicts testimony he gave, under oath, at his deposition, Apple can freely impeach Mr. Siva with such contradictory statements without arguing that they are the result of "tampering" or other misconduct.  Similarly, as with any other witness, Qualcomm would be permitted to examine Mr. Siva about the fact of any meetings or discussions he may have had with counsel for Apple to prepare for his testimony, but not regarding the voluntariness of that testimony or his change of counsel.

Apple should be foreclosed from continuing to assert that Mr. Siva is appearing "voluntarily" or from eliciting testimony or making arguments regarding the circumstances of his appearance including his decision to change counsel. Qualcomm has not been provided any of the written correspondence between Mr. Siva and its lawyers, has not been invited to participate in any verbal communications, and has been expressly foreclosed from taking discovery regarding Mr. Siva's communications with Apple lawyers on the basis of attorney-client privilege. There is no evidence in the record or reasonable way for Qualcomm to verify anything Apple has represented regarding its counsel's relationship with Mr. Siva or Mr. Siva's decision to change counsel. *See, e.g.*, 3/7/2019 Trial Tr. at 609:25-610:7 ("As of last night, everything was fine . . ."), 792:10-11 ("We had a wonderful relationship"), 792:18-21 ("We have been representing him for over a year now . . . and he was coming voluntarily."), 793:25-794:3 ("We represented him for a year. Everything was fine."). There is a myriad of legitimate reasons why Mr. Siva may have decided to change counsel, none of which Qualcomm may ever know; in fact, Apple has not provided Qualcomm with any of its communications with either Mr. Siva or his new counsel.[7] *See Rock River Commc'ns, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014) (noting that privilege "may not be used both as a sword and shield"). It would be fundamentally unfair to Qualcomm and prejudicial to these proceedings to allow Apple to make statements about Mr. Siva's current or previous counsel relationships given the lack of transparency in the evidentiary record.

In addition, allowing evidence or argument regarding Mr. Siva's change of counsel or the "voluntariness" of his participation in these proceedings necessarily

---

[7] Certain communications between Apple and Mr. Siva were submitted *in camera* for judicial review but were not disclosed to Qualcomm on the basis of attorney-client privilege. *See* 3/7/2019 Trial Tr. at 792:10-11.

opens the door to the prejudicial countervailing evidence regarding the subpoena that this Court suggested should be kept out of evidence. (3/8/2019 Trial Tr. at 1038:7-18.) As Apple implicitly acknowledged in crafting its opening statement, whether a witness appears voluntarily or under subpoena may affect his credibility with the jury. Thus, as this Court found, by expressly arguing in its opening statements that Mr. Siva was appearing voluntarily, Apple removed "a tool or a cross-examination point . . . from Qualcomm." (3/7/2019 Trial Tr. at 797:4-6.) In view of the present record, there is certainly ample evidence undermining Apple's prior position to the jury that Mr. Siva is "so upset about what happened here, he's willing to take time off from his work . . . to come here to Court" to testify. (3/4/2019 Trial Tr. at 64:24-65:3.) And while Qualcomm agrees with this Court that the details of Mr. Siva's change of counsel and the subsequent efforts by Apple to serve a subpoena on him are likely to distract the jury from the substantive issues in dispute, Qualcomm cannot be foreclosed from correcting an inaccurate record if Apple raises the issue of Mr. Siva's "voluntary" appearance in front of the jury.[8] Thus, Qualcomm simply requests – as it did verbally to the Court – that application of the rule be bilateral such that *neither* party will attempt to address Mr. Siva's

---

[8] Qualcomm believes that all of the evidence and argument relating to Mr. Siva's relationship with current and former counsel, the subpoena, and the circumstances under which he is appearing should be excluded. If they are not, however, Apple must be compelled to produce its and its counsel's communications with Mr. Siva as well as all communications between Apple's counsel and Mr. Siva's subsequent counsels. The latter are not privileged and should be turned over as a matter of course. If Apple intends to elicit testimony or make arguments about the nature of its own relationship with Mr. Siva, then it waives the right to invoke privilege or work product protections over related evidence of that relationship. *United States v. Halbert Constr. Co.*, No. 17-CV-803-CAB-WVG, 2018 WL 4599897, at *2 (S.D. Cal. Sept. 25, 2018) ("Disclosing privileged communication ... results in waiver as to all other communication on the same subject.") (ellipses in original) (quoting *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010)).

representation by counsel, change of counsel, or the voluntariness of his appearance (or non-appearance) at trial in its presentation to the jury.

### IV. THE COURT SHOULD EXCLUDE HEARSAY TESTIMONY BY APPLE'S WITNESSES REGARDING ALLEGED OUT-OF-COURT AND OFF-THE-RECORD CONVERSATIONS WITH MR. SIVA

Finally, Apple must be precluded from eliciting evidence or making arguments regarding Mr. Siva's alleged off-the-record conversations with Apple's expert witnesses and counsel.  To date, Apple has been unwilling to agree to adhere to the Federal Rules of Evidence in this respect.  Throughout the parties' arguments, Apple has consistently represented its intent to rely on what it claims Mr. Siva "said to [Apple's] expert . . . what he said to Mr. Mueller . . .[and] what he said to Ms. Tallon."  (*See, e.g.*, 3/8/2019 Trial Tr. at 810:11-15; *see also* 3/7/2019 Trial Tr. at 605:3-11, 606:8-14, 794:5-7, 797:25-798:3, 802:15-17.)  Indeed, Apple specifically requested to be permitted to "present the testimony of Mr. Siva … through the testimony of Apple's expert, Dr. Lin, with whom Mr. Siva spoke."  (3/7/2019 Trial Tr. at 798:20-22.).  This proposed wholesale hearsay contravenes all relevant evidentiary rules and should be prohibited.

While experts may base their opinions on hearsay, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013); *see also, e.g.*, *United States v. Tomasian*, 784 F.2d 782, 786 (7th Cir. 1986) (Rule 703 "does not sanction the simple transmission of hearsay" by an expert to the jury); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015) (precluding expert from "refer[ring] to" what others told him, notwithstanding his ability to "rely upon those conversations as a basis of his opinion"). "[A]n expert may not be used simply as a vehicle for the admission into evidence of otherwise inadmissible hearsay testimony." *Crowley v. Chait*, 322 F.

Supp. 2d 530, 553 (D.N.J. 2004) (citing 29 C. WRIGHT & V. GOLD, FED. PRAC. & PROC., § 6273, p. 312 (1997)).  Accordingly, experts are "precluded from offering hearsay testimony, summarizing evidence, and opining on the credibility or consistency of [fact witness] testimony." *Id.*  Such testimony "'comes dangerously close to usurping the jury's function' and 'implicates Rule 403.'" *Id.* (quoting *United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2003); citing *Salas v. Carpenter*, 980 F. 2d 299, 304 (5th Cir. 1992)).  "Listening to the testimony and deciding whether it is contradictory is the 'quintessential jury function of determining credibility of witnesses .'  An expert may not substitute his judgment for the jury's." *Id.* at 553-54 (quoting *SEC v. Lipson*, 46 F. Supp. 2d 758, 763 (N.D. Ill 1998)).

   Generally, an expert cannot relay the specific contents of informal conversations he or she has had with a fact witness under the guise of "expert opinion." *United States v. Mejia*, 545 F.3d 179, 197-98 (2d Cir. 2008) (parts of expert's testimony that "involved merely repeating information he had read or heard" violated Rule 703 because an "expert may not … simply transmit that hearsay to the jury").  There is no hearsay exception that would apply to Mr. Siva's purported out-of-court statements.  *See* Fed. R. Evid. 801-804.  And the risk of prejudice associated with allowing Dr. Lin to testify regarding Mr. Siva's alleged prior, out-of-court, statements is particularly acute.  Apple's counsel has expressly stated its intent to elicit testimony from Dr. Lin to impeach the testimonial record created by Mr. Siva should perceived conflicts arise between Mr. Siva's sworn testimony and his alleged informal, out-of-court, hearsay statements to Dr. Lin or to supplement Mr. Siva's proffered testimony.  (*See, e.g.*, 3/8/2019 Trial Tr. at 810:11-15.)  Apple has also attributed such alleged "inconsistencies" to Mr. Siva's change in counsel, which – as discussed above – is an issue rife with ambiguity and false charges, and which is subject to Federal Rule of Evidence 403 exclusion.  The established hearsay law and Federal Rule of Evidence 403 preclude Dr. Lin from

testifying about the contents of his conversations with Mr. Siva or offering any credibility opinions regarding the witness's trial testimony.

Similarly, and at the risk of stating the obvious, any statements Mr. Siva allegedly made to Apple's counsel regarding his alleged contributions to the '949 patent are plainly inadmissible. Not only are they hearsay without foundation but, additionally, Apple has asserted and continues to assert privilege over those communications. Apple cannot, on one hand, maintain privilege over its communications with Mr. Siva and on the other complain that those conversations are inconsistent with the evidentiary record. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). At this stage of the trial, it is too late to do the necessary follow-up discovery that would be required should Apple voluntarily waive privilege over the communications between counsel and Mr. Siva. The only reasonable option is to preclude Apple from eliciting testimony or making arguments regarding or references to Mr. Siva's previous, privileged communications with his former lawyers.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court exclude each of the following:

- Any argument or insinuation by Apple that Mr. Siva has been "tampered with," "tainted," "spoliated," or otherwise compromised as a witness in this matter – whether by Qualcomm, its counsel, or anyone else.

- Any evidence or argument relating to Mr. Siva's alleged initial agreement to appear at trial voluntarily, his change or counsel, the timing or voluntariness of his trial testimony, or the circumstances leading thereto.

- Any evidence or argument regarding the content of his conversations with Mr. Lin and/or Apple's counsel including but not limited to any allegations that Mr. Siva's future testimony is inconsistent with the alleged "off the record" conversations.

|   |   |   |
|---|---|---|
| 3 | DATED: March 10, 2019 | Respectfully Submitted, |

By <u>*/s/ Michelle Ann Clark*</u>

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Nathan A. Hamstra (*pro hac vice*)
(Ill. Bar No. 6286325)
nathanhamstra@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
Valerie A. Lozano (SBN 260020)
valerielozano@quinnemanuel.com
Patrick T. Schmidt (SBN 274777)
patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Richard W. Erwine (*pro hac vice*)
(N.Y. Bar No. 2753929)
richarderwine@quinnemanuel.com
Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michelle A. Clark (SBN 243777)
michelleclark@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

|   |   |
|---|---|
| 1 |   |
| 2 | JONES DAY |
| 3 | Karen P. Hewitt (SBN 145309)<br>kphewitt@jonesday.com |
| 4 | Randall E. Kay (SBN 149369)<br>rekay@jonesday.com |
| 5 | John D. Kinton (SBN 203250)<br>jkinton@jonesday.com |
| 6 | Kelly V. O'Donnell (SBN 257266)<br>kodonnell@jonesday.com |
| 7 | 4655 Executive Drive, Suite 1500<br>San Diego, California 92121 |
| 8 | Telephone: (858) 314-1200<br>Facsimile: (858) 345-3178 |
| 9 |   |
| 10 | *Attorneys for Plaintiff and Counterclaim Defendants QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES. INC.* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 10, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on March 10, 2019 at San Francisco, California.

*/s/ Michelle Ann Clark*
Michelle Ann Clark