# EXHIBIT B

| | |
|---|---|
| **From:** | Michelle A. Clark |
| **Sent:** | Sunday, March 10, 2019 11:04 PM |
| **To:** | 'Frazier, Sarah'; Wolin, Michael; Branden Stein; Chase, Lanta; QE-Qualcomm-SDCal-1375; 'Service-CSM-QC-Apple-CM@cravath.com'; 'Qualcomm-JonesDay-SDCal1375' |
| **Cc:** | 'Apple_Qualcomm_FRService_SDCA_1375'; WH Qualcomm-Apple SDCal 1375 Service List; Specht, Claire |
| **Subject:** | RE: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures |

Sarah,

There are many things in your email that make clear that the parties are not in agreement on this issue – not the least of which is that Apple refuses to desist from having its experts relay the contents of alleged off the record hearsay conversations with the witness should it decide that "Mr. Siva [has not] testified consistently with . . . what he said to our expert." (3/8/2019 Trial Tr. at 810:11-15.) The position that Apple is taking is undermines any "agreement" it proffers below.

Given the lateness of Apple's response, its refusal to agree to our proposal in full, and our belief that a Court order would be appropriate in this situation, Qualcomm will file our motion this evening. Qualcomm invites Apple to clarify its position in a statement of non-opposition to the extent it wishes to do so. We would also be willing to review any stipulation Apple wants to proffer reflecting its retraction of it previous statements and agreement to desist from making further baseless allegations of witness tampering.

In addition, while we had hoped to be able to confer on this issue during tonight's call, we are also willing to make ourselves available tomorrow morning to confer further.

Have a good night.

Best,
Michelle

---

**From:** Frazier, Sarah [mailto:Sarah.Frazier@wilmerhale.com]
**Sent:** Sunday, March 10, 2019 8:21 PM
**To:** Michelle A. Clark <michelleclark@quinnemanuel.com>; Wolin, Michael <Michael.Wolin@wilmerhale.com>; Branden Stein <brandenstein@quinnemanuel.com>; Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; 'Service-CSM-QC-Apple-CM@cravath.com' <Service-CSM-QC-Apple-CM@cravath.com>; 'Qualcomm-JonesDay-SDCal1375' <Qualcomm-JonesDay-SDCal1375@jonesday.com>
**Cc:** 'Apple_Qualcomm_FRService_SDCA_1375' <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>; Specht, Claire <Claire.Specht@wilmerhale.com>
**Subject:** RE: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

Michelle,

Regarding the motion in limine referenced below, Apple agrees with many of Qualcomm's proposals. Specifically, Apple agrees that the parties should not introduce evidence or argument to the jury that Mr. Siva has been tampered with, spoliated, or tainted. Apple also agrees that neither party should introduce evidence or argument regarding Mr. Siva's change of counsel, the issuance of a subpoena for his appearance at trial, or the voluntariness of his appearance. Finally,

we agree that neither party should introduce evidence or argument regarding the contents of Mr. Siva's discussions with counsel.

We do not agree that Dr. Lin should be precluded from testifying, consistent with his report, about his conversation with Mr. Siva.

Please confirm you will memorialize these agreements in a stipulation that the parties can file tomorrow before Mr. Siva testifies. If you intend to proceed with a motion on the particular issue of precluding evidence or argument regarding Dr. Lin's discussion with Mr. Siva please let us know.

Regarding closing demonstratives, we agree with your suggestion to forego advanced exchanges and raise any objections contemporaneously.

Thanks,
Sarah

---

**From:** Michelle A. Clark <michelleclark@quinnemanuel.com>
**Sent:** Sunday, March 10, 2019 7:10 PM
**To:** Wolin, Michael <Michael.Wolin@wilmerhale.com>; Branden Stein <brandenstein@quinnemanuel.com>; Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; 'Service-CSM-QC-Apple-CM@cravath.com' <Service-CSM-QC-Apple-CM@cravath.com>; 'Qualcomm-JonesDay-SDCal1375' <Qualcomm-JonesDay-SDCal1375@jonesday.com>
**Cc:** 'Apple_Qualcomm_FRService_SDCA_1375' <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>; Specht, Claire <Claire.Specht@wilmerhale.com>
**Subject:** RE: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

**EXTERNAL SENDER**

Counsel,

**Regarding the '936 evidentiary issues:**

- Please confirm that Apple will not seek to admit DX-148, DX-377, DX-403, and DX-431 into evidence.  Qualcomm will reserve its rights to raise testimonial objections if Apple will confirm that it does not intend to admit these third party documents.  Otherwise, we will raise this issue with the Court.  Please let us know before this evening's meet and confer call.  (To clarify the record, Qualcomm already stated that it would agree that PX-962, PX-1013, PX-1029, and PX-1110 should not be admitted into evidence though they may be the subject of expert testimony.)

- In addition, Qualcomm stands on its objections to DX-1646 and PX-2473.05.  We reviewed the cited sections of Dr. Fuchs's report as well as the corresponding deposition testimony and Dr. Fuchs never offers any opinions about these documents.  We intend to raise this issue with the Court.

- We accept Apple's proposed modifications to Dr. Fuchs's demonstratives and reserve the right to raise contemporaneous objections as the testimony develops.  Please send the revised demonstrative exhibits to us as soon as possible.

- To address your concerns regarding PX-2472 and PX-2476, Qualcomm identifies:  PX2470.01 (NV-1375-SC00000011 – 12), PX2470.02 (NV-1375-SC00000031 – 34), PX2476.01 (NV-ITC1065-SC000000008 – 12) instead.  We intend to move these files into evidence.

- If there are any issues that Apple continues to believe should be addressed to the Court, please let us know what those are.  Otherwise, based on your email below and our meet and confer call, we understand that the only issues that require judicial input re evidentiary objections are the ones enumerated in the first two bullet points of my email.

**Motion *In Limine***

Qualcomm intends to file a motion in limine this evening to foreclose any argument or allegations regarding "witness tampering" (and the related pejorative characterizations made by Apple) as well as related evidence.  In particular, Qualcomm will move to exclude:

- Argument or allegations that Mr. Siva has been tampered with, spoliated, tainted, or that his testimony has been compromised merely because he changed counsel.
- Evidence or argument regarding his change of counsel and the resultant "voluntariness" of his appearance (or non-appearance) at trial.
- Evidence or argument regarding the contents of his alleged discussions with Dr. Lin and Apple's counsel regarding his purported contributions to the '949 Patent.

Please let us know Apple's position regarding the proposed motion as soon as possible.  The sooner that we hear back from you, the sooner we can get the motion on file, and the more advance notice Apple will have prior to Mr. Siva's testimony to respond.  I am around all day if anyone wants to talk about the issues.  559-908-6144.

**Proposed Modifications to Jury Instructions, Verdict Form, and Pretrial Stipulations**

Please find attached a proposed, additional jury instruction which we believe would be helpful to the jury in view of the way the evidence has come into this case.  In addition, as we discussed last night, Qualcomm intends to propose to the Court that there be a jury instruction specifically identifying the alleged prior art that may be the basis for Apple's anticipation and obviousness defenses respectively.  This would help distinguish the numerous references that Apple intends to present as "State of the Art" evidence.  Such an instruction is supported by at least FCBA Model Instruction 4.3c(ii) and AIPLA Model Instructions § 5.  Please let us know Apple's position regarding the proposed instructions before the charge conference on Monday.

Also, please find attached our proposed revised verdict form.  We reserve the right to further streamline the enumerated defenses depending on the evidence actually presented by Apple.  The Court suggested the parties confer regarding the verdict form in advance of Monday's hearing.  We will be prepared to do so on this evening's call.

Finally, in view of the current trial schedule, it appears that closing arguments may be made as early as Wednesday afternoon.  It does not make sense (and may not be possible) to prepare and exchange final closing demonstratives before all the evidence has been presented.  To avoid this situation, Qualcomm proposes that the parties simply forgo advance of exchange of closing demonstratives and reserve all objections to be made contemporaneously.  Please let us know your position this evening.

Best,

Michelle

---

**From:** Wolin, Michael [mailto:Michael.Wolin@wilmerhale.com]
**Sent:** Sunday, March 10, 2019 12:21 PM
**To:** Branden Stein <brandenstein@quinnemanuel.com>; Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; 'Service-CSM-QC-Apple-CM@cravath.com' <Service-CSM-QC-Apple-CM@cravath.com>; 'Qualcomm-JonesDay-SDCal1375' <Qualcomm-JonesDay-SDCal1375@jonesday.com>

**Cc:** 'Apple_Qualcomm_FRService_SDCA_1375' <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-
Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>; Wolin, Michael
<Michael.Wolin@wilmerhale.com>; Specht, Claire <Claire.Specht@wilmerhale.com>
**Subject:** RE: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

Dear Counsel,

We write to follow up on several of the issues discussed on our meet-and-confer yesterday on objections for the '936
witnesses:

**Apple's Objections to Cross Exhibits for Mr. Duprat**:

For our objection to Qualcomm's disclosure of PX-1416 as a cross exhibit for Mr. Duprat, we reserve the right to raise
any appropriate contemporaneous objections to Qualcomm's questioning of Mr. Duprat.  However, we do not intend to
raise this objection to the Court.

**Deposition and Exhibit Disclosures for Mr. Brown**:

We have been in contact with counsel for NVIDIA, whose position on sealing NVIDIA's confidential information is:
- NVIDIA consents to the deposition designations disclosed by the parties being played in open court.
- NVIDIA agrees that DX-92, DX-97, DX-99, DX-103, and DX-104 may be shown on the public monitor and admitted
  into the public record.
- NVIDIA requests that its internal technical documents (DX-91, DX-94, and DX-105) and source code (DX-402, PX-
  2472, and PX-2476) be admitted into evidence under seal and that the public monitors are turned off when
  those documents are shown.

**Objections to Direct and Cross Exhibits for Dr. Fuchs**:

- We propose the following compromise, which we believe is consistent with how both parties have been treating
  non-party documents considered by experts:  Qualcomm will withdraw its objections to DX-148, DX-377, DX-
  403, and DX-431.  Apple will withdraw its objections to PX-962, PX-1013, and PX-1029.  These exhibits may be
  used with Dr. Fuchs and shown to the jury; however, both parties reserve the right to object to the admission of
  these documents into evidence on hearsay grounds.

- As to your objections to DX-377, DX-403, and DX-431 as purportedly "not elected prior art," that is not a proper
  evidentiary objection.  The election of prior art limited the number of "prior art combinations [the party]
  contends invalidate based on obviousness."  (Dkt. 152, ¶ 4.)  Apple is not asserting that DX-377, DX-403, or DX-
  431 invalidate the '936 patent as part of an obviousness combination.  As we stated on the meet-and-confer,
  these documents relate to the state of the art at the time of the '936 patent.

- As to your objections to DX-1646 as outside the scope of Dr. Fuchs's report, this document is an attachment to
  an email family included on Dr. Fuchs's materials considered list and discussed in paragraph 134 of his rebuttal
  report.  Further, DX-1646 is an example of the functionality of the Apple products described in paragraph 126 of
  Dr. Fuchs's rebuttal report.

- As to your objections to DX-2473.05, we continue to believe that your objection to this document is
  inappropriate as Qualcomm has previously used this document with a witness without objection and therefore it
  is presumptively admitted into evidence under the Court's practice.  In addition, testimony about this document
  falls within the opinions expressed in paragraph 156 of Dr. Fuchs's rebuttal report.

- As to your disclosure of PX-2472 and PX-2476 as cross exhibits, these documents are described on Qualcomm's
  exhibit list as "All NVIDIA source code produced in" the 1375 and 1065 matters and do not specify precise Bates

ranges.  We understand from our meet-and-confer that Qualcomm is seeking to use all printed source code with the Bates prefixes NV-1375-SC and NV-ITC1065-SC.  Based on that understanding, we maintain our objection to these documents on the basis that they are hearsay and no witness will lay a foundation for any exception to the hearsay rule.  If Qualcomm were to agree to only use this source code for impeachment purposes and not seek to admit it into evidence, we could forego raising this issue with the Court.

**Qualcomm's Objections to Dr. Fuchs's Demonstratives**:

- As to your objection to DDX-10.6, Apple will remove the parenthetical below "plain and ordinary meaning" for "programmable streaming processor."  Per your representation on the meet-and-confer, we believe this resolves your objection.

- As to your objections to DDX-10.12 as purportedly "beyond the prior art election," that is not a proper evidentiary objection.  As noted above, the election of prior art limited the number of obviousness combinations that could be asserted.  Apple is not asserting that the references "prior to 2003" invalidate the '936 patent as part of an obviousness combination.  As we stated, this demonstrative relates to the state of the art at the time of the '936 patent and is clearly within the scope of Dr. Fuchs's reports.

- As to your objection to DDX-10.13 related to "annotation," Apple will added an "annotated" parenthetical to the citation.  Based on your representations on the meet-and-confer, we believe this resolves your objection.

- As to your objections to DDX-10.14 and .15 as being purportedly misleading and your objection to "detail" in the parenthetical for DDX-10.15, Apple maintains that there is nothing misleading in these slides.  As we stated on the meet-and-confer, the animation provided clearly shows where the excerpted portions of Fig. 2B originated.  Nevertheless, in the interests of compromise, Apple will add an "annotated" parenthetical to DDX-10.14 and a "excerpted and animated" parenthetical to DDX-10.15.

- As to your objections to DDX-10.27, .28, .30, and .31 as outside the scope of Dr. Fuchs's reports, the opinions expressed in these bullet points were disclosed in Dr. Fuchs's reports.  A non-exhaustive list of citations to Dr. Fuchs's reports supporting those opinions are Dr. Fuchs's opening report at paragraph 57 and Dr. Fuchs's rebuttal report at paragraphs 85, 86, and 391.

- As to your objection to DDX-10.33 as outside the scope of Dr. Fuchs's reports to the extent the demonstrative references PX-671, PX-1258, PX-1259, and PX-1896, as we explained on the meet-and-confer, all of these documents are included on Dr. Fuchs's materials considered list.  Furthermore, these documents were discussed during Dr. Annavaram's testimony and therefore are presumptively admitted into evidence under the Court's practice, Dr. Annavaram admitted in his own slides and testimony that all of these documents are testing documents, and the dates are apparent from the documents themselves.

- As to your objections to DDX-10.34, you indicated on the meet-and-confer that your objections related to "Apple's Use of" in the title and that the figure was not within the scope of Dr. Fuchs's reports.  This opinion, including the title, was timely and fairly disclosed in Dr. Fuchs's reports.  This opinion was disclosed at least in Dr. Fuchs's rebuttal report at paragraphs 125-126.  Nevertheless, in the interests of compromise, Apple agrees to revise the title of DDX-10.34 to "Constant Hoisting."

In light of the foregoing, please confirm which issues you believe are still in dispute.

Regards,

Michael Wolin

**Michael Wolin | WilmerHale**
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 663 6023 (t)
+1 202 663 6363 (f)
michael.wolin@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Branden Stein <brandenstein@quinnemanuel.com>
**Sent:** Saturday, March 9, 2019 7:00 PM
**To:** Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; 'Service-CSM-QC-Apple-CM@cravath.com' <Service-CSM-QC-Apple-CM@cravath.com>; 'Qualcomm-JonesDay-SDCal1375' <Qualcomm-JonesDay-SDCal1375@jonesday.com>
**Cc:** 'Apple_Qualcomm_FRService_SDCA_1375' <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>
**Subject:** FW: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

Counsel,

Below please find Qualcomm's objections.

**Qualcomm's Objections to Apple's Fuchs Exhibits**
- DX-148 – lacks foundation; authenticity; hearsay
- DX-377 – not elected prior art; lacks foundation; authenticity; hearsay
- DX-403 – not elected prior art; lacks foundation; authenticity; hearsay
- DX-431 – not elected prior art; lacks foundation; authenticity; hearsay
- DX-1646 – outside scope of expert report
- PX-2473.05 – outside scope of expert report

Qualcomm has no objections to the exhibits Apple has disclosed for Duprat at this time, but reserves all rights to make appropriate objections.

**Qualcomm's Objections To Apple's Fuchs Demonstratives**
- DDX-10.14 and .15—Object to the video rearranging the elements in the patent figure as misleading; also to the labeling of the rearranged elements as being a "detail" of a patent figure
- DDX-10.12—Object to the items on the timeline that are beyond the prior art election (everything prior to 2003)
- DDX-10.6—Object to the extra language with the construction of "programmable streaming processor," as misleading
- DDX-10.13—Object to the annotations on the patent figure (without a citation clarifying that these are annotations)
- DDX-10.27, .28, .30, and .31—Object to the bubble as beyond the scope of the disclosed expert opinions
- DDX-10.33—Object to the characterization of the test documents not discussed in the expert report (including PX671, PX1258, PX1259, and PX1896)
- DDX-10.34—Object as misleading and prejudicial; also beyond the scope of the expert report to the extent he opines that this is anything more than an example of how it might work

Best,
Branden

---

**From:** Branden Stein
**Sent:** Saturday, March 9, 2019 6:08 PM
**To:** 'Massa, Dominic <Dominic.Massa@wilmerhale.com>
**Cc:** Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; Service-CSM-QC-Apple-CM@cravath.com; Qualcomm-JonesDay-SDCal1375 <Qualcomm-JonesDay-SDCal1375@jonesday.com>; Apple_Qualcomm_FRService_SDCA_1375 <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>
**Subject:** RE: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

Counsel,

We noticed that the attached disclosure for Bill Lin lists a demonstrative, DDX-47, that it appears Apple has not sent us. Could you let us know if that is a typo or we missed it somehow?

Best,
Branden

---

**From:** Massa, Dominic [mailto:Dominic.Massa@wilmerhale.com]
**Sent:** Saturday, March 9, 2019 5:21 PM
**To:** Branden Stein <brandenstein@quinnemanuel.com>
**Cc:** Chase, Lanta <Lanta.Chase@wilmerhale.com>; QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; Service-CSM-QC-Apple-CM@cravath.com; Qualcomm-JonesDay-SDCal1375 <Qualcomm-JonesDay-SDCal1375@jonesday.com>; Apple_Qualcomm_FRService_SDCA_1375 <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>
**Subject:** Re: Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

That is correct.

On Mar 9, 2019, at 5:16 PM, Branden Stein <brandenstein@quinnemanuel.com> wrote:

**EXTERNAL SENDER**

Counsel,

Could you please confirm that Apple will not be using demonstratives with Jean-Luc Duprat?

Best,
Branden

**Branden Stein**
*Associate,*
**Quinn Emanuel Urquhart & Sullivan, LLP**

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6486 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
brandenstein@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Chase, Lanta [mailto:Lanta.Chase@wilmerhale.com]
**Sent:** Saturday, March 9, 2019 5:03 PM
**To:** QE-Qualcomm-SDCal-1375 <qe-qualcomm-sdcal-1375@quinnemanuel.com>; 'Service-CSM-QC-Apple-CM@cravath.com' <Service-CSM-QC-Apple-CM@cravath.com>; Qualcomm-JonesDay-SDCal1375 <Qualcomm-JonesDay-SDCal1375@jonesday.com>
**Cc:** Apple_Qualcomm_FRService_SDCA_1375 <Apple_Qualcomm_FRService_SDCA_1375@fr.com>; WH Qualcomm-Apple SDCal 1375 Service List <WHQualcomm-AppleSDCal1375ServiceList@wilmerhale.com>
**Subject:** Qualcomm v. Apple, Case No. 17-cv-01375-DMS-MDD (S.D. Cal.): Apple's Disclosures

Counsel,

Apple's demonstratives for Dr. Fuchs and affirmative designations for Mr. Kaidar are available at the path below:

**<u>Oren Kaidar</u>**
13:21-13:23
24:08-24:09
47:04-47:07
120:10-120:13
120:15-120:21
123:02-123:05
124:10-125:02
141:11-141:21
143:13-143:15
143:17-144:19

https://wilmerhale-sharesite.box.com/s/vsk34raf9f2emit1r90r8lt3z4iygfy5

Regards,
Lanta

**Lanta M. Chase | WilmerHale**
IP Litigation Case Manager
1875 Pennsylvania Avenue NW
Washington, DC 20006 USA
+1 202 247 4229 (t)
+1 202 663 6363 (f)

lanta.chase@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

```
*******************************************************************************
************************************
This email message is for the sole use of the intended recipient(s) and may contain
confidential and privileged information. Any unauthorized use or disclosure is
prohibited. If you are not the intended recipient, please contact the sender by reply
email and destroy all copies of the original message.
*******************************************************************************
************************************
```