

650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

Honorable Dana M. Sabraw
James M. Carter and Judith N. Keep
United States Courthouse
333 West Broadway
San Diego, CA 92101

        RE:   *Qualcomm Inc. v. Apple Inc.*, 3:17-cv-1375-DMS-MDD (S.D. Cal.)

Your Honor:

    We are counsel for Matt Warren. Mr. Warren is an esteemed San Francisco-based attorney who has represented several third party witnesses in the *Qualcomm v. Apple* litigation, including Google LLC, on a subpoena to YouTube. On March 6, 2019, when Google learned that its employee, Mr. Sivasithambaresan, would be testifying in this case and that he had somehow previously been represented by Apple's own counsel at WilmerHale, it arranged for Mr. Warren to provide Mr. Sivasithambaresan with independent counsel.

    Mr. Warren reached out to Apple's counsel early on March 7. That morning, he told Richard O'Neill of WilmerHale that Mr. Sivasithambaresan was ready and willing to testify at trial, and simply asked that he be sent a trial subpoena to do so. This routine request was intended to protect Mr. Sivasithambaresan from any suggestion that he was playing favorites between the parties in the case. Mr. Warren requested a trial subpoena based solely on his judgment of his client's best interests and without ever talking to anyone connected to Qualcomm about the matter. At no point did Mr. Warren suggest that Mr. Sivasithambaresan would not testify.

    Unknown to Mr. Warren at the time, and left unsaid by Mr. O'Neill during their phone call, was that Apple had already represented to the jury in its opening statement that Mr. Sivasithambaresan, supposedly motivated by his anger toward Qualcomm, would be voluntarily appearing in the case. Mr. Warren's otherwise-routine subpoena request threatened to undermine Apple's characterization of Mr. Sivasithambaresan's intent. Rather than tell Mr. Warren why Apple did not want to send a subpoena, and without any basis whatsoever, Apple had the audacity to characterize Mr. Warren's subpoena request as "witness tampering" in court on March 7.[1] That charge, indeed any suggestion of impropriety, is absolutely false.

---

[1] We have not yet been able to obtain copies of the transcripts of the recent Court proceedings, and have learned of this issue only from filings in the case available on PACER.

AUSTIN   BEIJING   BOSTON   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

Letter to court.docx

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

March 11, 2019
Page 2

      Mr. Warren immediately informed Apple's counsel that the story of tampering that Apple had concocted was baseless. In response, at 6 p.m. on March 7, Apple emailed, but did not serve, Mr. Warren with a trial subpoena, purporting to demand his appearance in San Diego, 500 miles away, the next morning at 8:30 a.m.

      When we were retained, at 1:00 a.m. on March 8, we told Apple that the subpoena was facially invalid.[2] We urged Apple to recant its allegation and apologize to Mr. Warren. To this point, Apple has not done so. It has provided no substantive response, and apparently continues to spread its scurrilous narrative with nothing whatsoever to support it. Apple also has not withdrawn its sanctionable subpoena.[3]

      We would be happy to discuss these matters with the Court at its convenience, whether by phone from our office in Palo Alto, or in person with sufficient notice.

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s

David H. Kramer

---

  [2] In addition to Apple's failure to serve, the subpoena violated Rule 45's geographical limitations and its prohibition against the imposition of undue burden by purporting to require Mr. Warren to undertake last minute air travel, while simultaneously gathering documents and creating a privilege log, all within roughly 12 hours. For the same reasons, the subpoena also violated Rule 45(d)(3)(A)(i) by failing to allow a reasonable time to comply. It also directly sought the contents of Mr. Warren's conversations with his client, Mr. Sivasithambaresan, and so violated the rule against seeking "disclosure of privileged or other protected matter." Fed. R. Civ. Proc. 45(d)(3)(A)(iii). Rule 45(d)(1) mandates sanctions for such misuse of the subpoena process.

  [3] Copies of our correspondence with Apple's counsel are attached hereto as Exhibit A.

# EXHIBIT A

**Grubbs, Deborah**

| | |
|---|---|
| **From:** | Kramer, David |
| **Sent:** | Friday, March 08, 2019 2:25 AM |
| **To:** | bchen@fr.com; brooks@fr.com |
| **Subject:** | Apple/Qualcomm -- Matt Warren |

Ms. Chen and Ms. Brooks

I understand that you are in the heat of a trial and imagine that your focus is elsewhere.   That would help explain why you emailed my client, Matt Warren, a facially invalid and abusive trial subpoena at 6 p.m. yesterday purporting to compel him to appear today at 8:30 a.m. 500 miles away in  San Diego.  Mr. Warren retained me early this morning to respond.

The subpoena, which has not been properly served, violates Rule 45 of the Federal Rules of Civil Procedure in multiple respects.  That same rule mandates that sanctions be imposed under the circumstances.

More fundamentally, the premise underlying your subpoena -- your allegation of supposed impropriety with respect to the trial testimony of Mr. Warren's client, Mr Siva -- is frivolous.  The fact that you have made such an allegation without any good faith basis, is likewise deserving of sanction.

I urge that you recant your scurrilous allegation and apologize to Mr. Warren as soon as possible.


Very truly yours,


Dave Kramer
WSGR

**Grubbs, Deborah**

| | |
|---|---|
| **From:** | Juanita Brooks <brooks@fr.com> |
| **Sent:** | Friday, March 08, 2019 5:34 AM |
| **To:** | Kramer, David |
| **Cc:** | Betty Chen |
| **Subject:** | Re: Apple/Qualcomm -- Matt Warren |

Based upon your email and one we received from Mr. Warren late last night I am assuming that you are now representing Mr. Warren. We are not withdrawing the subpoena but will be happy to work with you in scheduling Mr. Warren's appearance in court. Please feel free to give me a call on my cell at your earliest convenience. 858-395-9142. Thank you. Juanita Brooks.

Sent from my iPhone

On Mar 8, 2019, at 2:25 AM, Dave Kramer <dkramer@wsgr.com<mailto:dkramer@wsgr.com>> wrote:

Ms. Chen and Ms. Brooks

I understand that you are in the heat of a trial and imagine that your focus is elsewhere. That would help explain why you emailed my client, Matt Warren, a facially invalid and abusive trial subpoena at 6 p.m. yesterday purporting to compel him to appear today at 8:30 a.m. 500 miles away in San Diego. Mr. Warren retained me early this morning to respond.

The subpoena, which has not been properly served, violates Rule 45 of the Federal Rules of Civil Procedure in multiple respects. That same rule mandates that sanctions be imposed under the circumstances.

More fundamentally, the premise underlying your subpoena -- your allegation of supposed impropriety with respect to the trial testimony of Mr. Warren's client, Mr Siva -- is frivolous. The fact that you have made such an allegation without any good faith basis, is likewise deserving of sanction.

I urge that you recant your scurrilous allegation and apologize to Mr. Warren as soon as possible.

Very truly yours,

Dave Kramer
WSGR

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

```
***********************************************************************************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***********************************************************************************************
```



650 Page Mill Road
Palo Alto, CA 94304-1050
PHONE 650.493.9300
FAX 650.493.6811
www.wsgr.com

Juanita R Brooks
Fish and Richardson
12390 El Camino Real
San Diego, CA 92130

Richard W. O'Neill
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109

    Re:    Subpoena to Matthew Warren in *Qualcomm Inc. v. Apple Inc.*, 3:17-cv-1375-DMS-MDD (S.D. Cal.)

Dear Counsel:

    I write again as counsel for Matt Warren to whom you emailed an abusive and facially invalid trial subpoena at 6 pm on Thursday March 7. The subpoena, which has not been served, demanded he appear 500 miles away in San Diego at 830 a.m. on March 8, that is, the very next morning.

    I was retained by Mr. Warren at 1 a.m. on March 8 and told you immediately that your subpoena violated Federal Rule of Civil Procedure 45 in multiple respects and warranted sanctions. I also reiterated what Mr. Warren had already told you himself – your charge that that there had been improper interference with the testimony of his client, Arjuna Sivasithambaresan, was specious. I told you that you should recant any suggestion of impropriety and promptly apologize to Mr. Warren. You responded that you were not "withdrawing" the subpoena, and ignored my requests. My client thus remains under the cloud of your sham subpoena, and the cloud of your scurrilous accusations.

    The problems with your trial subpoena are myriad. In addition to your failure to serve it properly, the subpoena violated Rule 45's geographical limitations and its prohibition against the imposition of undue burden by purporting to require Mr. Warren to undertake last minute air travel, while simultaneously gathering documents and creating a privilege log, all within roughly 12 hours. For the same reasons, the subpoena also violated Rule 45(d)(3)(A)(i) by failing to allow a reasonable time to comply. It also directly sought the contents of Mr. Warren's conversations with his client, Mr. Sivasithambaresan, and so violated the rule against seeking "disclosure of privileged or other protected matter." Fed. R. Civ. Proc. 45(d)(3)(A)(iii). Your

AUSTIN   BEIJING   BOSTON   BRUSSELS   HONG KONG   LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC   WILMINGTON, DE

convertMe.docx

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Richard W. O'Neill
Juanita R Brooks
March 10, 2019
Page 2

willful violations of Rule 45 mandate quashing the subpoena and the imposition of sanctions. *Id.* 45(d)(1).

But the procedural improprieties here pale in comparison to your attempt to smear Mr. Warren with the suggestion that he has in any way interfered in the trial testimony of Mr. Sivasithambaresan. The suggestion is nonsense.

As you know, Mr. Warren has represented several third party witnesses in connection with the Apple/Qualcomm litigation, including Mr. Sivasithambaresan's employer, Google on a subpoena to YouTube. When Google learned on March 6 that its employee, Mr. Sivasithambaresan, would be testifying in the case and that he had somehow been represented by Apple's own counsel at WilmerHale, it arranged that day for Mr. Warren to provide Mr. Sivasithambaresan with independent counsel.

Mr. Warren reached out to Apple's counsel early on March 7. That morning, he told Richard O'Neill of WilmerHale that Mr. Sivasithambaresan was ready and willing to testify at trial, and simply asked that he be sent a trial subpoena to do so. This routine request was intended to protect Mr. Sivasithambaresan from any suggestion that he was playing favorites between the parties in the case. Mr. Warren requested a trial subpoena based solely on his judgment of his client's best interests and without ever talking to anyone connected to Qualcomm about the matter. At no point did Mr. Warren suggest that Mr. Sivasithambaresan would not testify.

Unknown to Mr. Warren at the time, and left unsaid by Mr. O'Neill during their phone call, was that Apple had already represented to the jury in its opening statement that Mr. Sivasithambaresan, supposedly motivated by his anger toward Qualcomm, would be voluntarily appearing in the case. Mr. Warren's otherwise-routine subpoena request threatened to undermine Apple's aggressive characterization of Mr. Sivasithambaresan's intent. Rather than tell Mr. Warren why Apple did not want to send a subpoena, and without any basis whatsoever, you had the audacity to characterize Mr. Warren's subpoena request as "witness tampering" in court later that day. To further that lie, you indulged in the charade of sending Mr. Warren a trial subpoena, perhaps in the expectation that it would cause him to withdraw as Mr. Sivasithambaresan's counsel.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Richard W. O'Neill
Juanita R Brooks
March 10, 2019
Page 3

    We again insist that you promptly recant any suggestion of impropriety by Mr. Warren, and issue an apology.  Should you refuse to do so, we will act to hold Apple and its counsel accountable for fabricating their witness-tampering theory and for their abuse of the discovery process.

Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

/s

David H. Kramer

## Grubbs, Deborah

**From:** Betty Chen <bchen@fr.com>
**Sent:** Sunday, March 10, 2019 1:26 PM
**To:** Kramer, David; Juanita Brooks; richard.o'neill@wilmerhale.com
**Subject:** Re: Apple's Trial Subpoena to Matt Warren

David,

We are in receipt of your letter. As an initial matter, can you please state whether you accept service of the subpoena to Mr. Warren? If not, we will continue to move forward with serving him through a process server as we had attempted to do on Thursday and Friday, but we wanted to provide you and your client with an opportunity to accept service.

Thanks,
Betty


From: Dave Kramer <dkramer@wsgr.com>
Date: Sunday, March 10, 2019 at 12:52 PM
To: Juanita Brooks <brooks@fr.com>, "bchen@fr.com" <bchen@fr.com>, "richard.o'neill@wilmerhale.com" <richard.o'neill@wilmerhale.com>
Subject: Apple's Trial Subpoena to Matt Warren

Please see the attached letter.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.


```
***************************************************************************************
************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***************************************************************************************
************************
```