FILED

MAR 15 2019

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

QUALCOMM, INC.,

     Plaintiff,

  v.

APPLE, INC.,

     Defendant.

No. 17CV1375-DMS

**JURY INSTRUCTIONS**

DATED:   3-12-19   _____

     DANA M. SABRAW
     UNITED STATES DISTRICT JUDGE

INSTRUCTION NO.____1____

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

INSTRUCTION NO. 2

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I have instructed you to accept as proved.

INSTRUCTION NO. _3_

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. __4__

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. _5_

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently.  You may consider

these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

INSTRUCTION NO. _6_

## EXPERT OPINION

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of those witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 7

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. __8__

## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

INSTRUCTION NO. _9_

### INFRINGEMENT – BURDEN OF PROOF

When a party has the burden of proving any claim by a preponderance of the evidence, here Qualcomm, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

INSTRUCTION NO. _10_

## INVALIDITY-BURDEN OF PROOF

When a party has the burden of proving any defense by clear and convincing evidence, here Apple, it means that party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

INSTRUCTION NO. ⎺⎺11⎺⎺

## SUMMARY OF CONTENTIONS

Qualcomm seeks money damages from Apple for allegedly infringing the asserted patents by making, importing, using, selling, and offering for sale products that Qualcomm argues are covered by claims 1 and 2 of U.S. Patent No. 8,838,949 ("the '949 patent"); claims 19 and 27 of U.S. Patent No. 8,633,936 ("the '936 patent"); claim 31 of U.S. Patent No. 9,535,490 ("the '490 patent");

The products that are alleged to infringe the '936 patent are the versions of the iPhone 8, iPhone 8 Plus, and iPhone X containing an Intel baseband chipset. The products that are alleged to infringe the '949 patent and the '490 patent are the versions of the iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, and iPhone X containing an Intel baseband chipset.

Apple denies that it has infringed the asserted claims of the asserted patents and argues that the asserted claims of the '949 patent are invalid. Your job is to decide whether Apple has infringed the asserted claims of the asserted patents and whether the asserted claims of the '949 patent are invalid. If you decide that any claim of the asserted patents has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Qualcomm to compensate it for the infringement.

INSTRUCTION NO. _12_

## THE ROLE OF THE CLAIMS OF A PATENT

Before you can decide many of the issues in this case, you will need to understand the role of patent "claims." The patent claims are the numbered sentences at the end of each patent. The claims are important because it is the words of the claims that define what a patent covers. The figures and text in the rest of the patent provide a description and/or examples of the invention and provide a context for the claims, but it is the claims that define the breadth of the patent's coverage. Each claim is effectively treated as if it were a separate patent, and each claim may cover more or less than another claim. Therefore, what a patent covers depends, in turn, on what each of its claims covers.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The law says that it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case. Therefore, as I explained to you at the start of the case, I have determined the meaning of the claims and I will provide to you my definitions of certain claim terms. You must accept my definitions of these words in the claims as being correct. It is your job to take these definitions and apply them to the issues that you are deciding, including the issues of infringement and validity.

INSTRUCTION NO. _13_

## HOW A CLAIM DEFINES WHAT IT COVERS

I will now explain how a claim defines what it covers.

A claim sets forth, in words, a set of requirements. Each claim sets forth its requirements in a single sentence. If a device or a method satisfies each of these requirements, then it is covered by the claim.

There can be several claims in a patent. Each claim may be narrower or broader than another claim by setting forth more or fewer requirements. The coverage of a patent is assessed claim-by-claim. In patent law, the requirements of a claim are often referred to as "claim elements" or "claim limitations." When a thing (such as a product or a process) meets all of the requirements of a claim, the claim is said to "cover" that thing, and that thing is said to "fall" within the scope of that claim. In other words, a claim covers a product or process where each of the claim elements or limitations is present in that product or process.

Sometimes the words in a patent claim are difficult to understand, and therefore it is difficult to understand what requirements these words impose. It is my job to explain to you the meaning of the words in the claims and the requirements these words impose.

By understanding the meaning of the words in a claim and by understanding that the words in a claim set forth the requirements that a product or process must

meet in order to be covered by that claim, you will be able to understand the scope of coverage for each claim. Once you understand what each claim covers, then you are prepared to decide the issues that you will be asked to decide, such as infringement and invalidity.

INSTRUCTION NO. 14

## CLAIM INTERPRETATION

I will now explain to you the meaning of some of the words of the claims in this case. In doing so, I will explain some of the requirements of the claims. As I have previously instructed you, you must accept my definition of these words in the claims as correct. For any words in the claim for which I have not provided you with a definition, you should apply their common meaning. You should not take my definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity. These issues are yours to decide.

In connection with the Asserted Claims of the '949 Patent, the term "image header" means "a header associated with the entire image that specifies where the data segments are to be placed in the system memory."

In connection with the Asserted Claims of the '936 Patent, the term "conversion instruction that . . . converts graphics data . . . from a first data precision to converted graphics data having a second data precision" means "an instruction that when executed converts, within the same data type, graphics data having one data precision to graphics data having a different data precision."

INSTRUCTION NO. 14.1

## DEFINITION OF "COMPRISING"

The preamble to claim 19 of the '936 patent uses the phrase "a device comprising." The preamble to claim 31 of the '490 patent uses the phrase "a mobile terminal comprising." The preamble to claim 1 of the '949 patent uses the phrase "a multi-processor system comprising." The word "comprising" means "including the following but not excluding others."

INSTRUCTION NO. 15

## INDEPENDENT AND DEPENDENT CLAIMS

This case involves two types of patent claims: independent claims and dependent claims.

An "independent claim" sets forth all of the requirements that must be met in order to be covered by that claim. Thus, it is not necessary to look at any other claim to determine what an independent claim covers. In this case, claim 1 of the '949 Patent, claim 19 of the '936 Patent, and claim 31 of the '490 Patent are each independent claims.

Claim 2 of the '949 patent and claim 27 of the '936 patent are "dependent claims." A dependent claim does not itself recite all of the requirements of the claim but refers to another claim for some of its requirements. In this way, the claim "depends" on another claim. A dependent claim incorporates all of the requirements of the claim(s) to which it refers. The dependent claim then adds its own additional requirements. To determine what a dependent claim covers, it is necessary to look at both the dependent claim and any other claim to which it refers. A product that meets all of the requirements of both the dependent claim and the claim to which it refers is covered by that dependent claim.

INSTRUCTION NO. 16

## INFRINGEMENT - GENERALLY

I will now instruct you as to the rules you must follow when deciding whether Qualcomm has proven that Apple infringed any of the claims of the asserted patents. Patent law gives the owner of a valid patent the right to exclude others from importing, making, using, offering to sell, or selling the claimed invention within the United States during the term of the patent.  Any person or business entity that has engaged in any of those acts without the patent owner's permission infringes the patent.

As explained further in the following Instructions, direct infringement results if the accused product is covered by at least one claim of the patent.

INSTRUCTION NO. _17_

### DIRECT INFRINGEMENT BY "LITERAL INFRINGEMENT"

There are two types of "direct infringement": (1) "literal infringement" and (2) "infringement under the doctrine of equivalents." In order to prove direct infringement by literal infringement, Qualcomm must prove by a preponderance of the evidence, i.e., that it is more likely than not, that Apple made, used, sold, offered for sale within, or imported into the United States a product that meets all of the requirements of a claim and did so without the permission of Qualcomm during the time the asserted patents were in force. You must compare the product with each and every one of the requirements of a claim to determine whether all of the requirements of that claim are met.

You must determine, separately for each asserted claim, whether or not there is infringement. There is one exception to this rule. If you find that a claim on which other claims depend is not infringed, there cannot be infringement of any dependent claim that refers directly or indirectly to that independent claim. On the other hand, if you find that an independent claim has been infringed, you must still decide, separately, whether the product meets additional requirements of any claims that depend from the independent claim, thus, whether those claims have also been infringed. A dependent claim includes all the requirements of any of the claims to which it refers plus additional requirements of its own.

INSTRUCTION NO. 18

## DIRECT INFRINGEMENT –
## INFRINGEMENT UNDER DOCTRINE OF EQUIVALENTS

As to claim 31 of the '490 patent, if you decide that Apple's product do not literally infringe an asserted patent claim, you must then decide whether it is more probable than not that Apple's products infringe the asserted claim under what is called the "doctrine of equivalents." Under the doctrine of equivalents, the product can infringe an asserted patent claim if it includes components that are equivalent to those elements of the claim that are not literally present in the product. If the product is missing an equivalent component to even one component of the asserted patent claim, the product cannot infringe the claim under the doctrine of equivalents. Thus, in making your decision under the doctrine of equivalents, you must look at each individual element of the asserted patent claim and decide whether the product has an equivalent component to each individual claim element that is not literally present in the product.

An equivalent of an element is a component that is insubstantially different from the claimed element. One way of showing that an element is insubstantially different is to show that it performs substantially the same function, in substantially the same way, to achieve substantially the same result as would be achieved by the element that is not literally present in the accused product.

In deciding whether any difference between a claim requirement and the product is not substantial, you may consider whether, at the time of the alleged infringement, persons of ordinary skill in the field would have known of the interchangeability of the component with the claimed requirement.  However, known interchangeability between the claim requirement and the component of the product is not necessary to find infringement under the doctrine of equivalents.

Further, one single component of the accused product may satisfy more than one element of a claim, and two or more components together may satisfy one element of a claim.

INSTRUCTION NO. 19

## INVALIDITY

I will now instruct you on the rules you must follow in deciding whether or not

Apple has proven that claims 1 and 2 of the '949 patent are invalid.

INSTRUCTION NO. 20

## INVENTORSHIP

In this case, Apple contends that the '949 patent is invalid because of improper inventorship. A patent is invalid if it fails to meet the requirement that all of the actual inventors, and only the actual inventors, be named as inventors in the patent. This is known as the "inventorship" requirement.

To be an inventor, one must make a significant contribution to the conception of at least one or more of the claims of the patent. Whether the contribution is significant is measured against the scope of the full invention.

If someone only explains to the actual inventors well-known concepts or the current state of the art, he or she is not an inventor. Merely helping with experimentation, by carrying out the inventor's instructions, also does not make someone an inventor. What is required is some significant contribution to the idea claimed.

Persons may be inventors even if they do not make the same type or amount of contribution, and even if they do not contribute to the subject matter of each claim of the patent. Persons may be joint or co-inventors even though they do not physically work together, but they must have some open line of communication during or at approximately the time of their inventive effort.

INSTRUCTION NO. _21_

## DAMAGES - INTRODUCTION

I will now instruct you about the measure of damages.  By instructing you on damages, I am not suggesting which party should win this case, on any issue.  If you find that any of the asserted claims of the '936 patent or '490 patent are infringed, or that any of the asserted claims of the '949 patent are infringed and not invalid, you must then determine the amount of money damages to be awarded to Qualcomm to compensate it for that infringement.

The damages you award must be adequate to compensate Qualcomm for the infringement.  They are not meant to punish an infringer.  If you find infringement, Qualcomm is entitled to recover no less than a reasonable royalty for each infringing sale.

Qualcomm has the burden to establish the amount of its damages by a preponderance of the evidence.  In other words, you should award only those damages that Qualcomm more likely than not suffered.  While Qualcomm is not required to prove the amount of its damages with mathematical precision, it must prove them with reasonable certainty.  You may not award damages that are speculative, damages that are only possible, or damages that are based on guesswork.

In this case, Qualcomm seeks a reasonable royalty.  A reasonable royalty is defined as the money amount Qualcomm and Apple would have agreed upon as a fee for use of the invention at the time prior to when infringement began.

INSTRUCTION NO. 22

## REASONABLE ROYALTY - DEFINITION

A royalty is a payment made to a patent holder in exchange for the right to make, use, or sell the claimed invention. A reasonable royalty is the amount of royalty payment that a patent holder and the alleged infringer would have agreed to in a hypothetical negotiation taking place at a time prior to when the infringement first began. In considering this hypothetical negotiation, you should focus on what the expectations of the patent holder and the alleged infringer would have been had they entered into an agreement at that time, and had they acted reasonably in their negotiations.  In determining this, you must assume that both parties believed the patent was valid and infringed and that both parties were willing to enter into an agreement. Evidence of things that happened after the infringement first began can be considered in evaluating the reasonable royalty only to the extent that the evidence aids in assessing what royalty would have resulted from a hypothetical negotiation.

INSTRUCTION NO. 23

### REASONABLE ROYALTY – RELEVANT FACTORS IF USING THE HYPOTHETICAL NEGOTIATION METHOD

In determining the amount of a reasonable royalty, you may consider evidence on any of the following factors, in addition to any other evidence presented by the parties on the economic value of the patent:

1.      The commercial relationship between the licensor and the licensee, such as whether or not they are competitors in the same territory in the same line of business.

2.      The utility and advantages of the patented invention over the old modes or devices, if any, that had been used for achieving similar results.

3.      The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by or for the licensor; and the benefits to those who have used the invention.

4.      The extent to which Apple has made use of the invention; and any evidence that shows the value of that use.

5.      The opinion testimony of qualified experts.

6.      The amount that a licensor and a licensee (such as Apple) would have agreed upon (at the time the infringement began) if both sides had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent

licensee—who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patented invention— would have been willing to pay as a royalty and yet be able to make a reasonable profit and which amount would have been acceptable by a patentee who was willing to grant a license.

7.   Any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.

INSTRUCTION NO. 24

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 25

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the law clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

INSTRUCTION NO. 26

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous

agreement on a verdict, your foreperson should complete the verdict form according

to your deliberations, sign and date it, and advise the clerk that you are ready to return

to the courtroom.