| | |
|---|---|
| David A. Nelson (*pro hac vice*) (Ill. Bar No. 6209623) davenelson@quinnemanuel.com **QUINN EMANUEL URQUHART & SULLIVAN, LLP** 500 West Madison St., Suite 2450 Chicago, Illinois 60661 Telephone: (312) 705-7400 Facsimile: (312) 705-7401 | Karen P. Hewitt (SBN 145309) kphewitt@jonesday.com Randall E. Kay (SBN 149369) rekay@jonesday.com **JONES DAY** 4655 Executive Drive, Suite 1500 San Diego, California 92121 Telephone: (858) 314-1200 Facsimile: (844) 345-3178 |
| Scott L. Watson (SBN 219147) scottwatson@quinnemanuel.com **QUINN EMANUEL URQUHART & SULLIVAN, LLP** 865 South Figueroa Street, 10th Floor Los Angeles, CA 90017 Telephone: (213) 443-3000 Facsimile: (213) 443-3100 | *[Additional counsel identified on signature page]* *Attorneys for Plaintiff and Counterclaim Defendants* QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUALCOMM INCORPORATED,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:17-cv-1375-DMS-MDD<br><br>**QUALCOMM INCORPORATED'S REQUEST FOR ENTRY OF JUDGMENT AND RESPONSE TO DKT 722 (REQUESTING SUPPLEMENTAL BRIEFING).**<br><br>Trial Date: March 4, 2019<br><br>Judge: Hon. Dana M. Sabraw |

Qualcomm Incorporated ("Qualcomm") hereby requests immediate entry of judgment on the non-severed claims, counterclaims, and defenses in the above-entitled action.

## I. BACKGROUND

### A. The Claims And Counterclaims On Qualcomm's Patents Were Severed For All Purposes From The Claims And Counterclaims On Apple's Patents

Qualcomm initiated this action on July 6, 2017, and filed an amended Complaint on August 25, 2017, to assert infringement by Apple of U.S. Patent Nos. 8,633,936 (the "'936 Patent"), 8,698,558 (the "'558 Patent"), 8,838,949 (the "'949 Patent"), 9,535,490 (the "'490 Patent"), 9,608,675 (the "'675 Patent").  (Dkt. 1, 14.)  Thereafter, on September 26, 2017, Apple filed its Answer and Counterclaims, which asserted defenses and counterclaims for declaratory judgment of non-infringement and invalidity of each asserted patent.  (Dkt. 25)  Apple also included counterclaims for a declaration of unenforceability of the '558 Patent.  (*Id.*)

Two months later (and six months after the case was first filed), Apple filed an amended answer and counterclaims asserting eight new affirmative counts of patent infringement.  (*See, e.g.*, Dkt. 110-1 at 5-6.)  This Court found that Apple's late-added counterclaims for infringement did not arise from a common nucleus of operative facts or present common issues of fact and law as the Qualcomm claims.  (Dkt. 149.)  Based on its findings, on March 2, 2018, the Court severed Apple's infringement counterclaims and on March 8, 2018, the Court entered a separate Case Management Order governing the severed claims.  (Dkt. 153.)  Since that time, Apple's counterclaims for infringement have been litigated independently from the Qualcomm claims, on a different schedule, and with the expectation that they will be tried separately.

Apple further updated its Answer and Counterclaims on May 17, 2018 to add a defense of unenforceability based on inequitable conduct, a counterclaim for

declaration of unenforceability, and a counterclaim for correction of inventorship relating to the '949 Patent. (Dkt. 187.) Each of new claims and defenses arose from the same factual allegation that the inventors of the '949 Patent allegedly failed to identify a former Apple employee, Arjuna Siva, as a named co-inventor of the patent. These defenses were rejected entirely by the jury. (Dkt. 691.)

### B. All Of The Claims, Defenses, And Counterclaims On Qualcomm's Patents Have Been Adjudicated

Qualcomm's infringement claims and all of Apple's remaining defenses and related counterclaims to Qualcomm's claims were set for trial on March 4, 2019. Prior to trial, the parties stipulated to dismissal of Qualcomm's claims related to the '675 Patent and Apple's related defenses and counterclaims. (Dkt. 346.) The Court also disposed of the claims, counterclaims, and defenses relating to the '558 Patent by granting summary judgment of non-infringement.[1] (Dkt. 580.) The parties preserved and advanced their remaining claims, defenses, and counterclaims as to the '936, '490, and '949 Patents in their Memorandum of Contentions, Proposed Pretrial Order, Amended Proposed Pretrial Order, Trial Briefs and Proposed Jury Instructions. (Dkt Nos. 521, 526, 553, 608, 634, 637, 638.) However, midway through trial, Apple announced that it had elected not to pursue any art-based invalidity defenses. Apple did not move to amend its pleadings or otherwise seek leave to have those claims dismissed without prejudice. As such, Apple waived its invalidity defenses (except as to inventorship of the '949 Patent), entitling Qualcomm to judgment. (*See* Dkt. 685-1.)

---

[1] As set forth in Qualcomm's Objections to Apple's Proposed Judgment (Dkt. 721), Apple has requested entry of judgment as to the claims and defenses relating to the '558 Patent. Qualcomm does not object to entry of judgment as to Count 2 of its Complaint as well as Apple's related defenses and Counts III and IV of its counterclaims (relating to the '558 Patent).

On March 15, 2019, the jury returned a verdict finding that Apple infringed the asserted claims of the '936, '490, and '949 Patents and awarding Qualcomm $31.6 million in past damages.  (Dkt. 691.)  The jury also expressly found that Apple had failed to prove "by clear and convincing evidence that the '949 Patent . . . fail[s] to meet the requirement to name all actual inventors."  (*Id.*)  The parties submitted competing, proposed judgments on March 19 and 21.  (Dkt. 716, 718.)

The only claims left to be tried are Apple's severed counterclaims for infringement of Apple patents (and Qualcomm's related declaratory judgment counterclaims).  That separate set of claims is scheduled to be tried before this Court starting on July 15, 2019.

## II.  ARGUMENT

### A.  Judgment Should Be Entered On The Qualcomm Patent Claims Under Rule 54(a)

Judgment should be entered in accordance with Qualcomm's proposed judgment (Dkt. 716).[2]  The jury verdict is dispositive on all non-severed claims, counterclaims, and defenses (collectively "Qualcomm Patent Claims").  There are no further issues to be tried or decided on these claims other than post-judgment remedies including costs, fees, ongoing royalties, etc.  Thus, partial judgment under Rule 54(b) is not necessary.  For example, in *Multimedia Patent Trust v. Apple Inc.*, Case No. 10-cv-2618-H, 2013 WL 12094820 (S.D. Cal. Feb. 6, 2013), the Court found "no need to enter a Rule 54(b) judgment with respect to" all claims presented to the jury or waived at trial, and thus entered a complete final judgment even while "sever[ing]" other potential infringement claims.  *Id.* at *2 & n.3.  Here, as in *Multimedia Trust*, final judgment will "terminate the litigation between the parties

---

[2]  Qualcomm does not oppose entry of judgment as to the '558 claims, defenses, and counterclaims.  *See* Dkt. 721; *see also* Fn. 1 *supra*.

-3-

on the merits of the case and leave nothing to be done but to enforce by execution what has been determined," making it appropriate. *Id*. at *2.

### B. If The Court Deems Any Judgment To Be Partial, There Is No Just Reason To Delay Entry Of Judgment

Even if the Court determines that Federal Rule of Civil Procedure 54(b) applies,[3] this Court should direct entry of final judgment as to the Qualcomm Patent Claims because there is no just reason for delay. *23AndMe, Inc. v. Ancenstry.com DNA, LLC*, No. 18-cv-2791, 2018 WL 5793473, at * 2 (N.D. Cal. Nov. 2, 2018). It is undisputed that the Qualcomm Patent Claims have been finally adjudicated – whether by dismissal, waiver, or final jury verdict. Indeed both parties have proposed entry of judgment and submitted competing forms for that purpose to this Court. All that remains to be tried are Apple's *severed* counterclaims for patent infringement and Qualcomm's related defenses and counterclaims ("Apple Patent Claims"), which the Court ordered would not be tried together with the Qualcomm Patent Claims precisely because they present different issues based on different operative facts. (Dkt. 153.) The products-at-issue, patents-in-suit, claimed technologies, defenses, and damages theories are all distinct – indeed, there is very little overlap in the witnesses or relevant evidence between the cases.

In light of the discrete facts and issues presented, immediate judgment is appropriate. The Supreme Court has held that if "the nature of the claims are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals" then entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) is in the interests of justice. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). That is the case here. The infringement and invalidity contentions across the two severed groups of patents are distinct and raise

---

[3] While this Court severed Apple Offensive Claims, it did so without assigning a separate case number to the severed claims.

no risk of duplicative judicial review or concern that "review of the adjudicated claims would not be mooted by any future developments." *Morrison-Knudsen Co, Inc. v. Archer*, 655 F2d 962, 965 (9th Cir. 1981) (quoting *Curtiss-Wright*, 446 U.S. at 5-6). The Qualcomm Patent Claims are ripe for any further review, and there is no just cause to delay that process on the basis that an entirely separate set of claims, related only by the identity of the parties, has yet to reach a trial that will shed no further light on the adjudicated claims here. *See Wood v. GCC Bend LLC*, 422 F.3d 873, 880 (9th Cir. 2005) ("[O]ur court has previously embraced a 'more pragmatic approach focusing on severability and efficient judicial administration'" to the application of Rule 54(b).) (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987)).

The paramount consideration of a "just, speedy, and inexpensive determination of each action" favors immediate entry of judgment on the Qualcomm Patent Claims in order to afford Qualcomm prompt relief for its ongoing injuries caused by Apple's unmitigated infringement of the asserted patents as well as to give Qualcomm a right to appeal the rulings against the '558 Patent. *See, e.g.*, *23andMe*, 2018 WL 5793473, at *2 (finding that delay in entry of judgment would impose unnecessary hardship by preventing prompt appeal of invalidity determination). As there is no judicial inefficiency imposed by immediate entry of judgment, the calculus imposed by Federal Rule of Civil Procedure 54(b) weighs decisively in favor of entry of judgment.

### III. CONCLUSION

For the foregoing reasons, Qualcomm respectfully requests that the Court immediately enter its proposed judgment following the jury's verdict (Dkt. 718).

DATED: April 3, 2019

Respectfully Submitted,

By */s/ Michelle Ann Clark*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
David A. Nelson (*pro hac vice*)
(Ill. Bar No. 6209623)
davenelson@quinnemanuel.com
Nathan A. Hamstra (*pro hac vice*)
(Ill. Bar No. 6286325)
nathanhamstra@quinnemanuel.com
500 West Madison St., Suite 2450
Chicago, Illinois 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Scott L. Watson (SBN 219147)
scottwatson@quinnemanuel.com
Valerie A. Lozano (SBN 260020)
valerielozano@quinnemanuel.com
Patrick T. Schmidt (SBN 274777)
patrickschmidt@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Richard W. Erwine (*pro hac vice*)
(N.Y. Bar No. 2753929)
richarderwine@quinnemanuel.com
Alexander Rudis (*pro hac vice*)
(N.Y. Bar No. 4232591)
alexanderrudis@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Michelle A. Clark (SBN 243777)
michelleclark@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JONES DAY
Karen P. Hewitt (SBN 145309)
kphewitt@jonesday.com
Randall E. Kay (SBN 149369)
rekay@jonesday.com
John D. Kinton (SBN 203250)
jkinton@jonesday.com
Kelly V. O'Donnell (SBN 257266)
kodonnell@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1200
Facsimile: (858) 345-3178

*Attorneys for Plaintiff and Counterclaim Defendants QUALCOMM INCORPORATED and QUALCOMM TECHNOLOGIES. INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 3, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Executed on April 3, 2019 at San Francisco, California.

*/s/ Michelle Ann Clark*
Michelle Ann Clark